IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILIP PETRONE
1709 Monmouth Parkway
Middletown NJ 07748

    Plaintiff,

v.

WERNER ENTERPRISES, INC.
d/b/a WERNER TRUCKING
14507 Frontier Rd
PO Box 45308
Omaha NE 68145

  and

DRIVERS MANAGEMENT, LLC
14507 Frontier Rd
PO Box 45308
Omaha NE 68145

    Defendants.

CIVIL ACTION NO:

COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND

## COLLECTIVE ACTION COMPLAINT

Plaintiff Philip Petrone ("Plaintiff"), on behalf of himself and those similarly situated ("Collective Action Plaintiffs"), by and through his undersigned counsel, hereby complains as follows against Defendant Werner Enterprises, Inc. d/b/a Werner Trucking, and Defendant Drivers Management, LLC (collectively, "Defendants").

### INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Defendants intentionally failed to compensate Plaintiff and those similarly situated for wages earned while in the employ of Defendants. As a result of Defendants' unlawful actions, Plaintiff and those similarly situated suffered harm.

1

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 29 U.S.C. § 201 *et seq.*

3. This Court may properly maintains personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth in the caption.

7. Defendant Werner Enterprises, Inc. d/b/a Werner Trucking (hereinafter "Defendant Werner") is a Nebraska Corporation engaged in the hauling and delivery of freight across the United States.

8. Defendant Drivers Management, LLC (hereinafter "Defendant Drivers Management") is, upon information and belief, a subsidiary corporation of Defendant Werner that specializes in operating Defendant Werner's "Student Driver Program."

9. Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial

controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

11. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

12. Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants.

13. Specifically, Plaintiff seeks to represent a class of all Plaintiffs who worked or work at Defendants' training facilities located nationwide and who are/were subject to Defendants' unlawful pay practices and policies at any point preceding the date the instant action was initiated (this members of this putative class will be referred to as "Collective Action Plaintiffs").

14. Plaintiff's claims are typical of the claims of the putative class members, because Plaintiff, like all Collective Action Plaintiffs, was an employee of Defendants whom Defendants failed to pay proper wages as required by the FLSA.

15. Plaintiff will fairly and adequately protect the interests of the putative class because Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

16. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

34. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records. Plaintiff does not know the exact size of the potential class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated in the hundreds or thousands.

17. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class is whether Defendants improperly failed to pay Collective Action Plaintiffs minimum wage for the time they worked during Defendants' orientation program.

18. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

19. The foregoing paragraphs are incorporated herein as if set forth in full

20. Upon information and belief, Defendants have maintained an unlawful pay system for at least the last three years.

21. Plaintiff and Collective Action Plaintiffs were subjected to the unlawful pay system of Defendants.

22. In or about early July, 2011, Plaintiff contacted Defendants to inquire about obtaining a trucking position with Defendants.

23. Plaintiff was instructed to enroll in a six to eight week orientation program titled the "Student Driver Program," and informed he would be provided with a full time position upon completion of the orientation program.

24. Plaintiff and Collective Action Plaintiffs are/were required to attend trucking school and obtain a valid Commercial Drivers' License prior to enrollment in Defendants' orientation program.

25. On or about July 18, 2011, Plaintiff enrolled in Defendants' orientation program located in Allentown, PA.

26. Upon information and belief, Defendants operate the "Student Driver Program" in locations nationwide.

27. For the first three days of the orientation program, Plaintiff and Collective Action Plaintiffs participate(d) in a computer training session and physical aptitude testing.

28. During the initial three days of the orientation program, Plaintiff and Collective Action Plaintiffs are/were provided with lodging accommodations, and breakfast and lunch only. Such facilities were furnished for Defendants' benefit as providing same permits Defendants to train Plaintiff and Collective Action Plaintiffs in one facility covering a large geographical area.

29. The value of any meals and lodging provided to Plaintiff and Collective Action Plaintiffs is/was not considered an offset to wages due to them.

30. Upon information and belief, Defendants receive(d) kickbacks for the meals and lodging provided to Plaintiff and Collective Action Plaintiffs in the form of reduced rate(s) for Defendants' own employees, among other kickbacks.

31. Upon completion of the computer training session, Plaintiff and Collective Action Plaintiffs participate(d) in the "driver training portion" of the orientation program.

32. During the driver training portion of the orientation program, Plaintiff and Collective Action Plaintiffs are/were assigned to drive Defendants' trucks to haul and deliver freight to Defendants' customers under the supervision of a "trainer."

33. All routes driven and deliveries made were solely for the benefit of Defendants.

34. Plaintiff and Collective Action Plaintiffs are/were required to work for Defendants an average of 70 hours per week.

35. Plaintiff and Collective Action Plaintiffs are/were informed that after approximately 6-8 weeks of participation in the driver training program, they would be provided with a full time trucking position with Defendants.

36. Pursuant to the rules of the Interstate Commerce Commission ("ICC"), Plaintiff and Collective Action Plaintiffs are/were required to break from driving from 12 a.m. to 6 a.m. each day.

37. During the daily breaks, Defendants do/did not provide lodging accommodations to Plaintiff or Collective Action Plaintiffs.

38. Pursuant to ICC rules, Plaintiff and Collective Action Plaintiffs are/were required to take a 36-hour break from driving after accruing 70 driving hours within a one week period.

39. During the 36 hour break, Defendants provide(d) Plaintiff and Collective Action Plaintiffs with lodging accommodations if they are/were away from their home while on the business of Defendants.

6

40. The lodging was thus provided for the benefit of Defendants as providing the lodging to Plaintiff and Class Action Plaintiffs is/was required for Plaintiff and Class Action Plaintiffs to work their shifts for Defendants.

41. Plaintiff's and Class Action Plaintiffs' acceptance of the lodging is/was involuntary and coerced.

42. The value of any lodging provided to Plaintiff and Collective Action Plaintiffs is/was not considered an offset to wages due to them.

43. Upon information and belief, Defendants receive(d) kickbacks for lodging provided to Plaintiff and Collective Action Plaintiffs.

44. Defendants do/did not provide Plaintiff and Collective Action Plaintiffs any meals throughout the driver training portion of the orientation program.

45. Plaintiff and Collective Action Plaintiffs were provided $25 per day in compensation during the computer training/physical testing portion of the orientation program and $350 per week in compensation during the driver training portion of the orientation program.

46. Defendants are/were aware that Plaintiff and Collective Action Plaintiffs are/were "employees" within the meaning of the FLSA and nonetheless made the decision not to pay Plaintiff and Collective Action Plaintiffs all wages due to them.

47. As a result of Defendants' violations, Plaintiff and Collective Action Plaintiffs suffered harm.

### COUNT I
### Violations of the Fair Labor Standards Act
### (Plaintiff and Collective Action Plaintiffs)
### (Minimum Wage)

35. The foregoing paragraphs are incorporated herein as if set forth in full

36. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

37. At all times relevant herein, Plaintiff and Collective Action Plaintiffs are/were an "employee" within the meaning of the FLSA.

38. The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Plaintiffs and Collective Action Plaintiffs, at the federal minimum wage rate for each hour worked.

39. Defendants failed to pay Plaintiffs and Collective Action Plaintiffs the federal minimum wage for hours they worked.

40. As a result of Defendants' failure to compensate Plaintiffs and Collective Action Plaintiffs at the federal minimum wage rate, Defendants have violated and continue to violate the FLSA.

**WHEREFORE**, Plaintiff and Collective Action Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of state wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Plaintiff and Collective Action Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions and/or breach of contractual obligations, including but not limited to past lost earnings.

(3) Plaintiff and Collective Action Plaintiffs are to be awarded liquidated damages as applicable under the laws they are suing under in an amount equal to the actual damages in this case;

(4) Plaintiff and Collective Action Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law; and,

(5) Plaintiff and Collective Action Plaintiffs are to be awarded all of relief as the Court deems appropriate and just.

Respectfully Submitted,<br>
SWARTZ SWIDLER, LLC<br>
<br>
Justin L. Swidler, Esq.<br>
Richard S. Swartz, Esq.<br>
Manali Arora, Esq.<br>
1878 Marlton Pike East, Suite 10<br>
Cherry Hill, NJ 08003<br>
856-685-7420<br>
Attorneys for Plaintiffs

Dated: September 12, 2011

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Philip Petrone

**DEFENDANTS**
Werner Enterprises, Inc. d/b/a Werner Trucking

(b) County of Residence of First Listed Plaintiff: **Monmouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Thurston**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Swartz Swidler LLC, 1878 Marlton Pike East, Suite 10, Cherry Hill, NJ 08003 (856) 685-7420

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 201 et seq.
Brief description of cause:
Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 09/12/2011
SIGNATURE OF ATTORNEY OF RECORD: s/ Justin L. Swidler

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| Moses Richardson | ) | |
| _Plaintiff_ | ) ) | |
| v. | ) | Civil Action No. |
| Werner Enterprises, Inc. d/b/a Werner Trucking, et al. | ) ) | |
| _Defendant_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Werner Enterprises, Inc.
　　　　　　　　　　　　　　　　　　d/b/a Werner Trucking
　　　　　　　　　　　　　　　　　　14507 Frontier Road
　　　　　　　　　　　　　　　　　　PO Box 45308
　　　　　　　　　　　　　　　　　　Omaha, NE 68145

　　　　A lawsuit has been filed against you.

　　　　Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: 　Swartz Swidler, LLC
　　　　　　　　　　　　　　　　　　1878 Marlton Pike East, Suite 10
　　　　　　　　　　　　　　　　　　Cherry Hill, NJ 08003

　　　　If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_Michael E. Kunz_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　_Clerk of Court_

Date: _____　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| Moses Richardson | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Werner Enterprises, Inc. d/b/a Werner Trucking, et al. | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Drivers Management, Inc.
14507 Frontier Road
PO Box 45308
Omaha, NE 68145

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Swartz Swidler, LLC
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Philip Petrone                        :         CIVIL ACTION
            v.                        :
Werner Enterprises, Inc.              :
d/b/a Werner Trucking, et al.         :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)

9/12/11                Justin L. Swidler            Plaintiff
Date                   Attorney-at-law             Attorney for

(856)685-7400          (856)685-7417              jswidler@swartz-legal.com
Telephone              FAX Number                 E-Mail Address


(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)    Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)    Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1709 Monmouth Parkway, Middletown, NJ 07748

Address of Defendant: 14507 Frontier Rd., P.O. Box 45308, Omaha NE 681

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Justin L. Swidler, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 9/12/11        Justin L. Swidler        205954
                     Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/12/11        Justin L. Swidler        205954
                     Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)