IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE,                )
1709 Monmouth Parkway           )
Middleton, NJ 07748             )
                                )
          Plaintiff,            )           8:11CV401
                                )
     v.                         )
                                )
WERNER ENTERPRISES, INC.,       )           MEMORANDUM AND ORDER
d/b/a WERNER TRUCKING,          )
14507 Frontier Road             )
P.O. Box 45308                  )
Omaha, NE 68145                 )
                                )
      and                       )
                                )
DRIVERS MANAGEMENT, LLC         )
14507 Frontier Road             )
P.O. Box 45308                  )
Omaha, NE 68145                 )
                                )
          Defendants.           )
_____)
```

This matter is before the Court on plaintiff's motion to compel discovery prior to the Court's ruling on class certification (Filing No. 48). Defendants filed a brief opposing the motion with index of evidence (Filing Nos. 50 and 51). Also before the Court is defendants' unopposed motion for extension of time to file a motion in response to plaintiff's motion for conditional certification (Filing No. 58). After review of the motions, briefs, evidence, and relevant law, the Court will grant in part plaintiff's motion to compel discovery and will grant defendants' unopposed motion for extension of time.

In his complaint, plaintiff Petrone alleges that he is a member of a putative class of driver trainees employed by defendants. Plaintiff maintains that defendants effectively paid him less than the minimum wage required by the Fair Labor Standards Act, 29 U.S.C. § 206. In his motion to compel, plaintiff requests that "Defendant provide documents establishing the driving, time, and payroll records for a small sample of ten similarly situated driver trainees in order to substantiate the application of a common policy and practice of non-payment across different job sites" (Filing No. 48, at 2). Plaintiff also requests similar information regarding three ostensible opt-in plaintiffs (*Id.* at 3).

Plaintiff claims that this request is not unduly burdensome to defendants and may be necessary for plaintiff's required showing for class certification (*Id.* at 4). In addition, plaintiff claims that "Defendants' policy or practice of payment or non-payment for compensable work of other, similarly situated, employees, is relevant to determining whether Defendants' failure to pay Plaintiff for all time worked was willful and intentional" (*Id.* at 3).

Defendants object to plaintiff's request, characterizing it as a "fishing expedition" (Filing No. 50, at 16). Defendants cite *Ingersoll v. Farmland Foods, Inc.*, 10-6046-CV-SJ-FJG, 2011 WL 1131129 (W.D. Mo. Mar. 28, 2011) for

-2-

the contention that discovery before class certification must be limited.  In that case, plaintiffs had asked for extensive information, including names, addresses, number of hours worked, and amount paid during a three year time span to each putative class member.  *Ingersoll*, 2011 WL 1131129, at *10.  In *Ingersoll*, the court stated,

> Defendant responds that this request is not limited to documents relevant to class certification; instead, this discovery is as though a class had already been certified.  In particular, defendant indicates that plaintiffs are seeking information as to individuals that are not named plaintiffs (whereas, the case law generally provides that prior to certification, plaintiffs are entitled to only limited information, such as the names and addresses of employees at the facility, not the "number of hours worked" or "amount of remuneration paid").

*Id.*  Therefore, the *Ingersoll* court granted the plaintiffs' motion to compel only in part, requiring defendant to provide names and addresses, but no further information.  Defendants also cite *Morden v. T-Mobile USA, Inc.*, C05-2112 RSM, 2006 WL 1727987 (W.D. Wash. June 22, 2006) for the proposition that "[f]ederal courts have recognized that while some limited discovery is necessary to assist plaintiffs in defining a proposed class, plaintiffs will not be given free reign for discovery on all

aspects of the merits of the claims." *Morden*, 2006 WL 1727987, at *4.

Here, the Court agrees that plaintiff's request for driving, time, and payroll records of ten similarly situated drivers is overly broad and beyond the scope of the limited discovery allowed prior to the Court's determination of class certification.  While plaintiff claims that the sought-after information is relevant to his allegation of willfulness, the Court notes that discovery at this time is limited to class certification (Filing No. 38, at 9).  However, the Court finds that plaintiff's request for information as to the three opt-in plaintiffs is reasonable and should be granted.  Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to compel (Filing No. 48) is granted in part.  On or before July 31, 2012, defendants will provide to plaintiff the requested driving, time, and payroll records for the three opt-in plaintiffs;

2) Defendants' unopposed motion for extension of time (Filing No. 58) is granted.  Defendants shall have until August 14, 2012, to respond to plaintiff's motion for conditional certification; and

3) Plaintiff shall have until August 28, 2012, to file a reply.  If the Court deems it necessary, a hearing on class action status will be scheduled.

DATED this 10th day of July, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court