```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEBRASKA

PHILLIP PETRONE,                  )
                                  )
              Plaintiff,          )        8:11CV401
                                  )
       v.                         )
                                  )
WERNER ENTERPRISES, INC.,         )
d/b/a WERNER TRUCKING, and        )
DRIVERS MANAGEMENT, LLC           )
                                  )
              Defendants.         )
_____    )
PHILLIP PETRONE,                  )
                                  )
              Plaintiff,          )        8:12CV307
                                  )
       v.                         )
                                  )
WERNER ENTERPRISES, INC.,         )        MEMORANDUM AND ORDER
d/b/a WERNER TRUCKING, and        )
DRIVERS MANAGEMENT, LLC           )
                                  )
              Defendants.         )
_____    )
```

This matter is before the Court on plaintiffs' motion for conditional certification of this case as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Filing No. 52), plaintiffs' motion for leave to amend their complaint (Filing No. 67); and the Court's order to show cause why this case should not be consolidated with case number 8:12CV307 (Filing No. 72). Because of the overlapping nature of the issues, the Court finds it necessary to address all three simultaneously.

I. Consolidation

The facts in the present case are almost, if not precisely, identical to the facts of the later filed case. Judicial economy weighs heavily in favor of consolidation. Though the present case has had some discovery and substantial briefing, the issues have been limited to conditional certification -- a procedural hurdle in FLSA jurisprudence that is not required for Nebraska's state hour and wage law. Regardless, if conditional certification were pursued for the state law claim, the similarity in the underlying facts and allegations would make further discovery on the issue unnecessary.  The Court recognizes that the expanded factual pleadings in the later filed case complicate this assessment, but the Court's order regarding the pending motion to amend makes this point moot.

II. Leave to Amend the Complaint

Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[t]here is no absolute right to amend." *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999).  "A denial of leave to amend may be justified by 'undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party.'"  *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quoting *United States ex rel. Joshi v. St. Luke's Hosp.,*

*Inc.*, 441 F.3d 552, 557 (8th Cir. 2006). "The burden of proof of prejudice is on the party opposing the amendment." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001). On the other hand, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

     There are no indications of undue delay or bad faith in pursuing discovery at a diligent pace. No deadline has been set by this Court for amended complaints or discovery. While it is true that the Court's deadline for a motion on conditional certification implies that discovery related to that motion will be completed by that date, plaintiffs assert that no further discovery will be necessary to support its motion for conditional certification. Thus, there is no prejudice to the defendant in allowing an amendment to the pleading that relies on the same basic underlying facts as the original allegations. Following this order, both sides will have the opportunity to pursue additional discovery regarding both the issue of class certification and the underlying merits of the case.

III. Conditional Certification

     Plaintiffs allege that defendant's policies regarding its training program systematically under compensate newly hired drivers that participate in that program in violation of the

-3-

FLSA.  Further, plaintiffs allege that they were under-compensated due to those policies and all participants in the training program were similarly under-compensated.  Defendant argues that, considering the clarity of its written policies, plaintiff's evidence is insufficient to establish a company wide policy or practice that would indicate additional similarly situated plaintiffs.  Defendants further aver that any underpayment to plaintiffs was due to plaintiffs' failure to follow written company policy when recording their time.

### A. Factual Background

Defendants operate a six to eight week Student Driver Program as part of the training and orientation for new drivers.  Part of the training consists of driving a scheduled route with a trainer during which the trainee assists in the driving, fueling, maintenance, and communications with defendant.  Defendants compensate trainees with the higher of $50 per day or $7.25 per "on-duty" hour.  Plaintiffs contend that defendants inappropriately designate significant amounts of legally compensable time as "off-duty" leading to under-compensation in violation of the FLSA.  Specifically, plaintiffs complain of three separate types of violations:  (1) a practice of failing to compensate drivers for breaks of less than 20 minutes; (2) a practice of failing to compensate for time employees spend communicating with Werner headquarters via the Qualcomm system;

and (3) a practice of failing to compensate for sleeping periods in excess of eight hours in violation of the continuous workday rule.

### B. Applicable Law

The FLSA authorizes claims "by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Neither the FLSA itself nor the Eighth Circuit have defined "similarly situated." *Schleipfer v. Mitek Corp.*, 1:06CV109 CDP, 2007 WL 2485007, *3 (E.D. Mo. Aug. 29, 2007). However, the practice of district courts in the circuit is to apply a two step approach in making a determination. *See, e.g.*, *Littlefield v. Dealer Warranty Servs., LLC*, 679 F.Supp.2d 1014, 1016-17.

First, early in the litigation process, the class is conditionally certified upon plaintiffs' showing that the proposed class is similarly situated. *Id.* "The plaintiff's burden at [this] stage is not onerous." *Id.* Conditional certification allows plaintiffs to move forward with identification of proposed class members and notification of the opportunity to opt-in. Once, the proposed class members have been identified and have voiced their consent to participation and discovery has closed, defendants have the opportunity to move for decertification of the class. *See Littlefield*, 679 F.Supp.2d

at 1017. At that point, "the court must determine whether the plaintiffs are, in fact, similarly situated." *Id.*

### C. Analysis

Under the Fair Labor Standards Act, employers must compensate employees with at least a specified minimum wage for every hour worked. 29 U.S.C. § 206(a). Short rest periods of less than 20 minutes "must be counted as hours worked." 29 C.F.R. § 785.18. Where an employee is required to report at a place of work at a specific time, time spent waiting to begin is compensable. 29 U.S.C. § 790.6. "Under certain conditions an employee is considered to be working even though some of his time is spent in sleeping." 29 C.F.R. § 785.20. Where an employee is on duty for 24 hours or more, the most that can be ascribed to eating and sleeping (non-compensated time) is 8 hours. 29 C.F.R. § 785.22.

Plaintiff claims violations of these rules for all employees in the purported class can be gleaned from the following facts: employees are directed to log their "duty status" in the Qualcomm system according to a set of rules and definitions in Werner's employee manual. The manual includes the following four definitions:

> **1. Off Duty** (Section 395.8) The period of time the Driver is Off-Duty and has no responsibility to the carrier, equipment, or cargo. Driver is relieved from all responsibility for his vehicle

>during meal, coffee, and routine stops, providing that said vehicle is legally and safely parked and keys for the vehicle are in the driver's possession.  The break must be a minimum of 30 minutes in duration. . . .
>
>**2. Sleeper Berth** (Section 395.1) The time the Driver spends resting in the sleeper berth.
>
>**3. Driving** (Sections 395.2 and 395.3) DRIVE and DRIVING TIME shall include all time spent at the driving controls of a motor vehicle in operation.
>
>**4. On Duty - Not Driving** (Sections 395.2 and 395.3) On-duty time means all time from the time a Driver begins to work or is required to be in readiness to work until the time the Driver is relieved from work and all responsibility for performing work. . . .

The Qualcomm entries become the basis for compensation as follows:

>Werner's drivers track their daily activities by indicating, through entries in the computerized Qualcomm message systems in their trucks, whether the activity is on-duty or off-duty.  The drivers' electronic Qualcomm messages are then transmitted to a corresponding Qualcomm message system at Werner's headquarters.  The Qualcomm messages received by Werner's Qualcomm system are then electronically transmitted to Werner's electronic Driver Log system, which automatically calculates the hours worked by each driver by reading the messages

>           transmitted from the Qualcomm
>           system in each truck.

(Def. Ans. To Inter. No. 11).  Plaintiffs also provide examples of periods for which they were compensated according to the log entries.

Plaintiffs have provided evidence that defendant employed a system of tracking compensable hours that failed to comply with the compensation requirements of the FLSA.  Such evidence satisfies the plaintiffs' initial burden of showing that the purported class is similarly situated and provides the basis for conditional class certification.

The Court recognizes that defendant has not taken the opportunity to respond to plaintiffs' supplemental brief.  As this order relies heavily on the facts as characterized in that brief and issues of consolidation may be affected, this will be only a provisional order which gives defendant time to respond. Pending defendant's brief regarding the issues raised in plaintiffs' supplemental brief,

IT IS ORDERED:

1) Case No. 8:12CV307 is consolidated with the present case.  All pending motions in case No. 8:12CV307 are denied without prejudice.

2) Plaintiffs' motion for leave to file a second amended complaint is granted.

3) Plaintiffs' motion for conditional class certification is granted.

4) Defendant shall provide any response as provided for in this order by October 22, 2012.

DATED this 11th day of October, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court