IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP PETRONE, *on behalf of himself and all those similarly situated,* <br> 1709 Monmouth Parkway <br> Middletown NJ 07748 <br> and <br> BRIAN PANKZ*, on behalf of himself and all those similarly situated,* <br> 8414 Intrepid Lane <br> Rowlett, TX 75089 <br> and <br> STEWART FISHER, *on behalf of himself and all those similarly situated,* <br> 127 14th Street SE <br> Hickory, NC 28602 <br> and <br> JASBIR SINGH*, on behalf of himself and all those similarly situated,* <br> 6315 Winter Crest Drive <br> Bakersfield, CA 93313 <br><br> Plaintiffs, <br><br> v. <br><br> WERNER ENTERPRISES, INC. <br> d/b/a WERNER TRUCKING <br> 14507 Frontier Rd <br> PO Box 45308 <br> Omaha NE 68145 <br><br> and <br><br> DRIVERS MANAGEMENT, LLC <br> 14507 Frontier Rd <br> PO Box 45308 <br> Omaha NE 68145 <br><br> Defendants. | CIVIL ACTION NO: 11-401 <br><br> COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND |

1

**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs Philip Petrone, Brian Pankz, Stewart Fisher, and Jasbir Singh ("Named Plaintiffs"), individually and on behalf of themselves and those similarly situated ("Class Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendant Werner Enterprises, Inc. d/b/a Werner Trucking, and Defendant Drivers Management, LLC (collectively, "Defendants").

**INTRODUCTION**

1. Named Plaintiffs initiate the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the Nebraska Wage and Hour Act, the Nebraska Wage Payment and Collection Law, the common-law, and the contractual rights of Named Plaintiffs and Class Plaintiffs. Defendants intentionally failed to compensate Named Plaintiffs and Class Plaintiffs for wages earned while in the employ of Defendants. As a result of Defendants' unlawful actions, Named Plaintiffs and Class Plaintiffs have been harmed.

**JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiffs' and Class Plaintiffs' federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 29 U.S.C. § 201 *et seq*.

3. This Court, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332, *et al.*, has jurisdiction over Named Plaintiffs' and Class Plaintiffs' claims brought under Nebraska state law because (1) at least one member of the putative class is not a citizen of Nebraska; (2) Defendants are citizens of Nebraska; and (3) the total amount in controversy exceeds $5,000,000.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiffs are adult individuals with addresses as set forth in the caption.

8. Defendant Werner Enterprises, Inc. d/b/a Werner Trucking (hereinafter "Defendant Werner") is a Nebraska Corporation engaged in the hauling and delivery of freight across the United States.

9. Defendant Drivers Management, LLC (hereinafter "Defendant Drivers Management") is, upon information and belief, a subsidiary corporation of Defendant Werner that specializes in operating Defendant Werner's "Student Driver Program."

10. Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

12. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

13. Named Plaintiffs brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Class Plaintiffs.

14. Specifically, Named Plaintiffs seeks to represent a nationwide class of all persons who worked or work in Defendants' Student Driver Program and who were/are subject to Defendants' unlawful pay practices and policies at any point from three years prior to the initial filing of the instant matter to the present (members of this putative class are referred to as "Class Plaintiffs").

15. Named Plaintiffs' claims are typical of the claims of Class Plaintiffs, because Named Plaintiffs, like all Class Plaintiffs, were employees of Defendants whom Defendants failed to pay minimum wage as required by the FLSA in the last three years.

16. Named Plaintiffs will fairly and adequately protect the interests of Class Plaintiffs, because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

17. No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action. The class will be easily identifiable from Defendants' records.

18.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records. Named Plaintiffs do not know the exact size of the potential class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be in excess of 41,000 individuals.

19.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants failed to pay the putative class minimum wage for all hours worked, by (1) Defendants' utilization of their Driver Log System which docked student drivers for 15 minutes of pay when the student driver reported a short break of 15 minutes; (2) Defendants docking student drivers for compensable rest breaks which were not *bona fide* meal breaks; (3) Defendants docking student drivers for more than 8 hours per day for meal/rest breaks/sleep periods when the student drivers were assigned to work for more than 24 hours; and (4) Defendants docking student drivers for sleep periods or rest periods when such periods predominantly benefited Defendants.

20.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

21.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

22.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Named Plaintiffs bring their claims for relief on behalf of themselves and those similarly situated.

23. Specifically, Named Plaintiffs seek to represent a class of all persons who worked or work for Defendants as student drivers in the last five years.

24. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be in excess of 41,000 individuals.

25. Named Plaintiffs' claims are typical of the claims of the putative class members, because Named Plaintiffs, like all Class Plaintiffs, were employees of Defendants in Nebraska who were denied minimum wage for certain compensable hours worked.

26. Named Plaintiffs will fairly and adequately protect the interests of the putative class because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

27. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for

individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

29. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants failed to pay the putative class minimum wage for all hours worked, (1) Defendants' utilization of their Driver Log System which docked student drivers for 15 minutes of pay when the student driver reported a short break of 15 minutes; (2) Defendants docking student drivers for compensable rest breaks which were not *bona fide* meal breaks; (3) Defendants docking student drivers for more than 8 hours per day for meal/rest breaks/sleep periods when the student drivers were assigned to work for more than 24 hours; and (4) Defendants docking student drivers for sleep periods or rest periods when such periods predominantly benefited Defendants.

## FACTUAL BACKGROUND

30. The foregoing paragraphs are incorporated herein as if set forth in full.

31. Upon information and belief, Defendants have maintained the unlawful pay system described herein for at least the last three years.

32. All student drivers employed by Defendants are deemed employees of Nebraska because all student drivers (1) had their employment application processed in Nebraska; (2) reported to a Student Driver Manager located in Nebraska; (3) reported their hours worked via Defendants' Qualcomm to Defendants' headquarters in Nebraska; (4) had their pay calculated by Defendants' headquarters in Nebraska; (5) received their pay directly from Nebraska; and (6) agreed (via contract prepared by Defendants) that their employee/employer relationship was

based in Nebraska. Moreover, all decisions regarding the student drivers' employment, including hiring, driving assignments, and termination, were made in Nebraska.

33. Named Plaintiffs and Class Plaintiffs were subjected to an unlawful compensation system to which Defendants subjected all of their student drivers.

34. Named Plaintiffs and Class Plaintiffs were all enrolled in Defendants' Student Driver Program and were all subjected to the policies discussed herein within the last five years.

## THE STUDENT DRIVER PROGRAM

35. The foregoing paragraphs are incorporated herein as if set forth in full.

36. Defendants operate a six to eight week orientation program ("Student Driver Program") which they require newly hired drivers to attend at the start of their employment.

37. Named Plaintiffs and Class Plaintiffs were/are required to attend trucking school and obtain a valid Commercial Drivers' License prior to enrollment in the Student Driver Program.

38. Throughout the program, Defendants paid Named Plaintiffs and Class Plaintiffs a base weekly salary. However, because this base salary does not typically provide the student drivers with an hourly pay which amounts to the minimum required by the state and federal law, Defendants supplemented this base as described below.

39. During the driving training portion of the Student Driver Program, Defendants supplemented Named Plaintiffs' and Class Plaintiffs' income so that Named Plaintiffs and Class Plaintiffs would be paid the higher of: a daily rate multiplied by the number of days worked *or* the applicable minimum wage (currently $7.25 per hour) multiplied by the number of hours Named Plaintiffs and Class Plaintiffs were designated "on duty."

8

40. Upon information and belief, due to the high number of hours Named Plaintiffs and Class Plaintiffs were forced to work during the Student Driver Program, with rare exceptions, Named Plaintiffs and Class Plaintiffs were paid minimum wage for each hour they were designated "on duty" rather than a flat daily rate.

41. For the first three days of the Student Driver Program, Named Plaintiffs and Class Plaintiffs participated in a computer training session and physical aptitude testing.

42. The driving training portion of the Student Driver Program followed the initial three-day computer training and physical aptitude testing.

43. The driving training portion of the Student Driver Program typically lasts up to two months.

44. During the driver training portion of the Student Driver Program, Named Plaintiffs and Class Plaintiffs were required to drive and transport cargo while accompanied by a "trainer," an experienced truck driver who was also employed by Defendants.

45. While the trainer was typically paid per mile, the student drivers, Named Plaintiffs and Class Plaintiffs, were typically paid per hour.

46. Defendants inform Named Plaintiffs and Class Plaintiffs that they will be paid at least minimum wage for all hours worked during the Student Driver Program.

47. During this time, Named Plaintiffs and Class Plaintiffs were directed to report their time as "on duty" or "off duty."

48. The "on duty" and "off duty" designations were used to measure the amount of time a truck driver can continue driving before resting, per the applicable Department of Transportation ("DOT") regulations, which require truck drivers to rest following a set amount of time which they are "on duty," as defined by the regulations.

9

49. Named Plaintiffs and Class Plaintiffs were only paid minimum wage for hours which were designated "on duty." Accordingly, any hour which was designated "off duty" was unpaid.

**UNPAID REST BREAKS**

50. According to Defendants' employee handbook, Named Plaintiffs and Class Plaintiffs are to log as "off duty" "during meal, coffee, and routine stops, providing that said vehicle is legally and safely parked and keys for the vehicle are in the driver's possession. The break must be a minimum of 30 minutes in duration."

51. Defendants utilize an automatic, computerized, centralized payroll processing system which is located in Omaha, Nebraska, to provide payment for wages to Named Plaintiffs and Class Plaintiffs. Defendants refer to this system as their "Driver Log System."

52. Named Plaintiffs and Class Plaintiffs report their time via their Qualcomm messaging computer located inside each truck. The Qualcomm message is sent directly to Defendants' headquarters in Omaha, Nebraska, where it is automatically processed by Defendants' Driver Log System.

53. Even though the written handbook states that "off duty" breaks should be at least 30 minutes in duration, Name Plaintiffs and Class Plaintiffs regularly log shorter breaks as "off duty" on their Qualcomm system.

54. Named Plaintiffs and Class Plaintiffs regularly log breaks which are shorter than 20 minutes as "off duty."

55. Defendants are aware that Named Plaintiffs and Class Plaintiffs regularly log breaks which are under 20 and 30 minutes as "off duty" because they literally receive notice of this occurrence immediately, as it is logged via their Driver Log System.

56. Named Plaintiffs and Class Plaintiffs regularly log rest breaks as "off duty" which are not for the purposes of eating a meal, and instead, are for coffee breaks and other routine stops.

57. Defendants are aware that Named Plaintiffs and Class Plaintiffs log rest breaks which are not *bona fide* meal periods as "off duty" because they instruct and direct Named Plaintiffs and Class Plaintiffs, through their written policies, to log such rest breaks as "off duty."

58. Under federal and state law, breaks which primarily benefit the employer must be paid; short rest breaks which are not *bona fide* meal breaks must therefore be paid.

59. The Driver Log System, centrally located in Omaha, Nebraska, automatically computes Named Plaintiffs' and Class Plaintiffs' wages by paying the applicable minimum wage for all hours designated as "on duty." The automatic system pays nothing for any hour designated as "off duty."

60. Accordingly, these rest breaks which are reported via Qualcomm as "off duty" are unpaid.

61. By failing to pay at least minimum wage for such rest breaks, Defendants violated the law.

## UNPAID SLEEPER BERTH TIME

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. According to Defendants' employee handbook, all "time spent resting in a sleeper berth" is to be reported as "off duty."

64. Named Plaintiffs and Class Plaintiffs regularly log more than 8 hours per day as "off duty" per Defendants' instructions to log all time in a sleeper berth and all time in rest

breaks as being "off duty." This occurs on days where Named Plaintiffs and Class Plaintiffs are working on an assignment for more than 24 hours.

65. Moreover, per DOT regulations and the written policies of Defendants, (1) Named Plaintiffs and Class Plaintiffs are required to log at least 10 consecutive hours "off duty" after driving more than 11 hours; and (2) Named Plaintiffs and Class Plaintiffs are required to log at least 10 consecutive hours "off duty" after being "on duty" for more than 14 hours.

66. Named Plaintiffs and Class Plaintiffs are therefore required, by law and by policy, to rest during multi-day assignments. During these periods, Named Plaintiffs and Class Plaintiffs remain responsible for the vehicle and cargo in their possession. They further are unable to leave the proximity of the vehicle.

67. Accordingly, Named Plaintiffs and Class Plaintiffs cannot effectively use any of the rest break time for their own benefit; this time primarily benefits Defendants, and accordingly, must be paid at least at minimum wage.

68. Furthermore, per 29 C.F.R. § 785.22, an employer may not dock an employee for a sleeping period unless the sleeping period is a *bona fide* regularly scheduled sleeping period of not more than 8 hours. If the period is more than 8 hours, an employer may still only exclude up to an aggregate total of 8 hours per 24 hours worked for *bona fide* sleeping periods and meal breaks.

69. Accordingly, Defendants' practice of excluding more than 8 hours per day of Named Plaintiffs' and Class Plaintiffs' compensable time because such time was logged as "off duty," either as a rest break or as time in a sleeper berth, violates the law.

70. Furthermore, as the time Named Plaintiffs and Class Plaintiffs spent in a sleeper berth was not regularly scheduled, Defendants violated the law by excluding any time spent in a sleeper berth by Named Plaintiffs and Class Plaintiffs.

71. Moreover, much of the time spent in the sleeper berth was time when the vehicle was moving. Named Plaintiffs and Class Plaintiffs needed to stay in the vehicle so that they could drive the vehicle or perform other work relating to the transportation of the vehicle when requested by Defendants.

72. Under the Portal-to-Portal Act, Named Plaintiffs and Class Plaintiffs are entitled to compensation when they travel because (1) they already had performed their first primary activity of the trip; and (2) they had not yet performed their final primary activity of the trip.

73. Accordingly, Defendants' failure to compensate for such time violates the Portal-to-Portal Act and 29 C.F.R. § 785.38 ("Travel that is all in a day's work").

74. Defendants' had knowledge that Named Plaintiffs and Class Plaintiffs were not getting paid for time spent while in a moving vehicle because Defendants, via the Qualcomm system in each truck, were notified in real time about the truck's movements.

75. Additionally, Named Plaintiffs and Class Plaintiffs were engaged to wait during all times designated as "off duty" because, *inter alia*, during the "off duty" time (1) they were significantly physically restricted as they could not leave the proximity of the truck; (2) they had to ensure that the truck and its cargo were safe; and (3) they had to respond to requests from Defendants immediately when made, including having to, with virtually no advanced notice, resume driving the tractor-trailer.

76. Finally, Named Plaintiffs and Class Plaintiffs were working when they were required to travel overnight on multi-day trips because "travel that keeps an employee away from

home overnight . . . is clearly worktime when it cuts across the employee's workday." *See* 29 C.F.R. §785.39.

77. Accordingly, Defendants' failure in compensating Named Plaintiffs and Class Plaintiffs for time spent traveling away from home violates the law.

78. The Driver Log System automatically computes Named Plaintiffs' and Class Plaintiffs' wages by paying the applicable minimum wage for all hours designated as "on duty." The automatic system pays nothing for any hour designated as "off duty."

79. Accordingly, Defendants failed to pay the minimum wage, as required by federal and state law, to Named Plaintiffs and Class Plaintiffs for all compensable time which was logged as "off duty" on the Qualcomm system.

80. Defendants agreed to pay Named Plaintiffs and Class Plaintiffs at least minimum wage for all compensable hours worked.

81. Defendants failed to pay all wages due to Named Plaintiffs and Class Plaintiffs within thirty days of the regular pay day in violation Nebraska Wage Payment and Collection Law.

82. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs have been harmed.

## COUNT I
### Violations of the Fair Labor Standards Act
**(Named Plaintiffs and Class Plaintiffs)**
**(Minimum Wage)**

83. The foregoing paragraphs are incorporated herein as if set forth in full.

84. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

85. At all times relevant herein, Named Plaintiffs and Class Plaintiffs were/are "employees" within the meaning of the FLSA.

86. The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiffs and Class Plaintiffs, at the federal minimum wage rate for each hour worked.

87. As a result of Defendants' failure to include the above-referenced compensable hours in their pay calculation of Named Plaintiffs' and Class Plaintiffs' wages, Named Plaintiffs and Class Plaintiffs were paid less than the minimum wage for hours they worked in the Student Driver Program.

88. Defendants willfully failed to compensate Named Plaintiffs and Class Plaintiffs the federal minimum wage.

89. As a result of Defendants' failure to compensate Named Plaintiffs and Class Plaintiffs at the federal minimum wage rate, Defendants have violated and continue to violate the FLSA.

90. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

### COUNT II
### Violations of the Nebraska Wage and Hour Act
**(Named Plaintiffs and Class Plaintiffs)**
**(Minimum Wage)**

91. The foregoing paragraphs are incorporated herein as if set forth in full.

92. At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of R.R.S. Neb. § 48-1202(2).

93. At all times relevant herein, Named Plaintiffs and Class Plaintiffs were/are "employee[s]" within the meaning of R.R.S. Neb. § 48-1202(3).

94. As a result of Defendants' failure to include all compensable hours (as discussed above) in calculating Named Plaintiffs' and Class Plaintiffs' wages, Named Plaintiffs and Class Plaintiffs were paid less than the minimum wage for the hours they worked in the Student Driver Program.

95. Defendants willfully failed to compensate Named Plaintiffs and Class Action Plaintiffs the state minimum wage.

96. As a result of Defendants' failure to compensate Named Plaintiffs and Class Plaintiffs at the state minimum wage rate, Defendants have violated and continue to violate the Nebraska Wage and Hour Act.

97. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

### COUNT III
### Violations of the Nebraska Wage Payment Collection Law
**(Named Plaintiffs and Class Plaintiffs)**
**(Failure to Pay Earned Wages)**

98. The foregoing paragraphs are incorporated herein as if set forth in full.

99. Defendants failed to pay Named Plaintiffs and Class Plaintiffs all wages owed to them under the law and under Defendants' policies.

100. Defendants' conduct violated the Nebraska Wage Payment and Collection Law.

101. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

## COUNT IV
### Unjust Enrichment
**(Named Plaintiffs and Class Plaintiffs)**

102. The foregoing paragraphs are incorporated herein as if set forth in full.

103. Defendants were unjustly enriched at the expense of Named Plaintiffs and Class Plaintiffs in that they benefited from the time Named Plaintiffs and Class Plaintiffs were designated as "off duty" but failed to pay even minimum wage to Named Plaintiffs and Class Plaintiffs for such time.

104. Permitting Defendants to benefit from the labor and time spent by Named Plaintiffs and Class Plaintiffs which was designated as "off duty" would unjustly enrich Defendants.

105. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

## COUNT V
### Breach of Implied Contract
**(Named Plaintiffs and Class Plaintiffs)**

106. The foregoing paragraphs are incorporated herein as if set forth in full.

107. In hiring Named Plaintiffs and Class Plaintiffs, it was an implied and implicit term of their employment that Named Plaintiffs and Class Plaintiffs would be paid at least minimum wage for all compensable hours worked.

108. Defendants breached this obligation to Named Plaintiffs and Class Plaintiffs.

109. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

## COUNT VI
### Breach of Contract
### (Named Plaintiffs and Class Plaintiffs)

110. The foregoing paragraphs are incorporated herein as if set forth in full.

111. Defendants agreed to pay Named Plaintiffs and Class Plaintiffs at least minimum wage for all compensable hours worked.

112. Defendants breached this obligation to Named Plaintiffs and Class Plaintiffs.

113. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enter an Order:

(1) Certifying the instant action as a "collective action" pursuant to the Fair Labor Standards Act;

(2) Certifying this action as a "class action" pursuant to Federal Rule of Civil Procedure 23 and the Class Action Fairness Act of 2005;

(3) Providing that Defendants are prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal and state laws;

(4) Providing that Defendants are to compensate, reimburse, and make Named Plaintiffs and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions and/or breach of contractual obligations, including but not limited to past lost earnings.

(5) Awarding Named Plaintiffs and Class Plaintiffs liquidated damages pursuant to the laws they are suing under in an amount equal to the actual damages in this case;

(6) Awarding Named Plaintiffs and Class Plaintiffs the costs and expenses of this action and reasonable legal fees as provided by applicable law; and,

(7) Awarding Named Plaintiffs and Class Plaintiffs all other relief as the Court deems appropriate and just.

                                   Respectfully Submitted,
                                   **SWARTZ SWIDLER, LLC**

                                   */s Justin L. Swidler*
                                   Justin L. Swidler, Esq.
                                   Richard S. Swartz, Esq.
                                   1878 Marlton Pike East, Suite 10
                                   Cherry Hill, NJ 08003
                                   856-685-7420
                                   Attorneys for Plaintiffs

Dated: October 11, 2012