IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE,                )
                                )
            Plaintiff,          )       8:11CV401
                                )
      v.                        )
                                )
WERNER ENTERPRISES, INC.,       )
d/b/a WERNER TRUCKING, and      )
DRIVERS MANAGEMENT, LLC         )
                                )
            Defendants.         )
_____)
PHILLIP PETRONE,                )
                                )
            Plaintiff,          )       8:12CV307
                                )
      v.                        )
                                )
WERNER ENTERPRISES, INC.,       )       ORDER
d/b/a WERNER TRUCKING, and      )
DRIVERS MANAGEMENT, LLC         )
                                )
            Defendants.         )
_____)
```

This matter is before the Court on defendant's motion (Filing No. 91 in 8:11CV401; Filing No. 12 in 8:12CV307) for an extension of time to file a response to plaintiff's motion for class certification (Filing No. 85 in 8:11CV401). The Court finds that the motion should be granted.

The parties agreed in their 26(f) report to engage in an initial round of discovery aimed exclusively at class certification. This included a discovery deadline and a deadline for certification motions. A motion for conditional certification was filed on June 29, 2012, and was later deemed

timely despite a two-week delay.  Conditional certification was granted on October 11, 2012.

Though this suit was originally filed with both federal and state-law claims, the Pennsylvania state-law claims were dropped when the plaintiffs realized they had pursued the law of the wrong state.  However, on August 28, 2012, plaintiffs filed a separate suit based on the same facts but pressing a claim under the law of Nebraska.  The Court consolidated the cases on October 11, 2012 -- well after the deadlines for discovery and motions on FLSA class certification had passed.  Given the differences in the state and federal law, an additional planning conference and a new round of discovery are warranted now that the cases have been combined.

Had the suits been allowed to continue separately, the state-law case would have undergone a similar process of initial class-certification discovery.  Further, plaintiffs, having chosen to file separate suits would have had to proceed with separate notices to the potential class members.  Therefore, the Court finds no prejudice to plaintiffs if they should decide to issue their FLSA notice before the notice for their state-law claim.

IT IS ORDERED:

1) The deadline for defendant's response is extended until a planning conference can be held wherein new discovery and motion deadlines will be set.

2) A planning conference will be held on:

**Friday, December 7, 2012, at 8:15 a.m.**

Suite 3190, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The parties may participate by telephone by advising Judge Strom's office prior to the conference: (402) 661-7320.

DATED this 16th day of November, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court