IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE, et al.,        )
                                )
          Plaintiffs,           )       8:11CV401
                                )
     v.                         )
                                )
WERNER ENTERPRISES, INC.,       )       MEMORANDUM AND ORDER
d/b/a WERNER TRUCKING, and      )
DRIVERS MANAGEMENT, LLC         )
                                )
          Defendants.           )
_____)
```

This matter is before the Court on plaintiffs' motion to compel discovery (Filing No. 79).

I. Background

Student drivers in defendants' ("Werner") training program communicate their status using coded messages over a "Qualcomm" system that connects the driver in the vehicle to Werner's home office. Werner then uses a computer program to calculate compensation based on the coded entries made by the student drivers. Plaintiffs seek the "source code" and a "forensic copy" of the computer program. In addition, plaintiffs request "all e-mails, memorandums, notes, and other documents which discuss actual or proposed policies and practices of Defendants which related to the compensability of rest breaks, sleeping time, and time designated 'off duty' for purposes of DOT regulations."

Defendants' original responses refused production primarily on the basis that discovery on class certification issues had closed before the request was made. The Court subsequently consolidated the FLSA case with the state-law case and reopened discovery on class certification issues for the state-law claim with a new deadline of May 7, 2013 (Filing Nos. 83 and 104). In their brief opposing the motion to compel, defendants assert that the words "source code" and "forensic copy" are vague and ambiguous. In addition, defendants argue that any information relating to the computer program that calculates compensation is irrelevant because defendants have already produced their payroll policies. Defendants also claim some of the documents requested have already been produced or are privileged. In the alternative, defendants request a protective order to limit the publication of their proprietary software.

II. Legal Standard

Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Court is directed to limit discovery where

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the

-2-

> information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).  The Rule places additional limits on the production of electronically stored information, which would include the computer program at issue here, where there is a showing that the information is not reasonably accessible because of undue burden or cost.  Fed. R. Civ. P. 26(b)(2)(B).

III. Analysis

### A. Computer Program

Defendants assert that the terms "source code" and "forensic copy" are ambiguous.  Defendants interpret these requests to be seeking "information about the computer program that Werner uses to process student drivers' paychecks and how Werner identifies through that program the student driver's compensable time."  Brief in Opposition, Filing No. 100, 4-5.  Defendants also argue such information is irrelevant in light of the written compensation policies already produced.  Though plaintiffs have not taken the opportunity to brief an opposition to these arguments or suggest a definition of "source code" or "forensic copy," defendants' "interpretation" appears to the Court to be precisely what plaintiffs are seeking.  It is also

highly relevant to proving the allegations in the amended complaint. Plaintiffs have alleged a systematic calculation of compensation by the defendants' computer program in a way that is *inconsistent with* the written policies that defendants have provided. Consulting the written compensation policies will not reveal whether plaintiffs' compensation was calculated correctly by the software program. The only way to confirm such an allegation is to review the workings of the computer program itself and compare the calculated compensation to Werner's policies and the requirements of the relevant wage and hour laws.

Aside from concerns over the protection of proprietary information, the Court has not been presented with any arguments that the production of the programs would be unduly costly or burdensome or that any of the limitations of Rule 26(b)(2)(C) apply to the requested discovery. A useable copy of the software and a copy of the un-compiled source code in the programing language which the program was written are relevant and must be produced. A protective order is appropriate and will be issued by the Court upon submission of a proposed order prepared by the parties.

B. Documents Discussing Pay Policies

Defendants point out that plaintiffs have previously made a substantially similar request for production of documents. Defendants contend that they have "already produced all documents

responsive to this request and Werner has no additional documents that are responsive to this request." Plaintiffs have failed to identify any specific documents that they contend are responsive but which defendants have refused to produce. In the absence of a dispute over a specific document, any further order by the Court is inappropriate at this time.

Defendants have also claimed that some of these documents are privileged. Plaintiffs' motion suggests that a privilege log in conformance with Rule 26(b)(5) has not been provided. This Court has joined other district courts in assuming privilege for attorney-client communications that transpire after the initiation of litigation in situations where the plaintiff is requesting extensive discovery. *Prism Technologies, LLC v. Adobe Sys., Inc.*, 8:10CV220, 2011 WL 5523389, *2 (D. Neb. Nov. 14, 2011) (quoting *PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership*, 187 F.3d 988, 992 (8th Cir. 1999)). The Court sees no reason to depart from that assumption in this case. However, this does not relieve defendants of their remaining burden. To the extent that responsive documents have not been produced on the basis of privilege, a privilege log must be provided to plaintiffs so that any dispute about the scope or appropriateness of the privilege asserted can be reviewed and, if necessary, contested.

IT IS ORDERED:

1) The parties shall meet and confer regarding a proposed protective order. The parties shall submit the proposed protective order to the Court no later than February 4, 2013.

2) No later than 10 days after the issuance of a protective order by the Court, defendants must produce a useable copy of the software program used to calculate compensation from driver log entries and a copy of the code that was compiled to create the usable software program.

3) Defendants shall produce a privilege log covering all materials that they refuse to produce on the grounds of attorney client privilege or work product privilege if defendants would otherwise be required to produce such materials. The log may exclude attorney-client communications following the initiation of this litigation.

DATED this 11th day of January, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court