```
             IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

PHILLIP PETRONE, STEWART       )
FISHER, JASBIR SINGH, and      )
BRIAN PANKZ,                   )
                               )
              Plaintiffs,      )         8:11CV401
                               )
         v.                    )
                               )
WERNER ENTERPRISES, INC.,      )         MEMORANDUM AND ORDER
d/b/a WERNER TRUCKING, and     )
DRIVERS MANAGEMENT, LLC,       )
                               )
              Defendants.      )
_____)
```

This matter is before the Court on plaintiffs' motion for miscellaneous relief (Filing No. 113). The parties have a number of disagreements regarding class-notification and seek an order resolving the disputes.

I. Website Address

Plaintiffs' proposed notice contains a reference to a website where potential plaintiff's can attain additional information. The URL for that website is "http://www.wernerlawsuit.com." Defendants object to the use of the Werner name in the web address because it may imply that Werner endorses the site and the litigation. Plaintiffs frame this as an issue of "fair use," but this misses the mark. The Court, as discussed below, must balance neutrality with adequate notice. The target audience for the website is apparently those employees who receive the formal notice by some other means.

Unlike a page that attempts to receive the maximum relevant exposure on internet search engines, a generic URL could adequately direct the potential plaintiffs to counsel's website, as evidenced by the examples that plaintiffs provided to the court in their "Exhibit C" (Filing No. 115-1, 12-20).  Plaintiffs have not identified and the Court could not find an example of a case that allowed the use of a defendant's name in the website address.

Further, the Court finds persuasive the precedent from this district ordering that the notice should be "brief, neutral, and factually correct." *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 502 (D. Neb. 2009).  Such a standard is consistent with the Supreme Court's analysis that class-plaintiffs should get "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  The Court agrees with the defendants that use of the defendant-employer's name in the URL is not neutral because it may lead potential class-litigants to think that their employer endorses their participation in the litigation.

Though a reference to a website is often permitted by the courts, the plaintiffs have not shown why inclusion of a website is particularly necessary to providing "accurate and timely notice" in the present case, or why it is particularly

-2-

necessary to use Werner's name. The notice itself provides adequate information regarding the litigation. Thus, in the absence of a proposal for an alternative URL, the Court finds that the reference to the website should be completely removed from the notice. If agreed to by the parties, plaintiffs may include a reference to the website in the ordered notices with a more generic web address, provided it does not delay carrying out the order.

II. Notice Over the Qualcomm System

Plaintiffs request that additional notice be given through a message over the Werner's Qualcomm System. Defendants object on the grounds that such a notice would disrupt the workplace and give plaintiffs "free reign to commandeer the defendants' resources." A number of courts have denied the use of company resources like e-mail and company newsletters; however, these cases, including cases cited by the defendants usually do allow posting a notice in a prominent place on the defendants' job site. *See, e.g.*, *Sherril v. Sutherland Global Servs., Inc.*, 487 F.Supp.2d 344, 351 (W.D.N.Y. 2007) (denying e-mail notice where notices were mailed and posted at the work site); *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F.Supp.2d 334, 338 (W.D.N.Y. 2010) (denying notice by e-mail and company newsletter where notices were mailed and posted at the work site). Courts that have denied a posting at the work site often do so where

"posting would reach the same potential plaintiffs." *Barbosa v. National Beef Packing Co., L.P.*, CV No. 12-2311-KHV, 2013 WL 393301, *4 (Jan. 31, 2013). However, notice using company communication systems has been allowed under certain circumstances and even as a general practice given the prevalence of e-mail in modern life. *See,* e.g., *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 575 (D. Md. 2012) (noting that e-mail was particularly appropriate in that case because the nature of the potential plaintiffs' employment suggested they were comfortable communicating by e-mail); *Pippins v. KPMG LLP*, 11 CIV. 0377 CM JLC, 2012 WL 19379 (S.D.N.Y. Jan. 3, 2012) ("[G]iven the reality of communications today, . . . the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate.").

In the present case, the Court would be inclined to grant a posting of the notice in the work place or a notice through company e-mail if those means would be likely to reach potential plaintiffs who, because of the nature of their profession, may not be timely reached by first-class mail. However, the dispersion and long periods away from home typical of Werner drivers also make posting at a Werner facility a less fruitful alternative, and it appears that Werner does not regularly communicate to its drivers by e-mail as is the custom in other businesses. Rather, Werner uses its Qualcomm messaging

system as a means of regular communication in the way that other businesses might use a bulletin board at a facility or company e-mail system.  A single notice across the Qualcomm system balances the FLSA's goal of ensuring adequate notice with the interests of the defendants in minimizing disruption to the work environment.  A disclaimer will mitigate the possible inference that Werner endorses involvement in the litigation.  Further, unlike the website, Qualcomm messages are not accessible by the public at large which alleviates some of Werner's concerns about undue attention from shareholders and customers.

The Qualcomm message, in addition to first-class mail, makes the extensive reminder notice proposed by plaintiffs unnecessary.  Finding no other objections to plaintiffs' proposed order, the Court will adopt the deadlines and language communicated therein.

IT IS ORDERED:

1) That, if it has not already done so, within 10 days of this Order, defendants are to produce to plaintiffs' counsel, in electronic format readable by Microsoft Excel, the names, and last known of all drivers currently or formerly employed by defendants who participated in the Student Driver Program from June 21, 2009, to the present (the "Opt-in Data") -- which phone numbers are only to be used for the purpose of verifying the mailing address of the driver associated with that phone number.

2) That within 21 days of receiving the Opt-in Data, plaintiffs' counsel shall mail to each class member identified, via US First Class Mail, the 3-page Legal Notice and Consent Form proposed to the Court in Filing No. 115-1 but that before sending the Notice and Consent Forms, any reference to "http://www.wernerlawsuit.com" or "wernerlawsuit@swartz-legal.com" shall be removed.  Plaintiffs' counsel shall communicate to defendants' counsel, via electronic mail, the date that the mailing is sent (the "Mailing Date").

3) That on the 10th day following the Mailing Date, within 30 minutes of 12:00 p.m. CDT, defendants shall send the following message over its Qualcomm system to all of its truck drivers:

> TO ALL WERNER DRIVERS WHO PARTICIPATED IN THE STUDENT DRIVER PROGRAM AT ANY POINT FROM JUNE 21, 2009, TO THE PRESENT:  A COLLECTIVE ACTION LAWSUIT HAS BEEN FILED WHICH CLAIMS THAT WERNER FAILED TO PAY ALL WAGES AS REQUIRED BY LAW AND SEEKS PAYMENT OF SUCH WAGES TO ALL DRIVERS WHO JOIN THE LAWSUIT. BY ORDER OF THE FEDERAL DISTRICT COURT IN OMAHA, NEBRASKA, YOU HAVE THE RIGHT TO JOIN THE LAWSUIT.  A FORMAL LEGAL NOTICE HAS BEEN MAILED TO YOU. YOU CAN GET MORE INFORMATION ABOUT THE LAWSUIT, INCLUDING INFORMATION REGARDING HOW TO JOIN, BY CALLING TOLL-FREE [number to be provided].  THIS MESSAGE IS BEING SENT BY COURT ORDER.  WERNER DOES NOT ENCOURAGE OR DISCOURAGE YOU FROM JOINING THIS LAWSUIT.

4) That plaintiffs' counsel may, without leave of Court or further agreement from defendants, change the contact information provided for plaintiffs' Firm in the Notices, provided that plaintiffs' counsel must provide a copy of such changes to defendants' counsel prior to mailing such notices. The purpose of this change must be solely to assist in organizing the anticipated volume of Consent to Join Lawsuit Forms and potential calls which may be received by plaintiffs' counsel. Plaintiffs may not use any web address or e-mail address that uses Werner's name.

6) That plaintiffs' counsel may, with consent of the defendants, include a reference to its website using a website address that does not include the term "Werner," provided it does not interfere with meeting the deadlines in this order.

7) That all potential class members may join this lawsuit by:  (1) mailing a copy of the "Consent to Join Lawsuit" Form to Plaintiffs' counsel, provided that it is placed in the mail on or before the 90th day following the Mailing Date; (2) e-mailing or faxing a copy of the "Consent to Join Lawsuit" Form to plaintiffs' counsel, provided it is sent via e-mail or fax on or before the 90th day following the Mailing Date; or (3) submitting an online "Consent to Join Lawsuit" Form, provided it is submitted on or before the 90th day following the Mailing Date.

8) That plaintiffs' counsel must file each opt-in's "Consent to Join Lawsuit" Form within 14 days of receiving same. Plaintiffs' counsel must file all "Consent to Join Lawsuit" Forms by no later than the 110th day following the Mailing Date.

DATED this 1st day of April, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court