IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE,                )
                                )
            Plaintiff,          )        8:11CV401
                                )
       v.                       )
                                )
WERNER ENTERPRISES, INC.,       )
d/b/a WERNER TRUCKING, and      )
DRIVERS MANAGEMENT, LLC         )
                                )
            Defendants.         )
_____)
PHILLIP PETRONE,                )
                                )
            Plaintiff,          )        8:12CV307
                                )
       v.                       )
                                )
WERNER ENTERPRISES, INC.,       )        MEMORANDUM AND ORDER
d/b/a WERNER TRUCKING, and      )
DRIVERS MANAGEMENT, LLC         )
                                )
            Defendants.         )
_____)
```

This matter is before the Court on the motion of the plaintiffs for leave to file a third amended complaint (Filing No. 171 in 8:11CV401 and Filing No. 74 in 8:12CV307). The plaintiffs have filed briefs in support of their motion (Filing Nos. 172 and 184 in 8:11CV401 and Filing Nos. 75 and 87 in 8:12CV307) and indices of evidence (Filing Nos. 173 and 185 in 8:11CV401 and Filing Nos. 76 and 88 in 8:12CV307). The defendants have objected to this motion in their brief (Filing No. 179 in 8:11CV401 and Filing No. 82 in 8:12CV307) and index of

evidence (Filing No. 180 in 8:11CV401 and Filing No. 83 in 8:12CV307). The Court finds the motion should be denied.

I. BACKGROUND

This is a class action suit against Werner Enterprises Inc. ("Werner") and Drivers Management L.L.C. ("Drivers Management") (collectively the "Defendants"). Werner is a Nebraska freight company which utilizes Drivers Management to operate Werner's Student Driver program. The plaintiffs are "a class that includes all drivers who have been employed in Defendants' Student Driver Program during the period from four years prior to the filing of the Plaintiffs' Complaint until present." (Filing No. 24 in 8:12CV307) (hereinafter, all Filing Numbers will correspond with case number 8:12CV307). Plaintiffs contend that drivers were instructed to log "on duty" and "off duty" time according to definitions of the Department of Transportation and not in accordance with statutory wage definitions or contractual compensation agreements. Filing No. 52, at 1-2. Therefore, the Defendants allegedly violated wage payment acts at the federal and state level for failing to pay certain "off duty" time.

The plaintiffs now wish to amend their complaint in order to incorporate an additional class of student drivers who did not receive full remuneration for "on duty" time. The

plaintiffs only recently uncovered this class during discovery. Filing No. 75, at 4-5. After delivery of twenty million log entries in September 2013, the plaintiffs discovered more than 10,000 instances in which the Defendants failed to pay student drivers the correct wage according to those drivers' hourly pay and hours "on-duty." In light of this new information, the plaintiffs filed to amend the complaint on November 19, 2013.

The Defendants object on numerous grounds. The Defendants claim the amendment is contrary to the scheduling order, lacks good cause, was not diligently pursued, and is futile. Filing No. 82, at 2-3. Furthermore, the Defendants contend that the Court would have to certify this new purported class. Filing No. 82, at 3 (citing *East Maine Baptist Church v. Union Planters Bank*, 244 F.R.D. 538 (E.D. Mo. 2007); *Zenith Laboratories, Inc. v. Carter-Wallace, Inc.*, 64 F.R.D. 159 (D. N.J. 1974)). Finally, because the plaintiffs did not comply with the Local Rules for the District of Nebraska, the Defendants contend that the motion to amend should be denied.

II. DISCUSSION

If a party seeks to amend a pleading before trial but after 21 days of serving the pleading, the party may amend with leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendments to

pleadings should be allowed with liberality." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (quoting *Chesnut v. St. Louis County, Mo.*, 656 F.2d 343, 349 (8th Cir. 1981)). A court may only deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility. *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005). "The burden of proof of prejudice is on the party opposing the amendment." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001). On the other hand, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Undue delay and prejudice to the defendants would result in the modification of the complaint in this late hour. This action began more than two years ago. The parties have less than three months left before the end of discovery. The Court would have to evaluate whether to certify this new class before trial and thereby hamstring the progression of this case. Because the defendants would experience undue delay and prejudice, the motion to amend the complaint will be denied. Accordingly,

IT IS ORDERED that the plaintiffs' motions are denied.

DATED this 16th day of January, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court