IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE, et al.,        )
                                )
            Plaintiffs,         )       8:11CV401
                                )
       v.                       )
                                )
WERNER ENTERPRISES, INC., and   )
DRIVERS MANAGEMENT, LLC,        )
                                )
            Defendants.         )
_____)
PHILLIP PETRONE, et al.,        )
                                )
            Plaintiffs,         )       8:12CV307
                                )
       v.                       )
                                )
WERNER ENTERPRISES, INC., and   )       ORDER
DRIVERS MANAGEMENT, LLC,        )
                                )
            Defendants.         )
_____)
```

This matter is before the Court on the motion of plaintiffs for a protective order or, in the alternative, extending the discovery period by 60 days (8:11CV401, Filing No. 207; 8:12CV307, Filing No. 110).

Plaintiffs contend that defendants' failure to pursue discovery in a timely manner has led to an untenable situation in which plaintiffs' counsel has been asked to set six additional depositions in the last four weeks of discovery. Scheduling the depositions is particularly difficult because the six proposed deponents live in five different states. Additionally

compounding the difficulty of meeting defendants' request is defendants' proposal to hold three of the depositions when plaintiffs' counsel will be in San Francisco to defend the deposition of plaintiffs' expert in this case and plaintiffs' counsel's prior scheduling of a deposition in another matter.

Plaintiffs refer to the standard in Federal Rule of Civil Procedure 26(c)(1) for the issuance of a protective order: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Though plaintiffs do not precisely identify which of the enumerated situations applies to the issue at hand, the general tenor of their brief suggests that they believe scheduling of the depositions in the last four weeks of discovery represents an undue burden or oppression.

The six deponents are class members that defendants have chosen to serve as a sample of a class comprising over 50,000 members.  Ongoing discovery matters have contributed to the need to take the final set of depositions in the final month of discovery.  Plaintiffs did not disclose any class members other than the named plaintiffs as individuals likely to have discoverable information in their 26(a) disclosures or in 26(e) supplements.  However, on February 28, 2014 -- the same day on which defendants made their requests to depose the six class

members -- plaintiffs filed a proposed witness list that included 28 class members. In October, defendants attempted to identify a useful set of class members for deposition by selecting a sample of 100 class members for written interrogatories. After some negotiation, defendants re-served the interrogatory request on January 21, 2014; plaintiffs waited until February 21, 2014, to lodge an objection to the entirety of the re-drafted interrogatories and refused to answer. One week later, defendants selected class member deponents without the benefit of the interrogatory answers in an attempt to complete the depositions before the end of discovery.

Plaintiffs' counsel assured the Court that it had the experience and resources to adequately represent the class. Intensified pursuit of information in the final months of discovery is not unusual, nor does it appear that defendants have been less than diligent in their pursuit of an appropriate group of class members to depose. Further, plaintiffs' counsel insists that a single attorney from counsel's firm, who is apparently also working on other cases with conflicting schedules, must attend each of the depositions. Given the size and complexity of the case and given that defendants have agreed to extend the deadline for the proposed depositions to April 15, 2014, the Court does not find that conducting six additional depositions in

the final six weeks of discovery constitutes an undue burden or oppression.  Finally, because defendants have agreed, the Court will extend the deadline for said depositions to April 15, 2014; any further extension would prejudice the defendants in preparing any motions for summary judgment or class decertification which are due June 2, 2014.  Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion for a protective order is denied.

2) No later than April 15, 2014, plaintiffs shall produce the six noticed class members for depositions by defendants' counsel.

3) Counsel for the parties shall make a good faith efforts to accommodate each other's conflicts in scheduling the additional depositions.

DATED this 7th day of March, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court