IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE, et al.,         )
                                 )
            Plaintiffs,          )      8:11CV401
                                 )
      v.                         )
                                 )
WERNER ENTERPRISES, INC., and    )
DRIVERS MANAGEMENT, LLC,         )
                                 )
            Defendants.          )
_____)
PHILLIP PETRONE, et al.,         )
                                 )
            Plaintiffs,          )      8:12CV307
                                 )
      v.                         )
                                 )
WERNER ENTERPRISES, INC., and    )      MEMORANDUM AND ORDER
DRIVERS MANAGEMENT, LLC,         )
                                 )
            Defendants.          )
_____)
```

This matter is before the Court on the motion of defendants to compel discovery (8:11CV401, Filing No. 199; 8:12CV307, Filing No. 102). Defendants seek depositions and documents regarding how plaintiff truck drivers spent their time while in the sleeper berth. Defendants argue the discovery is relevant to whether the sleeper berth time is compensable under their proposed standard for the Nebraska Wage and Hour Act: whether the time spent in the sleeper berth was used primarily for the benefit of the employer. Plaintiffs argue that no such discovery is necessary because the specific sleeper berth time

for which they are seeking back pay is compensable as a matter of law. The Court finds that no individualized discovery is necessary to determine whether the sleeper berth time at issue is for the primary benefit of the employer because the sleeping time made compensable by the FLSA is for the primary benefit of the employer under Nebraska's Wage and Hour Act.

## I. Sleeper Berth Time Under the FLSA

Defendants point to the sparse federal case law to support their argument that sleeper berth time is not compensable under the FLSA. *See*, *Nance v. May Trucking Co.*, 3:12-CV-01655-HZ, 2014 WL 199136, *8 (D. Or. Jan. 15, 2014). The single case cited is not entirely on point. The *Nance* court's holding relied heavily on one Department of Labor Regulation:

> Any work which an employee is required to perform while traveling must, of course, be counted as hours worked. An employee who drives a truck, bus, automobile, boat or airplane, or an employee who is required to ride therein as an assistant or helper, is working while riding, except during bona fide meal periods or when he is permitted to sleep in adequate facilities furnished by the employer.

29 C.F.R. § 785.41. However, the *Nance* court's holding was premised on the facts of the case; in particular the court noted that "[t]here is no evidence that [the employer] required

trainees . . . to be on call or on duty for 24-hour shifts." *Id*. at 6. The lack of such evidence in *Nance* precluded the court from considering the applicability of "on call" cases. *Id*. Plaintiffs in the present case have explicitly conceded that they are only seeking compensation for sleeper berth time exceeding eight hours in a continuous 24-hour work period. *Plaintiffs' Brief in Opposition*, 8:11CV401, Filing No. 218 at 6 ("The claims in the instant matter seek payment for . . . certain time spent in a sleeper berth during a continuous tour of duty."); *Id*. at 9 ("[I]nformation is wholly irrelevant to . . . whether the time spent in a sleeper berth (beyond eight hours per day) during continuous tours of duty, is compensable."). Such "on call" cases are the basis for a competing Department of Labor Regulation on which the plaintiffs rely for their contention that the sleeper berth time at issue is compensable as a matter of law:

> Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8

>    hours, only 8 hours will be
>    credited. . . ."

29 C.F.R. § 785.22.

Plaintiffs' concession that they rely solely on the eight-hour cap for sleep and meal periods found in § 785.22 narrows the scope of the compensability inquiry to, at most, a determination of how much time, if any, defendants improperly deducted for sleeper berth time in a 24-hour work-period. Under the federal standard, no discovery into the individual plaintiffs' activities during sleeper berth time would be relevant here.

II. Standard Under Nebraska's Wage and Hour Act

The arguments regarding federal law have only been put forward as persuasive authority for interpretation of the less regulation-defined and less-litigated standards of Nebraska's Wage and Hour Act.

Despite defendants' citation to federal law, they insist that the language of Nebraska's statute compels a departure from the FLSA standards and regulatory interpretations. Defendants' proposed standard for the state law claims would require plaintiffs to make individualized showings that all sleeper berth periods for which plaintiffs are requesting compensation were primarily for the benefit of the employer. The

Court has already addressed this issue in its order granting class certification for the state law claims. *Petrone v. Werner Enterprises, Inc.*, 8:12CV307, Filing No. 52. In that order, the Court found the federal definition of "wages" that "looked past the literal association with periods of exertion to find breaks and waiting periods compensable" was consistent with the language and purpose of the Nebraska statute, and further, that "the Nebraska statute should provide coverage co-extensive with the FLSA for these periods *because* such break time is for the primary benefit of the employer." *Id*. at 11-12.

### III. Resolution of the Present Motion

The Court stands by its prior finding that sleep-time that is compensable under the FLSA is compensable under Nebraska's Wage and Hour Act, which makes defendants' proposed discovery irrelevant. If the disputed time is found compensable under the FLSA standards, it is compensable under the Nebraska statute because the Court has already found that such periods benefit the employer. The FLSA standards require, at most, determining how much time beyond the eight-hour cap, if any, defendants deducted for time spent in the sleeper berth during a continuous 24-hour shift. Defendants' discovery seeking individualized evidence on how plaintiffs spent their time in the sleeper berth does not further that inquiry. Accordingly,

IT IS ORDERED that defendants' motions to compel are denied.

DATED this 31st day of March, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court