IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE, et al.,         )
                                 )
              Plaintiffs,        )          8:11CV401
                                 )
      v.                         )
                                 )
WERNER ENTERPRISES, INC., and    )
DRIVERS MANAGEMENT, LLC,         )
                                 )
              Defendants.        )
_____)
PHILLIP PETRONE, et al.,         )
                                 )
              Plaintiffs,        )          8:12CV307
                                 )
      v.                         )
                                 )
WERNER ENTERPRISES, INC., and    )     MEMORANDUM AND ORDER
DRIVERS MANAGEMENT, LLC,         )
                                 )
              Defendants.        )
_____)
```

This matter is before the Court on the motion of plaintiffs to compel discovery (8:11CV401, Filing No. 192; 8:12CV307, Filing No. 95). Plaintiffs seek three sets of information.

First, a CSV formatted file containing an array of information regarding changes in duty status that would have been sent by plaintiff drivers to defendants using the defendants' electronic "Qualcomm" messaging system. Plaintiffs argue such data is necessary to calculate precise "un-rounded" intervals for break periods by drivers because only this original data would

include the exact time each duty status change was sent by the drivers.  The business records retained and produced by defendants thus far consist of break times for each driver that have been automatically rounded to the nearest 15-minute start and stop time by defendants' system or rounded by Werner employees who made manual entries.  Significantly, defendants' system does not retain the exact times submitted by the drivers in a format that associates the Qualcomm messages with specific drivers; in fact, the information plaintiffs request is stored across many different files and even in different systems -- much of it in unwieldy back-up files.  Creating the driver-specific duty change status information in the format requested by the plaintiffs would require an immense programming effort and considerable human hours to reconcile data points for each driver across the file system and across time.  Nor does Werner rely exclusively on change in duty status messages logged in the Qualcomm system to calculate compensation; for instance, manual logs and corrections are not reflected in the Qualcomm data.  The immense time, effort, and expense necessary to compile the requested information in the format requested by plaintiffs presents a significant burden to defendants.

　　　　In addition, the end product would be of questionable value considering that driver status changes can be altered in

ways that are not accurately recorded by the Qualcomm system such as when a driver submits a correction to their duty status that must be approved by an employee in defendants' log department. Further eroding the usefulness of this discovery is that defendants have testified by 30(b)(6) deposition that, for many of the non-Qualcomm duty status changes, no un-rounded original record exists.

Under Federal Rule of Civil Procedure 26(b)(2)(B), "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." The Court may, nonetheless, order discovery if the moving party makes a showing of good cause, subject to the other considerations in Rule 26(b)(2)(C) such as where the discovery sought is "unreasonably cumulative," is available from a less burdensome source, or where "the burden and expense . . . outweighs its likely benefit." Further, Federal Rule of Civil Procedure 34(b)(2)(E) requires that "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."

Plaintiffs request not only a specific form, but the compilation of many data sources into a single file that

-3-

associates the distinct data sets with individual drivers. Plaintiffs are requesting not only the data, but an extraordinary amount of time and effort in compiling the data into a form usable for plaintiffs' purposes -- a feat which Werner's 30(b)(6) representative estimated might be impossible. Given the considerable burden and the questionable value of the end product, the Court finds that compelling discovery of the duty status change data in the compiled format requested by plaintiffs is inappropriate.

Second, plaintiffs seek a CSV formatted file containing GPS data denoting the periodically reported position of every truck driven by the class members during the class periods. To make use of such data, plaintiffs also request information about when each class member was driving a particular truck. Plaintiffs claim this information can be used to determine whether drivers were engaged in an uninterrupted period of work for 24 hours or more. Again, this information is significantly burdensome to produce, especially considering the difficulty of determining which GPS entries to associate with the student driver and the instructor. Regardless, given that the Court is granting the request below, such discovery would be cumulative.

Third, plaintiffs seek Qualcomm data indicating when student drivers were picked up and dropped off. Plaintiffs have provided a colorable legal theory as to how this data can be used

to determine tour of duty start and stop times regardless of layovers and other interruptions in driving time.  As defendants point out in their brief, summary judgment is a more appropriate vehicle for making important decisions about the merits of plaintiffs' legal theory than a motion to compel in which the issues are inadequately briefed.  The Court recognizes this presents a significant burden to the defendants.  However, the Court finds this information is highly relevant to damage calculations for periods in the sleeper berth, and the Court has not been made aware of any other less burdensome source.  The Court finds that there is good cause to compel the discovery despite the burden.  Accordingly,

IT IS ORDERED:

1) No later than May 27, 2014, defendants shall produce the documents indicated in plaintiffs' Fourth Set of Requests for Production of Documents, Request Number 2.

2) Plaintiff's motion to compel (8:11CV401, Filing No. 192; 8:12CV307, Filing No. 95) is otherwise denied.

DATED this 31st day of March, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court