IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHILLIP PETRONE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV401 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER ENTERPRISES, INC., | ) | |
| d/b/a WERNER TRUCKING, and | ) | |
| DRIVERS MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| PHILLIP PETRONE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV307 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER ENTERPRISES, INC., | ) | MEMORANDUM AND ORDER |
| d/b/a WERNER TRUCKING, and | ) | |
| DRIVERS MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the motion of defendants Werner Enterprises, Inc., and Drivers Management, LLC (collectively, "Werner") to strike 28 individuals from plaintiffs' proposed list of witnesses for trial because they were not timely disclosed under Federal Rule of Civil Procedure 26(a) or (e) (8:11CV401, Filing No. 213; 8:12CV307, Filing No. 116).

I. Factual Background

The witnesses in question are 28 out of more than 13,000 opt-in class members who are not named plaintiffs. Plaintiffs' first reference to these witnesses by name was in the Proposed Witness List submitted to the Court on March 3, 2014.

II. Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires that parties provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

In addition, Rule 26(e)(1) requires that a party "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness

to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

III. Discussion

    A. Initial Disclosure

Plaintiffs argue that their initial Rule 26(a) disclosure sufficiently identified the 28 opt-in plaintiffs as witnesses. That disclosure listed "all current and former employees of Werner Trucking . . . who participated or completed Defendants' 'Student Driving School' in the last three (3) years." This disclosure is deficient for at least two reasons.

First, the disclosure does not comply with the requirements of Rule 26 because it fails to identify the "subjects" known to the individuals. This is, perhaps, unsurprising considering that the group plaintiffs purport to "identify" in the initial disclosure consisted of over 50,000 individuals -- only a handful of whom plaintiffs' counsel had actually corresponded with to determine what, if any, knowledge they might have regarding the law suit.

This leads to the second deficiency: the disclosure is entirely too vague. The group of people plaintiffs purport to have disclosed included over 50,000 individuals. Without specific identification of the individuals that plaintiffs believed had information that might be used to support their

claims, defendants would have been left to guess which individuals they should depose or, logically but entirely unreasonably, deposed them all.  This Court concurs with the several other district courts which have addressed this issue and found generic categories insufficient to satisfy Rule 26(a)(1)(A)(i).  *See Holak v. Kmart Corp.*, 1:12-CV-00304 AWI, 2014 WL 2565902 (E.D. Cal. June 6, 2014) (finding "putative class members, as alleged in the operative complaint" insufficient); *Smith v. Pfizer Inc.*, 265 F.R.D. 278, 283 (M.D. Tenn. 2010) (finding "friends and family of the deceased" and "defendants' employees and representatives with knowledge as to the sale, promotion and/or marketing" insufficient); *Labadie v. Dennis*, 1:07-CV-480, 2008 WL 5411901 (W.D. Mich. Dec. 23, 2008) (finding "all members of plaintiff's family" and "all investigating persons" insufficient).  Listing a group of 50,000 individuals amounts to non-disclosure.

Finally, class actions are different procedural vehicles.  In a non-class suit, defendants would be on notice that the plaintiff or plaintiffs might have information that would support their claim.  In class actions, named plaintiffs are certified by the court to be representative of the claims of all other plaintiffs.  It is not obvious, in fact it may be counter-intuitive, that plaintiffs other than the named

plaintiffs would have non-cumulative information that would support their case. If plaintiffs' counsel knew these witnesses had such information, it was their obligation to disclose the names and information they had to the defendants as soon as they became aware of it.

B. Knowledge of Witnesses Through Discovery

Next plaintiffs argue that they were excused from specifically identifying these 28 witnesses during the discovery period because Rule 26(e) only requires supplementation if the "information has not otherwise been made known to the other parties during the discovery process." Plaintiffs argue that when the 28 witnesses signed the consent forms and opted-in to the lawsuit, defendants were on notice that the witnesses had potentially admissible information. The opt-in class consisted of over 13,000 driver-trainees. For the same reasons as above, this does not provide the disclosure intended by the rules.

C. Witness List as Supplemental Disclosure

Plaintiffs also contend that the Proposed Witness List itself constituted a timely supplemental response under Rule 26(e), noting that a month remained before the discovery deadline. This argument also fails. The Proposed Witness List did not include the "subjects of that information" that the witnesses possessed. *See* Fed. R. Civ. Pro. 26(a)(1)(A)(i). Nor

have plaintiffs made a showing that such a disclosure would be timely. If plaintiffs' counsel knew these witnesses had such information, it was their obligation to disclose the names and information they had to the defendants as soon as practicable after they became aware of it -- presumably they knew about at least some of these witnesses well before the witness disclosure deadline.

### D. Standard for Exclusion

Plaintiffs have failed to timely disclose individuals with information under Rule 26(a) and (e) during the discovery process. The Federal Rules instruct district courts that such a "party is not allowed to use the information or witnesses . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1). The Eighth Circuit has endorsed four considerations to aid in the substantial-justification/ harmlessness analysis: "(1) the reason the party fails to name the witness; (2) the importance of the testimony; (3) the amount of time the opposing party needs to properly prepare for the testimony; and (4) whether a continuance would in some way be useful." *Citizens Bank of Batesville, Arkansas v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994).

Plaintiffs have made no showing regarding the importance of these witnesses' testimony, and the Court

anticipates that they will be cumulative of the testimony of the named plaintiffs.  Allowing these witnesses to testify without giving defendants an opportunity to conduct depositions would be highly prejudicial.  Given that defendants became aware that these 28 individuals possessed potentially admissible information only 30 days from the end of the discovery period and the advancing trial schedule, the Court finds that an extension of discovery for the deposition of 28 additional witnesses will unnecessarily delay the trial of this matter.  Ostensibly, given the arguments noted above, plaintiffs' failure is due to their belief that they had fulfilled their disclosure duties despite their failure to name the 28 witnesses specifically or detail the subjects of the witnesses' knowledge.  This weighs only slightly in favor of allowing the witnesses to testify.  Thus, the Court finds that plaintiffs failure to disclose was neither substantially justified nor harmless.  Accordingly,

IT IS ORDERED that defendants' motions to strike the 28 previously undisclosed witnesses (8:11CV401, Filing No. 213; 8:12CV307, Filing No. 116) is granted.

DATED this 1st day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court