IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE, et al.,        )
                                )
                Plaintiffs,     )        8:11CV401
                                )
        v.                      )
                                )
WERNER ENTERPRISES, INC., and   )
DRIVERS MANAGEMENT, LLC,        )
                                )
                Defendants.     )
_____  )
PHILLIP PETRONE, et al.,        )
                                )
                Plaintiffs,     )        8:12CV307
                                )
        v.                      )
                                )
WERNER ENTERPRISES, INC., and   )      MEMORANDUM AND ORDER
DRIVERS MANAGEMENT, LLC,        )
                                )
                Defendants.     )
_____  )
```

This matter is before the Court on the motion of plaintiffs to file a supplemental expert report and add an additional expert (Filing No. 234 in 8:11CV401; Filing No. 137 in 8:12CV307).

A. Additional Report of Daniel Regard

The disclosure of Regard as an expert was well after the deadline for the disclosure of expert witnesses and plaintiffs' brief does not make a showing of good cause as to why the utility and content of Regard's report -- which plaintiffs contend are simply confirmation of the Kroon report -- could not

be identified before the deadline for the filing of expert
reports.

   B. Supplemental Report of Richard Kroon

   Plaintiffs submitted the expert report of Richard Kroon
on January 15, 2014, in compliance with the deadline for that
report.  Kroon does not provide an opinion on the compensability
of the break or sleeper-berth time and does not touch on
liability.  Rather, according to plaintiffs, Kroon's testimony
and report are useful to the extent that they contain the results
of complicated calculations and provide summaries on the
considerable data produced by defendants regarding driver-
trainees' work logs and compensation; Kroon "just created a
software program to calculate what damages would amass if this
Court found liability under [plaintiffs'] theories."  *Plaintiffs'*
*Brief in Support of Motion to Permit Submission of Additional*
*Expert Testimony*, Filing No. 235 at 3 in 8:11CV401.

   Defendants took Kroon's deposition on March 20, 2014,
revealing considerable flaws in the methodology for computing the
allegedly uncompensated break and sleeper-berth time.  For
example, some times were double counted and some periods were
artificially split into two separate breaks when they spanned
12:00 a.m.  This led to inconsistent and inflated estimates of

the disputed time periods.  Kroon admitted as much in his

deposition.

Plaintiffs frame these as "bugs" in the computer

program that have been fixed and wishes to introduce a corrected

"supplemental" report.  This characterization falls flat.  In

truth, plaintiffs hired an expert to calculate the disputed time

periods, the expert's methodology was found to have significant

flaws, and now plaintiffs wish to correct those flaws under the

auspices of a supplement.  "[S]upplementation under the Rules

means correcting inaccuracies, or filling the interstices of an

incomplete report based on information that was not available at

the time of the initial disclosure."  *3M Innovative Properties*

*Co. v. Dupont Dow Elastomers, LLC*, CIV. 03-3364MJDJGL, 2005 WL

6007042 (D. Minn. Aug. 29, 2005) (quoting *Kenner v. United*

*States*, 181 F.R.D. 639, 640 (D. Mont. 1998).

Unlike the data on additional class members and the

supporting "pick-up and drop-off times" that were produced by

defendants after the deadline for submission of expert reports,

no act by the defendants or other outside factor precluded

plaintiffs' expert from recognizing the flaws in his original

report -- he simply failed to do so.  "[W]hile Rule 26(e) imposes

a duty to supplement incorrect or incomplete information, it does

not bestow upon litigants unfettered freedom to rely on

supplements produced after a court-imposed deadline, even if the rule's pretrial time limit is satisfied, and grants them no right to produce information in a belated fashion."  *Id.* (quoting *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 110 (D.D.C. 2005) (internal quotation marks omitted).  In other words, plaintiffs cannot be allowed to use the defendants' efforts in uncovering the flaws in Kroon's report to hone the methodology and submit a more robust report after their deadline has expired.

> Rule 37(c) provides that:

>> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Given the analysis above, there is no question that plaintiffs are seeking to submit expert materials well after the deadline for disclosure of expert reports.  Plaintiffs argue that the delay in providing the supplemental report was substantially justified because of the late production of discovery by defendants.  As noted above, this would excuse the expert's failure to incorporate the late disclosed information into the

report, but it does not excuse the expert's methodological failures in calculating the disputed time periods.

Plaintiffs also argue that the late submission is harmless.  As of the filing of plaintiffs' motion to file a supplemental brief, more than two months had passed since the deadline for the filing of expert reports, defendants had spent time analyzing the original report, and defendants had deposed plaintiffs' expert; the deadline for submitting Daubert motions was only a month away.  In seeking to submit the supplemental report, plaintiffs were imposing on defendants to delay the progression of the case and duplicate work they had already done so that plaintiffs could take advantage of defendants' diligence in finding errors in the report of plaintiffs' own expert.  The unfairness of such a maneuver and imposition of additional costs is not harmless.

While the Court does not find the lapse to be substantially justified or harmless, the Court finds that Rule 1 of the Federal Rules of Civil Procedure counsels against complete exclusion of the new information.  Rule 1's instruction that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding" indicate a preference for determination of cases on the merits.  The corrected information is useful and necessary to

the disposition of the case on the merits.  Thus, the Court is inclined to invoke the discretion granted by Rule 37(c) to fashion a lesser sanction than exclusion.

IT IS ORDERED:

1) Plaintiffs' motion to file the additional expert report of Daniel Regard is denied.

2) Plaintiffs' motion to file a supplemental report of Richard Kroon is granted to the extent that it incorporates the additional discovery responses by defendants and corrects errors that improperly inflated the calculation of the disputed periods.

3) Plaintiffs shall produce the supplemental report to defendants no later than July 18, 2014.

4) Defendants shall be given the opportunity to depose plaintiffs' expert at plaintiffs' expense no later than August 8, 2014.

5) All other pending motions will be denied without prejudice (Filing Nos. 247, 256, 263 and 269 in 8:11CV401; Filing Nos. 151, 160, 167 and 173 in 8:12CV307).  A planning conference in the chambers of the undersigned is scheduled for:

**Monday, August 25, 2014, at 9 a.m**.

to establish new deadlines and a new trial date.

6) Defendants shall submit for the Court's consideration all costs incurred as a result of the late submission of plaintiffs' supplemental expert report.

DATED this 7th day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

-7-