IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE, et al.,       )
                               )
            Plaintiffs,        )        8:11CV401
                               )
       v.                      )
                               )
WERNER ENTERPRISES, INC., and  )
DRIVERS MANAGEMENT, LLC,       )
                               )
            Defendants.        )
_____)
PHILLIP PETRONE, et al.,       )
                               )
            Plaintiffs,        )        8:12CV307
                               )
       v.                      )
                               )
WERNER ENTERPRISES, INC., and  )      MEMORANDUM AND ORDER
DRIVERS MANAGEMENT, LLC,       )
                               )
            Defendants.        )
_____)
```

The matter is before the Court on two related motions. The defendants renewed their motion in limine to exclude damage calculations and expert testimony by Richard Kroon (Filing No. 302 in 8:11CV401; Filing No. 204 in 8:12CV307). They filed briefs in support of their motion, and an index of evidence in each. The plaintiffs filed briefs in opposition and indices of evidence, to which the defendants replied. The plaintiffs filed a motion in limine to exclude defendants' rebuttal expert Robert Topel (Filing No. 306 in 8:11CV401; Filing No. 208 in 8:12CV307). The plaintiffs filed briefs and indices of evidence in support of

their motion.  The defendants filed briefs in opposition and indices of evidence, to which the plaintiffs replied.  After considering the motions, briefs, submissions of evidence, and the relevant law, the Court finds as follows.

**Standard of Review**

Federal Rule of Evidence 702 provides that expert opinion testimony is permissible if it is based on scientific, technical, or other specialized knowledge and will assist the trier of fact.  It must be given by a person qualified as an expert based on experience, training, or education.  The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence.  *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).  "The testimony must meet the following three criteria:  (1) it must be based upon sufficient facts or data; (2) it must be the product of reliable principles and methods; and (3) the witness must have applied the principles and methods reliably to the facts of the case."  *Fast v. Applebee's Intern., Inc.*, No. 06-4146-CV-C-NKL, 2009 WL 2391775 *2 (W.D. MO. Aug. 3, 2008).

A trial judge has a gatekeeping responsibility to "ensure that an expert's testimony rests on a reliable foundation and is relevant to the task at hand."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238

(1999) (*citing Daubert*, 509 U.S. at 597).  Among the factors a court should consider in its gatekeeping function to allow or exclude expert testimony are (1) whether the methodology can and has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the known or potential rate of error of this methodology; and (4) whether the technique has been generally accepted in the proper scientific community.  *See Daubert*, 509 U.S. at 593-94.  The Supreme Court has concluded that the same standards of reliability announced in *Daubert* also apply to all expert testimony whether the testimony is scientific, technical, or some other specialized knowledge. *Kumho Tire*, 526 U.S. at 141.

Rule 702 is one of admissibility rather than exclusion. *Lauzon v. Senco Products, Inc.,* 270 F.3d 681, 686 (8th Cir. 2001).  Case law shows that rejection of expert testimony is the exception rather than the rule.  *Robinson v. GEICO Gen. Ins. Co.,* 447 F.3d 1069, 1101 (8th Cir. 2006).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

**Discussion**

**I. Richard Kroon**

The defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively "Werner"), move this Court to exclude Richard Kroon's ("Kroon") damage calculations and expert testimony. Werner argues that Kroon's damage calculations and the opinions he seeks to offer at trial fail to meet the requirements of Fed.R.Evid. 702 and should be excluded under *Daubert*.

Kroon is a data analyst who regularly performs calculations on large datasets for the purpose of determining settlement allocations and damages in class action litigation. Kroon is the Business Intelligence Developer of Kurtzman Carson Consultants. Kroon has worked as a computer data analyst since 1997. Kroon performed damage calculations on data produced by the defendants' records. The plaintiffs claim that Kroon's expertise is limited in scope. Kroon's expertise is sought to calculate what the damages would be under plaintiffs' theories of liabilities if the plaintiffs prevail on the legal issues.

Werner provides the Court with multiple arguments on why Kroon's damage calculations and testimony should be excluded. Werner argues that Kroon did not calculate damages accurately. Werner also claims that Kroon's testimony and calculations are

not sufficiently tied to the facts of the case.  In addition, Werner believes that Kroon's testimony is unreliable because in his first report he had over $11.2 million in errors.  Werner claims that Kroon lacks a basic understanding of the facts and assumptions which he relied upon because he followed the instructions of plaintiffs' counsel.  Finally, Werner argues that Kroon's testimony should be excluded because he relied upon iDiscovery, which was not disclosed, and he should be prohibited from serving as an expert by this Court (*See* Filing No. 275 in 8:11CV401).

       The Court finds that Kroon is qualified to testify as an expert in this action.  However, Kroon's testimony will be limited in scope to address only damage calculations under plaintiffs' theories of liabilities.  Kroon may not testify outside of his expertise as a data analyst.  Werner's objections to Kroon's testimony and calculations go more to the weight to be afforded rather than admissibility.  Werner will have the opportunity to cross-examine, present contrary evidence, and highlight any weaknesses in Kroon's methodology and/or application.  As a result, the motion to exclude the damage calculation and testimony by Richard Kroon will be denied.

**II. Robert Topel**

The plaintiffs move this Court to exclude the testimony of Dr. Robert Topel ("Dr. Topel"), defendants' rebuttal expert. The plaintiffs claim that Dr. Topel does not have the requisite training or knowledge to be admissible under Fed.R.Evid. 702. In addition, the plaintiffs claim that Topel failed to submit a report in compliance with Rule 26.

Dr. Topel is the Distinguished Service Professor of Economics at the University of Chicago Booth School of Business, Director of the George J. Stigler Center of the Study of the Economy at the University of Chicago, and State and Co-Director of the Energy Policy Institute at the University of Chicago. Dr. Topel has a bachelor's degree in economics and a Ph.D. in economics. Dr. Topel is a senior consultant for the Charles River Associates, an economics consulting firm that specializes in the application of economic theory and statistics to legal and regulatory issues (*Id.*). Dr. Topel has reviewed the Driver Log Data, and Kroon's reports and damage calculations. (Filing No. 308-2 at 42-43 in 8:11CV401). Dr. Topel is being offered as a rebuttal expert to Kroon's damage calculations and testimony.

The plaintiffs argue that Dr. Topel's opinion is not based on any specialized knowledge, experience, training, skills, or education. In addition, plaintiffs claim that Dr. Topel's

opinion is not based on sufficient facts or data. Plaintiffs also argue that Dr. Topel's testimony and opinions will not be helpful to the trier of fact. Finally, the plaintiffs argue that Dr. Topel is not qualified and should not be permitted to give an opinion about the meaning of 29 C.F.R. § 785.22.

The Court finds that Dr. Topel is qualified to testify as a rebuttal expert in this action. Dr. Topel studied the same materials as the plaintiffs' expert Kroon, and it is offered to rebut Kroon's testimony and calculations. Dr. Topel's opinions will be helpful to the trier of fact in determining the proper damages. The plaintiffs' objections to Dr. Topel's opinions go more to weight than admissibility. The plaintiffs will be able to cross examine on these issues. As a result, the plaintiffs' motion to exclude Dr. Topel as a rebuttal expert will be denied.

In addition, the plaintiffs argue that Dr. Topel's report should be stricken because he failed to submit a report in compliance with Federal Rule of Civil Procedure 26. The plaintiffs point to two subsections under Rule 26. Under Fed.R.Civ.P. 26(a)(2)(B)(ii), an expert's written report must disclose facts or data considered by the witness in forming his/her opinion. The plaintiffs argue that Dr. Topel failed to disclose that he relied on Werner's counsel's representation and pick up and drop off times. Second, Fed.R.Civ.P. 26(a)(2)(B)(vi)

requires the expert to provide a statement of the compensation paid for the study and testimony. Plaintiffs claim that Dr. Topel has only provided an hourly rate and not the entire amount paid for writing his report.

Under Federal Rule of Civil Procedure 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." "A trial judge has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless." *Michelone v. Desmarais*, 25 Fed. Appx. 155, 158 (4th Cir. 2002); *Mid-America Tablewares*, *Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir. 1996). The Court has not found prejudice in regard to Dr. Topel's expert report. Plaintiffs' counsel has deposed Dr. Topel on the issues not explicitly included in the expert report. As a result, the Court will deny the plaintiffs' request to strike the report of Dr. Topel for failure to comply with Rule 26. Accordingly,

IT IS ORDERED:

1) Defendants' renewed motion in limine (Filing No. 302 in 8:11CV401; Filing No. 204 in 8:12CV307) to exclude damage calculations and expert testimony by Richard Kroon is denied;

2) Plaintiffs' motion in limine (Filing No. 306 in 8:11CV401; Filing No. 208 in 8:12CV307) to exclude defendants proposed rebuttal expert Robert Topel and to strike under Rule 26 is denied.

DATED this 30th day of July, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court