IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

PHILLIP PETRONE, et al.,          )
                                  )
              Plaintiffs,         )          8:11CV401
                                  )
        v.                        )
                                  )
WERNER ENTERPRISES, INC., and )
DRIVERS MANAGEMENT, LLC,          )
                                  )
              Defendants.         )
_____)
PHILLIP PETRONE, et al.,          )
                                  )
              Plaintiffs,         )          8:12CV307
                                  )
        v.                        )
                                  )
WERNER ENTERPRISES, INC., and )          MEMORANDUM AND ORDER
DRIVERS MANAGEMENT, LLC,          )
                                  )
              Defendants.         )
_____)

The matter is before the Court on the parties' cross-motions for summary judgment (Filing Nos. 316 and 321).[1]  This is a class action for unpaid wages under the Fair Labor Standards Act of 1938 and Nebraska wage and hour laws.  After reviewing the briefs, evidentiary record, and applicable law, the Court finds as follows.

---

[1]  All filing numbers reference the filing number in Case No. 8:11CV401 ("Petrone I"), unless otherwise indicated.

**Background and Procedural History**

Defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively "Werner") operate an approximately eight-week Student Driver Program as part of the training and orientation for new drivers.  Throughout the Student Driver Program, a student drives with an experienced driver during which the student assists in the driving, fueling, maintenance, and communications with Werner.  Student drivers are required to accurately log their duty status throughout each workday by using the duty status regulated by the Department of Transportation ("DOT").  Students are paid a flat weekly rate; however, Werner reviews the total number of on-duty hours logged and if necessary, supplements the student's pay to ensure minimum wage is paid for every hour of on-duty time.

Employees are directed to log their "duty status" in the Qualcomm system according to a set of rules and definitions in Werner's employee manual.  During the student driver program, driver trainers instruct the students on how to operate the Qualcomm system and log their duty status.  The Werner manual includes the following four definitions:

> **1. Off Duty** (Section 395.8)  The period of time the Driver is Off-Duty and has no responsibility to the carrier, equipment, or cargo.  Driver is relieved from all

-2-

> responsibility for his vehicle
> during meal, coffee, and routine
> stops, providing that said vehicle
> is legally and safely parked and
> keys for the vehicle are in the
> driver's possession.  The break
> must be a minimum of 30 minutes in
> duration. . . .
>
> **2. Sleeper Berth** (Section 395.1)
> The time the Driver spends resting
> in the sleeper berth.
>
> **3. Driving** (Sections 395.2 and
> 395.3) DRIVE and DRIVING TIME shall
> include all time spent at the
> driving controls of a motor vehicle
> in operation.
>
> **4. On Duty - Not Driving** (Sections
> 395.2 and 395.3)  On-duty time
> means all time from the time a
> Driver begins to work or is
> required to be in readiness to work
> until the time the Driver is
> relieved from work and all
> responsibility for performing work.
> . . .

(Filing No. 323 at Exhibit 1-B).  The messages are sent

electronically to a corresponding message system at Werner's

headquarters.

During the eight-week program, students may take leaves

of absence but are discouraged from doing so.  Werner's leaves of

absence policy states,

> We discourage leaves of absence but
> understand that unforeseen
> circumstances can arise.
> Unnecessary breaks in training

-3-

> hinder the learning process and
> delay a student's eligibility to
> test out.  If your student wants to
> get off the truck, have them call
> their SDM.  We do not want to force
> a student into ULOA (unauthorized
> leave of absence) situations if we
> can avoid it.  LOAs are looked at
> on an individual basis.

(Filing No. 323 at Exhibit 1-L).  During the student driver
program, student drivers are on the road for approximately 8
weeks and under the supervision of driver trainers.  Student
drivers typically spend one day at home for every week the
student drivers are away from home training (*See* Filing No. 325
at ¶ 6).  Student drivers generally complete 250-300 hours of
driving instruction.

Student drivers were trained to use the Qualcomm system
and log "Line 1 off-duty" when on break not in the sleeper berth
or truck cab.  Line 1 time includes time waiting, stretching,
using the bathroom, eating, and showering.  Werner's Handbook has
a policy that breaks are logged on Line 1 and should be 30
minutes or more (Filing No. 323 at Exhibit 1-B).  In addition,
all student drivers were directed to log all time spent in the
sleeper berth as Line 2.  Werner's computer system would total
the time drivers log on Lines 3 and 4 to determine payment of
minimum wage.  Werner did not consider time logged in "Line 1

-4-

off-duty" or "Line 2 sleeper berth" in determining whether a student driver earned minimum wage.

Plaintiff Philip Petrone filed this action on September 14, 2011, in the Eastern District of Pennsylvania, asserting minimum wage violations of the Fair Labor Standards Act ("FLSA") and Pennsylvania state law. On November 17, 2011, the Eastern District of Pennsylvania granted the defendants' motion to transfer to the District of Nebraska. On December 19, 2012, the Court certified this matter as a collective action on behalf of all drivers who participated in Werner's over-the-road training program in the three years preceding the filing date of plaintiffs' motion.

Plaintiffs requested leave to file an amended FLSA complaint and filed a new complaint, "Petrone II," asserting violations of the Nebraska Wage Payment and Collect Act and the Nebraska Wage and Hour Act. The Court consolidated the two cases on October 11, 2012. On July 10, 2013, the Court granted Rule 23(b)(3) class certification for "Petrone II." On May 15, 2015, plaintiffs and defendants filed cross motions for summary judgment (Filing Nos. 316 and 321).

-5-

**Standard of Review**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir.2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.,* 371 F.3d 394, 396 (8th Cir. 2004).

Under the Fair Labor Standards Act, employers must compensate employees with at least a specified minimum wage for

-6-

every hour worked.  29 U.S.C. § 206(a).  Short rest periods of less than 20 minutes "must be counted as hours worked."  29 C.F.R. § 785.18.  Where an employee is required to report at a place of work at a specific time, time spent waiting to begin is compensable.  29 U.S.C. § 790.6.  "Under certain conditions an employee is considered to be working even though some of his time is spent in sleeping."  29 C.F.R. § 785.20.  Where an employee is on duty for 24 hours or more, the most that can be ascribed to eating and sleeping (non-compensated time) is 8 hours.  29 C.F.R. § 785.22.

**Discussion**

The plaintiffs move for summary judgment on three issues:  (1) whether time spent in the sleeper berth beyond eight hours per day is compensable, (2) whether short rest breaks are compensable as a matter of law, and (3) whether the defendants' violations of the law were willful, and therefore making liquidated damages appropriate.  Defendant moves for summary judgment on three issues:  (1) whether time spent in the sleeper berth is not compensable working time under the law, (2) whether plaintiffs have admissible evidence of damages, and (3) whether Werner is entitled to summary judgment on the plaintiffs' claims for liquidated damages because Werner acted reasonably and with honest belief that its conduct did not violate the law.  In

-7-

addition, both parties disagree on whether the state law claims should be calculated on a workweek basis or hour-by-hour basis.

## I. Sleeper Berth Compensation

Both parties have moved on the issue of whether time spent in the sleeper berth is compensable.  The plaintiffs argue that 29 C.F.R. § 785.22 governs the compensability of excess sleeper berth time for individuals on extended tours of duty. The defendants allege that § 785.22 is not applicable, but rather 29 C.F.R. § 785.41 is the controlling regulation.  The plaintiffs claim that the two regulations, § 785.22 and § 785.41, can reasonably be read together and reconciled.

Federal regulation permits employers to utilize a sleep time exclusion to the minimum wage and overtime pay requirements under the FLSA where an employee is on duty for 24 hours or more. *See* 29 C.F.R. § 785.22.  Under § 785.22(a),

> Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep.  If sleeping period is of more than 8 hours, only 8 hours will be credited.  Where no expressed or implied agreement to the contrary

-8-

> is present, the 8 hours of sleeping
> time and lunch periods constitute
> hours worked.

An additional Department of Labor ("DOL") regulation, 29 C.F.R.

§ 785.41, addresses work performed while traveling. Under

§ 785.41,

> Any work which an employee is
> required to perform while traveling
> must, of course, be counted as
> hours worked.  An employee who
> drives a truck, bus, automobile,
> boat or airplane, or an employee
> who is required to ride therein as
> an assistant or helper, is working
> while riding, except during bona
> fide meal periods or when he is
> permitted to sleep in adequate
> facilities furnished by the
> employer.

"When a court construes an administrative regulation,

the normal tenets of statutory construction are generally

applied."  *Nebraska Pharmacists Ass'n, Inc. v. Nebraska Dep't of

Soc. Servs.,* 863 F. Supp. 1037, 1046 (D. Neb. 1994)(internal

citations omitted).  Under the general rules of statutory

interpretation, "a reviewing court should not confine itself to

examining a particular statutory provision in isolation."  *FDA v.

Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 132, 120 S.Ct.

1291, 146 L.Ed.2d 121 (2000).  "It is a 'fundamental canon of

statutory construction that words of a statute must be read in

their context and with a view to their place in the overall

-9-

statutory scheme.'"  *Id.* at 133, quoting *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989).

The plaintiffs cite to DOL Field Operations Handbook and Advisory Opinions to support their argument.  "An agency's interpretation of its own regulation is 'controlling unless plainly erroneous or inconsistent with the regulation.'"  *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d. 946, 951 (8th Cir. 2004) (quoting *Auer v. Robbins*, 519 U.S. 452, 461, 177 S.Ct. 905, 137 L.Ed.2d 79 (1997)).  "This type of *Auer* deference is appropriate for DOL interpretations of its own regulations, where the regulations 'g[i]ve specificity to a statutory scheme the Secretary [of the DOL] [i]s charged with enforcing and reflect the considerable experience and expertise the Department of Labor ha[s] acquired over time with respect to the complexities of the Fair Labor Standards Act.'"  *Fast v. Applebee's Intern., Inc.,* 638 F.3d 872, 878 (8th Cir. 2011)(quoting *Gonzales v. Oregon,* 546 U.S. 243, 256-57, 126 S.Ct. 904, 163 L.Ed.2d 748(2006)).  In addition, courts "afford deference to the agency's reconciliation of its own regulations." *Armstrong v. Palmer*, 879 F.2d 437, 439 (8th Cir. 1989).

-10-

Section 31b09 of the DOL Field Operations Handbook addresses hours worked by truck drivers. Subsection (a) entitled "time spent in sleeping berths in trucks" states,

> Berths in trucks are regarded as
> adequate sleeping facilities for
> the purposes of IB 785.41 and
> 785.22. However, this rule applies
> to sleeping berth time of truck
> drivers or helpers only when they
> are on continuous tours of duty
> during trips away from home for a
> period of 24 hours or more. If the
> trip begins and ends at the home
> station and is performed within one
> working day (less than 24 hours),
> all time on duty on the truck is
> time worked (except, of course, for
> bona fide meal periods) even though
> some of that time is spent in the
> sleeping berth.

Field Operations Handbook, Chapter 31, 31b09(a). Subsection (b) addresses tours of duty of 24 hours or more but less than 48 hours for truck drivers. Section 31b09(b) states that "IB 785.22 describe[s] excludable sleep time for hours of duty of 24 hours or more."

The DOL has also published advisory opinions that address the compensability of sleeper berth time for over the road truckers. An advisory opinion from February of 1964 states,

> As indicated in section 785.22 of
> the bulletin on Hours Worked,
> previously sent to you, bona fide
> weal [sic] periods and bona fide
> sleeping periods may be excluded

-11-

> from hours worked where truck
> drivers and helpers are on trips
> away from home for a period of 24
> hours or more.  The bona fide
> sleeping period is limited to a
> maximum of 8 hours in computing
> hours worked.

U.S. Dep't of Labor, Wage & Hour & Pub. Contracts Div. Advisory

Op. 25 BA 407.8(February 17, 1964).  Two years later, the

Administrator wrote another advisory opinion interpreting the

regulations with respect to truck drivers.  The 1966 opinion

states,

> As indicated in Section 785.22 of
> the enclosed bulletin on Hours
> Worked, bona fide sleeping periods
> may be excluded from hours worked
> where truck drivers and helpers are
> an [sic] trips away from facilities
> for a period of 24 hours or more
> provided adequate sleeping
> facilities are furnished by the
> employer.  The bone [sic] fide
> sleeping period is limited to a
> maximum of 8 hours in computing
> hours worked.

U.S. Dep't of Labor, Wage & Hour & Pub. Contracts Div. Advisory

Op. 25 BA 302.5 (November 18, 1966).

The DOL Field Operations Handbook and advisory opinions

shed light on the applicability of Sections 785.22 and 785.41 in

the present case.  The two regulations, when read on their face,

are ambiguous as to whether one or both apply to truck sleeper

berths while on a tour of duty.  Because the Administrator's

-12-

interpretations are not plainly erroneous or inconsistent with the regulations as a whole, the Court must give deference to the interpretations.  The defendants argue that § 785.41 is clear on its face and applies to truck drivers and passengers, and therefore should be the controlling regulation.  However, the DOL handbook and advisory opinions make clear that § 785.22 is also intended to apply to truck drivers on tours of duty over 24 hours.  Therefore, § 785.41 is not the only regulation specific to truck drivers and their passengers.  When interpreting regulations, the Court cannot look to one regulation in isolation for the answer, but rather must consider the overall regulatory scheme.

In addition, the defendants argue that the plaintiffs were not on "active duty" while in the sleeper berth and, therefore, § 785.22 is inappropriate.  However, the language of the regulation itself states "on duty" and not "active duty."  In this case, the student drivers were not allowed to leave the truck whenever they wished.  The student drivers were required to rest in the sleeper berth so that they can train and drive Werner's trucks and be in compliance with DOT regulations.  The named plaintiff Philip Petrone stated in a deposition that,

> I wasn't completely relieved of
> responsibility from my employer.  I
> was pretty much on assignment for

-13-

> 24 hours.  I was responsible for
> the cargo on the truck.  I wasn't
> free to go where I -- I didn't have
> free roam to do what I had to do.
> I was limited being by the truck.
> . . . I was always at hand as
> needed for my responsibilities.  As
> long as I was with that truck, that
> truck was my responsibility . . .
> So I don't believe I was ever
> completely relieved of my
> responsibilities of the truck even
> though I was "off duty."

(Filing No. 338 at Exhibit 1-J, 20, 23).  John Steele ("Steele"), the Chief Financial Officer, Executive Vice President and Treasurer of Werner Enterprises, stated in an affidavit that student drivers "typically spent one day at home for every week they are away from home while performing the over-the-road freight transportation . . . ." (Filing No. 325 at ¶ 6).  In addition, Steele stated that "student drivers spend approximately eight weeks on the road away from home training under the supervision of one or more diver trainers" (*Id.* at ¶ 7).  The student drivers are not continuously "on duty" for 8 weeks when they are at home or a motel resting.  However, the testimony and facts of the case demonstrate that student drivers were on a continuous 24-hour shift when on the road for days or weeks at a time.  The nature of Werner's student driver program is that the student drivers often spend time in the sleeper berth while the trainer driver is driving.  For the purposes of 29 C.F.R.

-14-

§ 785.22, Werner's student drivers are on duty for 24 hours or more when on the road training.

The DOL's Handbook and advisory opinions demonstrate that both § 785.22 and § 785.41 apply to truck drivers when on a tour of duty over 24 hours.  Applying § 785.41 in isolation does not address the training aspect of the Werner's student driver program where students are away from home and driving for multiple days or weeks.  Reading the two regulations together is not inconsistent with the overall regulatory scheme.  Section 785.41 allows an employer to exclude a bona fide sleeping period for drivers and passengers when adequate sleeping facilities are provided.  However, Section 785.22 limits the bona fide sleeping period exclusion to a maximum of 8 hours per 24 hour period.  Werner never took into account student driver logs under "Line 2 sleeper berth" when determining minimum wage compensation.  As a result, plaintiffs' motion for summary judgment on the issue of sleeper berth compensation will be granted, and the defendants' motion will be denied.

## II. Short Rest Periods

The plaintiffs ask the Court to grant their motion for summary judgment on the issue of short rest breaks.  The plaintiffs allege that Werner failed to compensate student drivers for short rest breaks of 20 minutes or less which are

compensable as a matter of law.  Werner argues that its written

break time policy is lawful.

Under 29 C.F.R. § 785.18,

Rest periods of short duration,
running from 5 minutes to about 20
minutes, are common in industry.
They promote the efficiency of the
employee and are customarily paid
for as working time.  They must be
counted as hours worked.

"It is the general rule under federal law that breaks of less

than thirty minutes are compensable."  *Rother v. Lupenko*, Nos.

11-35922, 11-35953, 2013 WL 1491290 *1 (9th Cir. April 12, 2013).

Werner has an off-duty break time policy in place that

states,

Driver is relieved from all
responsibility for his vehicle
during meal, coffee, and routine
stops, providing that said vehicle
is legally and safely parked and
the keys for the vehicle are in the
driver's possession.  The break period
must be a minimum of 30 minutes in
duration.

(Filing No. 323 at Exhibit 1-B). Werner argues that its policy

complied with the law.  However, the plaintiffs argue that in

practice, Werner was not compensating student drivers for 20

minute or less breaks.  The rest breaks were reported to Werner

via the Qualcomm system.  A corporate designee for Werner, Jaime

Maus, admitted that breaks of 20 minutes or less are often logged

-16-

as Line 1, off-duty.  The plaintiffs' attorney asked the

following line of questioning:

> Q. Okay. Hypothetically, if a
> driver is waiting for a load and he
> waits 15 minutes, so he gets to the
> terminal, stops the truck, gets out
> of the truck, stretches, does
> whatever he wants, but 15 minutes
> later, he's back on the road
> because the truck is now loaded,
> how should he have logged that 15
> minutes?
>
> A. If he's not required to be doing
> any work at that time, it would be
> a Line 1 --
>
> Q. Okay.
>
> A. -- off duty.
>
> Q. Even if he's required to wait
> for the next load if it's a short
> break?
>
> A. Even if he's required to wait,
> if he is not physically working at
> that time, he would log as Line 1,
> off duty.

(Filing No. 323, at Exhibit 1-E, p. 22).

Werner argues that it did not have constructive

knowledge of the short rest breaks under 20 minutes.  When

determining constructive or actual knowledge, a court needs to

resolve whether the employer had knowledge of hours being worked

or had the opportunity through reasonable diligence to acquire

knowledge.  *See Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir.

-17-

1997)(citing *Reich v. Dep't of Conservation & Natural Res.*, 28 F.3d 1076, 1082 (11th Cir. 1994)).  In this case, every time a student driver logged a 20 minute or less break under "Line 1 off duty" that information was sent back to Werner's headquarters. Werner had knowledge or the opportunity through reasonable diligence to determine that student drivers were not being compensated for short rest periods logged under Line 1. The plaintiffs' expert has provided data for the amount of short rest breaks not compensated by the defendants (Filing No. 338 at Exhibit 1-B).  The defendants' expert on damages stated in a deposition that only small differences are present between his calculation for short rest periods and the plaintiffs' expert's calculations (Filing No. 338 at Exhibit 1-C, p. 64).

Werner's policy for short rest periods on its face complied with the law.  However, in practice Werner did not compensate student drivers for short rest periods under 20 minutes logged Line 1 on the Qualcomm system.  As a result, the Court will grant the plaintiffs' motion for summary judgment on the issue of short rest breaks.

## III. Plaintiffs' Evidence of Damages

When employees bring a suit for unpaid minimum wages, the employees have "the burden of proving that [they] performed work for which [they were] not properly compensated." *Anderson*

-18-

*v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), superseded by statute on other grounds, Portal-to-Portal Act of 1947, Pub.L.No. 49-52, § 5, 61 Stat. 84, 87 (May 14, 1947)(codified at 29 U.S.C. §216(b)).  It is the employer's duty to keep accurate records, "[b]ut where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises." *Id.* at 687.  In *Mt. Clemens* the Supreme Court held, "that an employee has carried out his burden if he proves that he has in fact performed work for which he is improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.*  The burden then shifts to the employer to show evidence "of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88.

Werner alleges that the plaintiffs do not have admissible evidence of damages, and therefore summary judgment in their favor should be granted.  The defendants claim that the plaintiffs' damages expert Richard Kroon's ("Kroon") damage calculations are unreliable and inconsistent with the plaintiffs' claims.  The plaintiffs argue that they rely on the defendants' pay and time records to prove damages.  The defendants' records

may not be completely accurate as to the exact time spent in the sleeper berth or on short break periods.  However, the plaintiffs can use Werner's pay and time records as sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The Court has addressed the admissibility of Kroon's calculations and testimony in a separate order (*See* Filing No. 345).  As a result, the defendants' motion for summary judgment due to lack of admissible damage calculations will be denied.

## IV. Liquidated Damages

Under 29 U.S.C. § 260,

> if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Section 260 has both subjective and objective components; thus, defendant must establish that it acted with good faith and reasonableness.  *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941 (8th Cir. 2008).  "The 'good faith' requirement is a

subjective standard where the employer must establish 'an honest intention to ascertain and follow the dictates of the FLSA.'" *Id.* (quoting *Hultgren v. County of Lancaster, Neb.*, 913 F.2d 498, 509 (8th Cir. 1990)).  "To carry his burden, a defendant employer must show that he took affirmative steps to ascertain the Act's requirements, but nonetheless, violated its provisions." *Id.* "Precise conformity" with the FLSA and its accompanying regulations and DOL interpretations is not necessary; a "reasonable belief of conformity" is all that is required. *Chao*, 568 F. Supp. 2d at 1322.  Even where an employer's decisions about the FLSA are incorrect, liquidated damages are not proper if the employer made a good faith attempt to comply with the FLSA. *Cross v. Arkansas Forestry Comm'n*, 938 F.2d 912, 918 (8th Cir. 1999); *Hultgren*, 913 F.2d at 509-10.  In addition, under the Nebraska Wage Payment & Collection Act, when an employee proves a wage violation and the nonpayment was willful on the part of the employer, the court may order the employer to pay an additional damage award into a fund for the benefit of Nebraska schools. *See Law Offices of Ronald J. Palagi, P.C., L.L.O. v. Howard*, 275 Neb. 334, 353, 747 N.W.2d 1, 15-16 (2008).  What constitutes good faith on the part of an employer and whether the employer had reasonable grounds for believing that its act or omission was not a violation of the FLSA are mixed questions of fact and law."

*Gallegos v. Equity Title Co. of Am., Inc.*, 484 F.Supp.2d 589, 599
(W.D.Tex. 2007) (citing *Dybach v. Fla. Dep't of Corr.*, 942 F.2d
1562, 1566 (11th Cir. 1991)).

The defendants argue that the Werner's Student Driver
Program was developed in good faith and complied with 29 C.F.R.
§ 785.41. As evidence of good faith, Werner states that it
diligently investigated its legal obligations, including hiring
outside counsel, to determine whether the program complied with
the law. The defendants did not address the issue of liquidated
damages for the short rest period issue. The plaintiffs argue
that defendants failed to research and be informed of the issue
of sleeper berth compensation. The plaintiffs claim that Werner
never looked at the Field Operations Handbook or Advisory Opinion
in developing its Student Driver Program.

The Court will grant the plaintiffs' motion for
liquidated damages on the short rest period claims. It is clear
from the facts that Werner understood the law on short rest
periods but failed to compensate student drivers for short breaks
logged under Line 1. However, a question of material fact
remains as to whether the defendants acted in good faith as to
the development of the Student Driver Program regarding sleeper
berth compensation. The Court will not preclude Werner from
asserting any good faith or willfulness defense. The plaintiffs'

-22-

and defendants' motions for summary judgment on the issue of liquidated damages for sleeper berth time will be denied.

## V. Nebraska Wage and Hour Violation Calculations

The plaintiffs allege that minimum wage violations under the Nebraska Wage and Hour Act should be calculated on an hour-by-hour basis.  The defendants argue that the Nebraska Wage and Hour Act should have the same coverage as the FLSA, and therefore be calculated on a weekly basis.  The defendants ask the Court to apply the "*Klinghoffer* rule" to the state law claims.  The *Klinghoffer* rule states that under the FLSA, no violation occurs "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement."  *See United States v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 490 (2nd Cir. 1960).

The United States Court of Appeals for the Eighth Circuit has applied the *Klinghoffer* rule to the FLSA's minimum wage provision.  *See Hensley v. Macmillan Bloedel Containers, Inc.,* 786 F.2d 353, 357 (8th Cir. 1986).  However, no court in Nebraska has applied the federal *Klinghoffer* rule to the state Wage and Hour Act.  Therefore, calculations under the Nebraska

-23-

Wage and Hour act will be based on an hour-by-hour basis, whereas the *Klinghoffer* rule shall be applied to the FLSA violations.

IT IS ORDERED:

1)  Plaintiffs' motion for summary judgment as to sleeper berth compensation is granted.  The defendants' motion as to sleeper berth compensation is denied.

2)  Plaintiffs' motion for summary judgment as to short rest breaks is granted.

3)  Defendants' motion for summary judgment as to plaintiffs' lack of admissible damage calculations is denied.

4)  Plaintiffs' motion for liquidated damages as to the short rest breaks is granted.  However, both parties' motions for summary judgment on the issue of liquidated damages for sleeper berth time are denied.

5)  Defendants' motion to apply to *Klingoffer* rule to the Nebraska state law calculations is denied.

6)  Trial regarding damages in this case will commence on:

**Wednesday, September 9, 2015, at 9 a.m.**

-24-

Courtroom No. 5, Roman L. Hruska United States Courthouse, 111

South 18th Plaza, Omaha, Nebraska.

      DATED this 3rd day of August, 2015.

                  BY THE COURT:

                  /s/ Lyle E. Strom

                  _____
                  LYLE E. STROM, Senior Judge
                  United States District Court