IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE, et al.,         )
                                 )
            Plaintiffs,          )       8:11CV401
                                 )
     v.                          )
                                 )
WERNER ENTERPRISES, INC., and    )
DRIVERS MANAGEMENT, LLC,         )
                                 )
            Defendants.          )
_____)
PHILLIP PETRONE, et al.,         )
                                 )
            Plaintiffs,          )       8:12CV307
                                 )
     v.                          )
                                 )
WERNER ENTERPRISES, INC., and    )       ORDER
DRIVERS MANAGEMENT, LLC,         )
                                 )
            Defendants.          )
_____)
```

This matter is before the Court on defendants' motion to strike the May 2015 declaration of Richard Kroon (Filing No. 327)[1] and accompanying brief (Filing No. 328). The plaintiffs responded with a brief in opposition (Filing No. 331), to which the defendants replied (Filing No. 339). After reviewing the motion, briefs, and relevant law, the Court will grant the defendants' motion.

---

[1] All filing numbers reference the filing number in Case No. 11CV401 ("Petrone I"), unless otherwise indicated.

Defendants contend that Richard Kroon's ("Kroon") declaration (*See* Filing No. 315) should be stricken as an untimely expert report.  Plaintiffs argue that Kroon's declaration is for the purposes of rebutting the defendants' expert Robert Topel's ("Topel") opinion on drop-off text messages.  In addition, the plaintiffs state that Kroon's declaration is necessary for the Court to consider in the plaintiffs' *Daubert* challenges (Filing No. 331 at 7).

"Post-deposition contradictory affidavits are admitted only when the prior deposition testimony shows confusion, and the subsequent affidavit helps explain the contradiction." *Cuffley v. Mickes*, 208 F.3d 702, 707 (8th Cir. 2000).  Kroon made clear that he did not rely on the text message data in his damage calculations because he found the data to be too unreliable (*See* Filing No. 312 at Exhibit 1-A).  However, his May 2015 declaration includes damage calculations using the Trainee Message Data.  The new damage calculations utilizing the text message data is well beyond the expert report deadline, even though Kroon had the data during the applicable time period.  The defendants have not had the opportunity to depose Kroon on this information.  The plaintiffs had the opportunity and did depose Topel on this issue.  As a result, the Court will grant the

defendants' motion to strike the May 2015 Kroon declaration. Accordingly,

IT IS ORDERED that defendants' motion to strike the May 2015 declaration of Richard Kroon is granted.

DATED this 3rd day of August, 2015.

BY THE COURT:
/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court