IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE, et al.,        )
                                )
            Plaintiffs,         )       8:11CV401
                                )
     v.                         )
                                )
WERNER ENTERPRISES, INC., and   )
DRIVERS MANAGEMENT, LLC,        )
                                )
            Defendants.         )
_____)
PHILLIP PETRONE, et al.,        )
                                )
            Plaintiffs,         )       8:12CV307
                                )
     v.                         )
                                )
WERNER ENTERPRISES, INC., and   )       MEMORANDUM AND ORDER
DRIVERS MANAGEMENT, LLC,        )
                                )
            Defendants.         )
_____)
```

This matter is before the Court on defendants' renewed motions to decertify the class and collective action (Filing No. 318 in 8:11CV401; Filing No. 220 in 8:12CV307). The defendants filed briefs in support of their motions. The plaintiffs responded with briefs in opposition, to which the defendants replied. After reviewing the motions, briefs, and applicable law, the Court finds as follows.

**Background and Procedural History**

Defendants operate an eight-week Student Driver Program as part of the training and orientation for new drivers. Part of the training consists of driving a scheduled route with a trainer during which the trainee assists in the driving, fueling, maintenance, and communications with defendants. Plaintiffs contend that defendants inappropriately designate significant amounts of legally compensable time as "off-duty" leading to under-compensation in violation of the Fair Labor Standards Act ("FLSA"). Specifically, plaintiffs complain of two separate types of violations: (1) a practice of failing to compensate drivers for breaks of less than 20 minutes; and (2) a practice of failing to compensate for sleeping periods in excess of eight hours in violation of the continuous workday rule.

The plaintiffs filed this action "Petrone I" alleging claims under the FLSA (Filing No. 1 in 8:11CV401). In addition, plaintiffs filed an action "Petrone II" alleging Nebraska law claims based on the same facts as "Petrone I" (Filing No. 1 in 8:12CV307). The two cases have been consolidated. The Court entered a provisional order granting conditional certification (Filing No. 83 in 8:11CV401) on October 11, 2012. The Court adopted the provisional order as a permanent order on December 19, 2012 (Filing No. 105 in 8:11CV401). In addition, the Court

certified a class for the state law claims under the Nebraska's Wage and Hour Act and Nebraska's Wage Payment and Collection Act (Filing No. 52 in 8:12CV307). The defendants move this Court to decertify the class and collective action. The defendants allege that individual issues predominate over common questions, that damages cannot be proven on a class wide basis, and that thousands of class members lack standing.

**Law**

To qualify for class certification under Rule 23, a plaintiff must satisfy the threshold requirements of Rule 23(a), and all requirements for at least one subsection in Rule 23(b). *See* Fed.R.Civ.P. 23. To satisfy Rule 23(a), plaintiffs must prove (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed.R.Civ.P. 23(a). Plaintiffs must also prove that common questions predominate over individual questions and that a class action is the superior method for resolving the claims. Fed.R.Civ.P. 23(b)(3).

To avoid decertification, plaintiffs must prove that they are similarly situated, or that they "'suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.'" *Bouaphakeo v. Tyson Foods, Inc.,* 765 F.3d 791, 796 (8th Cir. 2014)(quoting *O'Brien v. Ed Donnelly Enters.,*

*Inc.,* 575 F.3d 567, 585 (6th Cir. 2009)). "Even though Plaintiffs' burden at this final stage is more onerous than at the notice stage, there is no requirement that Plaintiffs be 'identically situated.'" *Judkins v. Southerncare, Inc.,* No. 4:12CV00293, 2015 WL 105789, at *1 (S.D. Iowa Jan. 6, 2015) (citing *Fast v. Applebee's Int'l, Inc.,* 243 F.R.D. 360, 363 (W.D. Mo. 2007).

**Discussion**

The plaintiffs have satisfied the four requirements under Rule 23(a). The class consists of approximately 50,000 class members; therefore, individualized litigation would be impractical. The plaintiffs possess the same interest and have suffered the same injuries, even though some factual variations exist. As a result, the plaintiffs established typicality. The representatives' legal claims and factual circumstances are similar to the other class members, not creating any conflict of interest.

For the commonality requirement, the defendants argue that substantial individual issues predominate over common issues. Defendants claim that individualized inquiry is needed; therefore decertification is proper. Plaintiffs allege that defendants' minimum wage violations as to sleeper berth and short rest periods stem from the same policy, practice, and conduct of

-4-

the defendants.  The plaintiffs can point to a common policy or practice to demonstrate how they were not properly compensated.  All student drivers logged their time under the same system.  Short rest periods were often logged under "Line 1" and sleeper berth time was logged under "Line 2."  Certain off-duty time was not compensated by the defendants.  This Court has already determined that defendants are liable as to the issue of sleeper berth compensation and short rest periods (Filing No. 347 in 8:11CV401).  The defendants' policy or practice for not compensating the students drivers is common among all class members.  Therefore, the common issues predominate over individual issues.

As to the issue of damages, the defendants allege that damages cannot be proven on a class wide basis.  The plaintiffs argue that they have a class-wide damage model which can compute damages for injured class members.  Defendants cite to *Comcast Corp. v. Behrend*, for the position that plaintiffs must provide admissible evidence of a reliable means for calculating the amount of wages due for all class members through some uniform methodology.  133 S.Ct. 1426, 185 L.Ed.2d 515 (2013).  Circuit courts have clarified the ruling in *Comcast* by stating that "*Comcast* holds that a damages suit cannot be certified to proceed as a class action unless the damages sought are the result of the

class-wide injury that the suit alleges." *Butler v. Sears, Roebuck and Co.,* 727 F.3d 796, 799 (7th Cir. 2013). In this case, plaintiffs seek damages for the class-wide injury resulting from defendants' failure to compensate plaintiffs with minimum wages. Common questions of the class predominate, even though some factual variations may be present. The plaintiffs' damage calculation model can produce a "just and reasonable inference" based on the defendants' own records. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946).

Finally, the defendants argue that the class should be decertified because the class contains members who do not suffer damages. The plaintiffs contend that decertification on the issue of standing is improper because it is based on the premise that minimum wage is calculated on a weekly basis. "In order for a class to be certified, each member must have standing and show injury in fact that is traceable to the defendant and likely to be redressed in a favorable decision." *Avritt v. Reliastar Life Ins. Co.,* 615 F.3d 1023, 1034 (8th Cir. 2010). Federal courts "do not require that each member of a class submit evidence of personal standing." *Denney v. Deutsche Bank AG,* 443 F.3d 253, 263-64 (2d Cir. 2006). This Court held that the *Klinghoffer* rule will not apply to the Nebraska state law claims (*See* Filing No.

347 at 23 in 8:11CV401).  Damage calculations for Nebraska state law violations will be based on an hour-by-hour basis.  As a result, the defendants' motion to decertify the class based on standing will be denied.  Accordingly,

IT IS ORDERED that defendants' renewed motions to decertify the class and collective action (Filing No. 318 in 8:11CV401; Filing No. 220 in 8:12CV307) are denied.

DATED this 12th day of August, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court