IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PHILLIP PETRONE, et al.,        )
                                )
            Plaintiffs,         )          8:11CV401
                                )
        v.                      )
                                )
WERNER ENTERPRISES, INC., and   )
DRIVERS MANAGEMENT, LLC,        )
                                )
            Defendants.         )
_____ )
PHILLIP PETRONE, et al.,        )
                                )
            Plaintiffs,         )          8:12CV307
                                )
        v.                      )
                                )
WERNER ENTERPRISES, INC., and   )       MEMORANDUM AND ORDER
DRIVERS MANAGEMENT, LLC,        )
                                )
            Defendants.         )
_____ )
```

This matter is before the Court on defendants' motion for relief from judgment under Federal Rule of Civil Procedure 60(b) or, in the alternative, to certify ruling for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and to stay the proceedings (Filing No. 354 in 8:11CV401; Filing No. 256 in 8:12CV307).  After reviewing the motion, briefs, and relevant law the Court finds as follows.

**Background**

Defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively "Werner") operate an approximately eight-week Student Driver Program as part of the training and orientation for new drivers.  Plaintiff Philip Petrone filed this action on September 14, 2011, asserting minimum wage violations under the Fair Labor Standards Act ("FLSA") and Pennsylvania state law.  In addition, violations under the Nebraska Wage Payment and Collection Act and the Nebraska Wage and Hour Act were asserted.  On May 15, 2015, plaintiffs and defendants filed cross-motions for summary judgment.  This Court held that the defendants were liable for failing to pay minimum wages for certain sleeper berth time and short rest breaks (Filing No. 347 in 8:11CV401; Filing No. 249 in 8:12CV307).  The Court also concluded that hourly damages were appropriate for the state law claims (*Id.*).  The defendants filed this motion to reconsider under Rule 60(b) or in the alternative, to certify for interlocutory appeal (Filing No. 354 in 8:11CV401; Filing No. 256 in 8:12CV307).  The plaintiffs filed a brief in opposition (Filing No. 363 in 8:11CV401; Filing No. 265 in 8:12CV307), to which the defendants replied (Filing No. 365 in 8:11CV401; Filing No. 267 in 8:12CV307).

**Discussion**

Title 28, U.S.C. § 1292(b) allows a district court to certify an interlocutory appeal of an order where the court determines that "'(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation.'" *Union Cty., Iowa v. Piper Jaffray & Co.,* 525 F.3d 643, 646 (8th Cir. 2008)(quoting *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994)).  Permission to allow such appeals should only be granted "'sparingly and with discrimination.'"  *Id.* at 646 (quoting *White*, 43 F.3d at 376).  The legislative history of § 1292(b) "indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.'"  *Id.* (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

**I. Controlling Question of Law**

The Court's summary judgment order as to liability involves a controlling question of law.  If the Eighth Circuit were to conclude that this Court's decisions to find the defendants liable as to sleeper berth claims and the application of hourly damages for state law claims were incorrect, then the plaintiffs' case as to those issues would be dismissed.

## II. Substantial Ground for Difference of Opinion

The issues addressed in the summary judgment order are issues of first impression for the Eighth Circuit.  "To determine if a `substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear."  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  The law may be unclear where "`the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point.'"  *Id.* (quoting 2 Federal Procedure, Lawyers Edition § 3:212 (2011)).  Currently there is no Eighth Circuit precedent on the issues addressed in the summary judgment order.  The only case law that is similar to the issue at hand is *Nance v. May Trucking*, which this Court found to be not directly on point.  2014 WL 199136 (D.Or. Jan. 15, 2014).  As a result, a substantial ground for difference of opinion is present.

## III. Material Advancement of the Litigation

A decision by the Eighth Circuit about the applicable law and liability could make trial unnecessary, limit the issues for trial, or limit unnecessary expenses or judicial resources. Therefore, the Court finds that allowing the appeal could materially advance the litigation in this matter.  Accordingly,

IT IS ORDERED that defendants' motion is granted in part and denied in part:

1)   Defendants' motion for reconsideration under Rule 60(b) is denied.

2)   Defendants' motion to certify ruling for an interlocutory appeal as to the August 3, 2015, summary judgment order (Filing No. 347 in 8:11CV401; Filing No. 249 in 8:12CV307) is granted.

3)   Defendants' motion to stay proceedings pending the outcome of appeal is granted.

DATED this 25th day of August, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court