IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHILLIP PETRONE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:11CV401 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER ENTERPRISES, INC., and | ) | |
| DRIVERS MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| PHILLIP PETRONE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:12CV307 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER ENTERPRISES, INC., and | ) | MEMORANDUM AND ORDER |
| DRIVERS MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on two related motions. The defendants filed motions to strike the plaintiffs' newly disclosed damage calculations (Filing No. 349 in 8:11CV401; Filing No. 251 in 8:12CV307). In addition, the defendants filed motions to strike the December 2015 Declaration of Richard Kroon (Filing No. 386 in 8:11CV401; Filing No. 288 in 8:12CV307).[1] After reviewing the motions, briefs, and applicable law, the Court finds as follows.

---

[1] Hereafter, all filing numbers reference the filing number in Case No. 8:11CV401 ("Petrone I"), unless otherwise indicated.

**Background**

Defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively "Werner") operate an approximately eight-week Student Driver Program as part of the training and orientation for new drivers. The plaintiffs brought this class action claiming that Werner violated the Fair Labor Standards Act ("FLSA") and Nebraska wage and hour laws. The class consists of over 55,000 class members. In August of 2015, this Court entered summary judgment in favor of the plaintiffs (Filing No. 347). However, on April 18, 2016, the Court vacated in part its summary judgment order on the Nebraska Wage Payment and Collection Act due to new Eighth Circuit precedent (Filing No. 395).

Plaintiffs hired Richard Kroon ("Kroon") as an expert to calculate damages in this case. In January of 2014, plaintiffs produced Kroon's first expert report (Filing No. 186). During a deposition, Kroon admitted to making over $11.2 million in errors in his first report (*See* Filing No. 304-4). The Court allowed Kroon to file supplemental expert reports by August 1, 2014, to correct errors and include additional discovery responses (*See* Filing Nos. 275, 280). Kroon's August 1, 2014, expert report only included damage totals calculated on a weekly basis.

Werner moves this Court to strike plaintiff's newly disclosed damage calculations and the December 2015 declaration of Kroon. Werner argues that the new damage calculations were disclosed a year after the extended expert deadline. In addition, the plaintiffs filed a declaration by Kroon in December of 2015 attempting to explain the August 2015 damage calculations. The plaintiffs argue that the damage amounts were previously disclosed, but not calculated on an hourly basis. Werner claims that both the calculations and the declaration should be stricken under Rule 26 of the Federal Rules of Civil Procedure.

**Law**

Under the Federal Rules of Civil Procedure, a party is required to disclose "a computation of each category of damages claimed by the disclosing party -- who must also make available for inspection . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based . . . ." Fed.R.Civ.P. 26(a)(1)(A)(iii). Rule 26 also requires experts to disclose "a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them." Fed.R.Civ.P. 26(a)(2)(B). "If a party fails to

provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed.R.Civ.P. 37(c)(1).

The Eighth Circuit has stated that the Federal Rules "permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified." *Trost v. Trek Bicycle Corp.,* 162 F.3d 1004, 1008 (8th Cir. 1998). Failure to disclose information in a timely manner is equivalent to failure to disclose. *See id.* (citing *Sylla-Swandon v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277, 284 (8th Cir. 1995)). "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)(citing *Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003)).

**Discussion**

Werner moves this Court to strike the plaintiffs' newly disclosed damage calculations and the December 2015 Declaration

-4-

of Kroon. The plaintiffs argue that the August 2015 spreadsheet is substantially identical to the August 2014 spreadsheet, except for the calculations to determine hour-by-hour minimum wage damages. In addition, the plaintiffs claim that the calculations are not expert opinion but rather arithmetic. The plaintiffs did not file a brief in opposition to the motion to strike the December 2015 declaration, but rely entirely on their opposition to the motion to strike the newly disclosed damage calculations (*See* Filing No. 392). Both the damage calculations and the declaration were disclosed past the expert discovery deadline and without seeking leave from the Court to disclose such information. Even if the Court accepted the plaintiffs' argument that the newly disclosed calculations were not the result of any expert opinion but simple arithmetic, they too were disclosed past the fact discovery deadline of April 1, 2014 (*See* Filing No. 295). Therefore, the issue before the Court is whether the disclosures were substantially justified or harmless.

In assessing whether a disclosure is substantially justified or harmless, courts may consider the following factors:

> 1) [T]he importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used at

> Trial, or on a Motion; and, 4) the
> availability of a continuance to
> cure such prejudice.

*Tlamka v. Serrell*, Case No. 97-CV-3212, 2002 WL 500656, *4 (D. Neb. March 25, 2002)(citations omitted). In this case, hour-by-hour damage calculations are important. However, the plaintiffs have had ample time to produce such calculations within the court ordered deadlines. As early as June of 2014, it has been the plaintiffs' theory that the Nebraska wage and hour law violations should be calculated on an hourly basis (*See* Filing No. 264 at 34-36). In addition, the plaintiffs' expert stated in his August 1, 2014 expert report that,

> I understand Plaintiffs are also
> seeking liability where minimum
> wage is calculated on an hourly
> basis (rather than a weekly basis)
> . . . I am able to perform such
> calculations (and in fact have
> already done so as such math is
> inherent in the calculations I
> performed above) should the Court
> determine liability under such a
> basis.

(Filing No. 351-1, Exhibit C at 9). Under the second factor, the plaintiffs do not have an excuse for why they did not provide the damage calculations on an hourly basis within the required deadlines.

Under the third factor, the defendants would be prejudiced if the newly disclosed damage calculations and Kroon's

declaration were used at trial or in support of a motion. The newly disclosed damages totals apply to 55,621 class members, and contain more than 14,000 pages of spreadsheets. In addition, Kroon made $11.2 million in errors on his first calculations. The damages in this case consist of complicated calculations. The defendants would be highly prejudiced if the Court relied on such calculations without the defendants' ability to properly analyze the calculations and depose Kroon on the new calculations.

The fourth factor addresses whether a continuance could cure such prejudice. This case has been before the Court since 2011. The Court has already extended many deadlines in this case. A continuance may cure some of the prejudice; however, the case would be additionally prolonged, including depositions and motion practice. In considering all four factors together, the Court cannot say that the plaintiffs' disclosure of new damage calculations in August of 2015, and Kroon's declaration in December of 2015, were substantially justified or harmless. As a result, the Court will grant the defendants' motion to strike the plaintiffs' newly disclosed damages, and the December 2015 Declaration of Richard Kroon. Accordingly,

IT IS ORDERED:

1) The defendants' motions (Filing No. 349 in 8:11CV401; Filing No. 251 in 8:12CV307) to exclude and/or strike plaintiffs' newly disclosed damage calculations are granted.

2) The defendants' motions (Filing No. 386 in 8:11CV401; Filing No. 288 in 8:12CV307) to strike the December 2015 Declaration of Richard Kroon are granted.

DATED this 26th day of April, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court