**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **PHILIP PETRONE, et al.,** | |
| **Plaintiffs,** | **8:11CV401** |
| **vs.** | **MEMORANDUM AND ORDER** |
| **WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC;** | |
| **Defendants.** | |
| **PHILIP PETRONE, et al.;** | |
| **Plaintiffs,** | **8:12CV307** |
| **vs.** | |
| **WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC,** | |
| **Defendants.** | |

   This matter is before the Court on the Motion in Limine, ECF No. 425 in Case No. 11cv401, ECF No. 327 in Case No. 12cv307, filed by Plaintiffs, Philip Petrone, et al. For the reasons stated below, the Motion in Limine will be granted in part, consistent with this Memorandum and Order.[1]

## DISCUSSION

   Plaintiffs request an order in limine precluding Defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively "Werner") from introducing into evidence, eliciting testimony, or referring to Werner's Proposed Exhibits (a) 306-309

---

[1] Because the Motions and related documents are identical in both cases, the Court will omit reference to the ECF filing numbers in Case No. 8:12cv307. Unless otherwise indicated, all references to the record before the Court will be to filings in Case No. 8:11cv401.

(Briefs Filed by Plaintiffs); (b) 319 (Trainee Msgs.CSV); (c) 323-324 (Kroon's superseded reports); (d) 301-304 (Superseded Complaints), and (e) 349 and 362 (opt-in forms and list of opt out drivers). Plaintiffs further ask the Court to preclude Werner from introducing into evidence, eliciting testimony, or referring to, (1) any practice or alleged practice of other trucking companies or the trucking industry as a whole with respect to how other trucking companies pay their drivers; (2) any alleged profitability or lack thereof of the Student Driver Program, including information relating to any costs incurred by Werner as a result of the Student Driver Program; (3) any alleged benefits drivers receive (other than compensation) or public receives as a result of the Student Driver Program, including any alleged benefit to safety; and (4) any alleged negative consequences to Werner or the public should a verdict be rendered against Werner.

## I. Complaints and Prior Briefing

Plaintiffs object to Werner's Proposed Exhibits 306-309. Exhibits 306-309 are briefs filed in this case to support various theories and arguments advanced by Plaintiffs when they moved for collective and class certification, when they moved for partial summary judgment, and when they opposed a motion to compel.

It is axiomatic that "arguments are not evidence." *United States v. Eagle*, 515 F.3d 794, 806 (8th Cir. 2008); see also *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence."); *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109–10 (3d Cir. 1985) ("Legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion."). However, the Eighth Circuit has held that, in some circumstances, a court can treat statements by parties

made in briefs as binding judicial admissions of fact. *Holman v. Kemna*, 212 F.3d 413, 418 (8th Cir. 2000) (citing *Purgess v. Sharrock,* 33 F.3d 134, 144 (2d Cir. 1994)).

Werner does not state how it intends to use the briefs at trial. Accordingly, the Court will reserve ruling on the admissibility of the briefs.

## II. Trainee Msgs.CSV

Plaintiffs move the Court to exclude the Trainee Msgs.CSV spreadsheet (referred to in in this Memorandum and Order as "Drop Off Messages"). Drop Off Messages are electronic messages sent from Werner trucks that show when student drivers were picked up or dropped off by Werner trucks. On its exhibit list, Werner identified as evidence a CSV file Werner produced in discovery called Trainee Msgs.CSV (the "Spreadsheet").

In February 2014, Plaintiffs moved to compel production of the Drop Off Messages. ECF No. 192; ECF No. 196-1, Page ID 15884. At that time, Plaintiffs argued the Drop Off Messages were "relevant" to determine "the start and end times of each class member's tour of duty," which Plaintiffs claimed was "relevant to determining the total amount of compensable time" at issue on Plaintiffs' claims. *Id.*, Page ID 15886. Accordingly, Plaintiffs argued it was "extremely important" that Werner be required to produce the Drop Off Messages so Plaintiffs could "properly compute each class member's damages." *Id.*, Page ID 15885. Plaintiffs specifically requested that the Drop Off Messages be produced "in readable form (i.e., in CSV format)." *Id.*, Page ID 15880.

The Court granted Plaintiffs' Motion to Compel, concluding the Drop Off Messages were "*highly relevant* to damage calculations for periods in the sleeper berth." ECF No. 239, Page ID 16229 (emphases added). In May 2014, in accordance

with the Court's Order, Werner produced a CSV file containing all Drop Off Messages sent from the trucks to which any student driver was assigned, at any point during the class period. Howe Aff., ¶¶ 4-5, ECF No. 305-14, Page ID 18154.

Plaintiffs argue that the Drop Off Messages are substantially more prejudicial than probative and are inauthentic. First, there is no evidence in the record that the Drop Off Messages were fabricated or are otherwise inauthentic. Mary K. Howe, Vice President of Management Information Systems for Werner, testified that Drop Off Messages were created by driver trainers at or near the time when student drivers in the class were picked up or dropped off from a Werner truck. Howe Aff., ¶¶ 4-5, ECF No. 305-14, Page ID 18154. The driver trainers' messages were then transmitted to Werner via the Qualcomm unit on each truck and Werner used and maintained those messages in the course of its regularly conducted business. *Id.* After the Court ordered Werner to produce those messages, Werner simply downloaded those messages into a CSV file, at Plaintiffs' request, so the messages could be provided to Plaintiffs' counsel in the format Plaintiffs requested. *Id.*

Plaintiffs further argue that the Drop Off Messages constitute hearsay because they are not business records. Specifically, Plaintiffs claim that the Spreadsheet, even if Werner's testimony were accepted at face value, is not a copy of any computer record it maintains and uses in its business, but is instead a new creation. Plaintiffs argue that in Werner's normal course of business, Werner uses an AS400 system which contains 5 separate files, each with different fields and purposes, which Werner contends it used in some fashion to create the Spreadsheet at issue. *See* Howe Dep., ECF No. 338-12, Page ID 19957. Plaintiffs assert that each one of those five files contains numerous

fields not present in the Spreadsheet containing the Drop Off Messages. Plaintiffs claim that the Spreadsheet was not an extract of the 5 files contained in the AS400 system. Because Werner did not provide the 5 files contained in the AS400 system, Plaintiffs assert that the Spreadsheet produced was a creature of litigation, made via significant programming and logical analysis, after the fact while the lawsuit was pending.

The Court cannot conclude that the Drop Off Messages are not business records. "In the context of electronically-stored data, the business record is the datum itself, not the format in which it is printed out for trial or other purposes." *United States v. Keck*, 643 F.3d 789, 797 (10th Cir. 2011); *see also Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2d Cir. 1994) ("A business record may include data stored electronically on computers and later printed out for presentation in court, so long as the original computer data compilation was prepared pursuant to a business duty in accordance with regular business practice"); *United States v. Fujii,* 301 F.3d 535, 539 (7th Cir. 2002) ("Computer data compiled and presented in computer printouts prepared specifically for trial is admissible under Rule 803(6), even though the printouts themselves are not kept in the ordinary course of business.").

Plaintiffs requested that Werner produce the Drop Off Messages in CSV format. Thus, even though Werner did not keep the Drop Off Messages in CSV format as part of its regular business practice, the record demonstrates that Werner kept the data as part of a regularly maintained record. Even if, as Plaintiffs argue, the CSV files lack certain files and data fields contained within Werner's AS400 system, there is no indication that the Spreadsheet contains misleading information or purposely omitted relevant data. There is no indication that the Drop Off Messages or the information

contained in the spreadsheet are unreliable. Thus, the Court cannot conclude that the Spreadsheet is not a business record even if it is not a direct copy of the underlying files. Accordingly, Plaintiffs' request to preclude use of the Drop Off Messages is denied without prejudice to reassertion.

## III. Kroon's Superseded Reports

Plaintiffs seek an order in limine preventing Werner from introducing Richard Kroon's expert reports from January and April of 2014 (the "Prior Reports") because the reports were superseded by the August 2014 report, which Plaintiffs argue is the operative report. Plaintiffs argue that the Prior Reports are irrelevant to Kroon's credibility because they discuss claims no longer at issue. Plaintiffs further argue that the August  2014 report clarifies Kroon's opinion and is the most relevant to the issues at trial.

In January 2014, Plaintiffs produced a report by Kroon in which he purported to compute the damages owed to class members for the short rest break claims and sleeper berth claims at issue in this lawsuit. ECF No. 275, Page ID 17456. However, Werner's expert reviewed the report and identified substantial errors in Plaintiffs' expert's methodology and computations. *Id.* During Kroon's first deposition, Werner's counsel presented him with numerous examples where, even under Plaintiffs' theory of the case, Plaintiffs' expert's methodology resulted in overstated and inaccurate damage calculations. *Id.*, Page ID 17456-57. Those errors led to "inconsistent and inflated estimates" of Plaintiffs' damages. *Id.* Because of the errors, and with leave of the Court, Kroon submitted a supplemental report in which he reduced the damages he originally calculated for Plaintiffs' sleeper berth and short rest break claims by over $11.2 million.

*See* Kroon Depo. 446:17-447:6, ECF No. 304-4, Page ID 17984-85. Werner argues the Prior Reports are admissible to attack Kroon's credibility.

Litigants may attack an expert's credibility based on the expert's previous testimony. *See Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 627 (8th Cir. 2012). However, courts have refused to admit prior reports as evidence, while allowing prior reports to be used for impeachment purposes. Both parties cite to the Tenth Circuit case, *Potts v. Sam's Wholesale Club*, No. 95-5253, 1997 WL 126089 (10th Cir. 1997) (unpublished), in support of their respective positions. In *Potts*, the court upheld the lower court's decision to refuse to admit as an exhibit a report prepared by the defendant's medical expert that conflicted with the expert's later report and with his testimony at trial. *Id.* at *2. The district court reasoned that the previous report was hearsay evidence, but permitted plaintiffs "to use the document to impeach the expert's opinion as expressed in his later report and his trial testimony." *Id.*

The Tenth Circuit's reasoning is persuasive in this case. Werner seeks to use the Prior Reports to attack Kroon's credibility. It is unclear at this stage why the Prior Reports need to be admitted as exhibits rather than used for impeachment purposes. Accordingly, following the reasoning in *Potts*, Werner is precluded from presenting the Prior Reports as exhibits; however, Werner may use the Prior Reports to "impeach [Kroon's] opinion as expressed in his later report and his trial testimony." *Id.*

## IV. Superseded Complaints

Plaintiffs seek an order precluding Werner from offering original class and collective action complaints, identified as Exhibits 301-303 in Werner's Exhibit List,

arguing that the complaints were filed prior to the development of the factual record and prior to the court granting class certification.

The Eighth Circuit has held that "[a] pleading abandoned or superseded through amendment no longer serves any function in the case, but may be introduced into evidence as the admission of a party." *See Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co.*, 828 F.2d 1245, 1249 n.3 (8th Cir. 1987) (citing *Fruco Constr. Co. v. McClelland,* 192 F.2d 241, 245 (8th Cir. 1951)). Statements in abandoned pleadings do not constitute binding judicial admissions; however, these statements are admissible evidence that can be weighed like any other admission against interest. *First Bank of Marietta v. Hogge*, 161 F.3d 506, 510 (8th Cir. 1998).

At this stage the Court cannot discern whether the statements Werner intends to use are relevant under Fed. R. Evid. 403. *See Vincent v. Louis Marx & Co.*, 874 F.2d 36, 38 (1st Cir. 1989). Although Plaintiffs' previous fact allegations are not binding, under Eighth Circuit precedent they may be admissible as admissions. Accordingly, the Court will not grant Plaintiffs' motion on this issue.

## V. Opt-in and Opt-out Notices

Plaintiffs request an order in limine precluding Werner from introducing proposed Exhibits 349, the opt-in form for class members, and proposed Exhibit 362, a list of opt-out drivers. The Court notes that Plaintiffs did not object to the opt-in forms at the pretrial conference and an objection is not identified on the proposed exhibit list. ECF No. 430, Page ID 42369. Under NECivR 16.2(a)(1)(A):

> All objections to the admissibility of any listed exhibit must be noted on the exhibit list. <u>Objections not disclosed on the exhibit list, other than</u>

objections under Federal Rules of Evidence 402 and 403, are considered
waived unless excused by the court for good cause.

(Emphasis in original). Moreover, the opt-in forms are relevant to whether any particular driver in the class has a claim under the FLSA. The Eighth Circuit has held that a plaintiff cannot recover any damages in an FLSA collective action unless he or she files a timely consent to join the collective action. *See Acosta v. Tyson Foods*, 800 F.3d 468, 472 (8th Cir. 2015) (dismissing the named plaintiff's FLSA claim in a certified collective action, after concluding he did not timely file a consent to join the collective action). If Werner can show that Kroon computed FLSA damages for drivers who did not timely opt in to the FLSA collective action, he may have overstated Plaintiffs' damages.[2] Accordingly, Plaintiffs' request will be denied.

Werner also argues that the names on the opt-out list are relevant to whether any particular driver has a claim for damages. In other words, to the extent Kroon computed damages for drivers who opted out of the class, he has overstated Plaintiffs' damages. Plaintiffs argue that this concern can be addressed by simply having damages stemming from opt-out individuals removed from Plaintiffs' claimed damages spreadsheet. Because the opt-out list may be relevant to the damages calculation, Plaintiffs' request will be denied at this time.

## VI. Evidence of Trucking Industry Practices

---

[2] In its brief, Werner argued that the opt-in forms were also relevant to whether any particular driver made a claim within the applicable statute of limitations and to damages. Plaintiffs argue that Werner failed to assert a statute of limitations defense in its Answer, and should be precluding from asserting such a defense at trial. The Court does not address at this time whether Werner may validly assert a statute of limitations defense because that question is irrelevant to the outcome of Plaintiffs' Motion in Limine.

Plaintiffs seek an order precluding Werner from making references to various trucking industry practices. Specifically, Plaintiffs seek to preclude Werner from introducing into evidence, eliciting testimony, or referring to (1) any practice or alleged practice of other trucking companies or the trucking industry as a whole with respect to how other trucking companies pay their drivers; (2) any alleged profitability or lack thereof of the Student Driver Program, including information relating to any costs incurred by Werner as a result of the Student Driver Program; (3) any alleged benefits drivers receive (other than compensation) or public receives as a result of the Student Driver Program, including any alleged benefit to safety; and (4) any alleged negative consequences to Werner or the public should a verdict be rendered against Werner.

At this stage, it is unclear how such evidence may be used at trial. Plaintiffs' description of the evidence it seeks to preclude is broad, and it would be premature to exclude such evidence through an order in limine. Accordingly, Plaintiffs request is denied without prejudice to reassertion at trial.

## VII. Other Miscellaneous Requests

Plaintiffs make several requests in briefing not contained within their Motion in Limine. First, Plaintiffs argue that Werner has not stated which specific pages of documents will be contained in their exhibits. Plaintiffs argue that they do not at this point know if they will object to those exhibits. Plaintiffs seek to reserve their right, once those exhibits are identified with particularity, to raise objections as to the rule of completeness, hearsay, relevance, and other applicable objections. Plaintiffs further ask the Court to order Werner to provide specific pages for all exhibits where Werner has asserted that it will introduce "portions" of a large exhibit, no later than three weeks

before trial. Plaintiffs also state that Werner's witness list vaguely states that "any individual disclosed in discovery" would be subject to being called by Werner. Plaintiffs point out that the class member list, which was disclosed in discovery, contains more than 45,000 names, and conceivably Werner could call any of the class members. Thus, Plaintiffs object to Werner being permitted to call any witness not specifically stated on its witness list.

Because these issues are raised in briefing and not in the Motion, the Court will not address them. Furthermore, a ruling in limine on these matters would be premature and potentially overbroad.

Accordingly,

IT IS ORDERED: the Motion in Limine, ECF No. 425 in Case No. 11cv401, ECF No. 327 in Case No. 12cv307, filed by Plaintiffs, Philip Petrone, et al., is granted, in part, in accordance with this Memorandum and Order.

Dated this 11th day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge