# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP PETRONE, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC;<br><br>        Defendants. | 8:11CV401<br><br>MEMORANDUM AND ORDER |
| PHILIP PETRONE, et al.;<br><br>        Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC,<br><br>        Defendants. | 8:12CV307 |

This matter is before the Court on the Motions in Limine, ECF No. 423 in Case No. 11cv401, ECF No. 325 in Case No. 12cv307, filed by Defendants Werner Enterprises, Inc. ("Werner") and Drivers Management, LLC (collectively "Werner"). For the reasons discussed below, the motions will be granted, in part, in accordance with this Memorandum and Order.[1]

## DISCUSSION

---

[1] Because the Motions and related documents are identical in both cases, the Court will omit reference to the ECF filing numbers in Case No. 8:12cv307. Unless otherwise indicated, all references to the record before the Court will be to filings in Case No. 8:11cv401.

Werner presents 28 Motions in Limine, which it lists in a single document. ECF No. 423. Plaintiffs do not object to 9 of Werner's Motions. The Court will address each, consistent with the numbering contained in Werner's Motion.

1. **Reference to the SJ Order**

Werner moves to prohibit Plaintiffs, their counsel, and any witnesses from making reference in the presence of the jury to the Memorandum and Order on Summary Judgment ("SJ Order"), ECF No. 347, because the Court revised the SJ Order in its Revised Order. Plaintiffs object to Werner's motion only with respect to those holdings which were not overturned by the Revised Order, but state that they do not plan to make reference to the SJ Order on other matters. Accordingly, Plaintiffs are precluded in limine from offering any evidence or arguments in the presence of the jury regarding the SJ Order as it relates to matters revised by the Court.

2. **Sleeper Berth as an Adequate Sleeping Facility**

Werner argues that Plaintiffs, their counsel, and any witnesses should be precluded from arguing in the presence of the jury, or offering any evidence or other authorities for the purpose of proving, that the sleeper berths in Werner's trucks do not qualify as adequate sleeping facilities within the meaning of 29 C.F.R. § 785.41. Section § 785.41 states

> Any work which an employee is required to perform while traveling must of course be counted as hours worked. An employee who drives a truck, bus, automobile, plane, or airplane, or an employee who is required to ride therein as an assistant or helper, is working while riding except during bona fide meal periods and when he is permitted to sleep in adequate sleeping facilities furnished by the employer.

2

Plaintiffs argue that Werner's Motion is inappropriate for an in limine ruling because it goes to legal argument rather than evidence. Further, Plaintiffs argue that the Court has not made a determination as to whether a sleeper berth constitutes an adequate sleeping facility. Plaintiffs cite no authority to support their assertion that a jury must determine whether sleeper berths constitute adequate sleeping facilities. The Court has previously noted that sleeper berths in trucks are adequate sleeping facilities. See ECF No. 405, Page ID 42145, 42150. The Department of Labor's Field Operation Handbook states:

> Berths in trucks are regarded as adequate sleeping facilities for the purposes of 29 CFR 785.41 and 29 CFR 785.22. However, this rule applies to sleeping berth time of truck drivers or helpers only when they are on continuous tours of duty during trips away from home for a period of 24 hours or more. If the trip begins and ends at the home station and is performed within one working day (less than 24 hours), all time on duty on the truck is time worked (except, of course, for bona fide meal periods) even though some of that time is spent in the sleeping berth. *See* FOH 31b00.

Field Operations Handbook, 31(b)(09), at 5, (current as of August 10, 2016), *available at* http://www.dol.gov/whd/FOH/FOH_Ch31.pdf. The Department of Labor's interpretation is persuasive in this case as to this issue. Accordingly, the Court concludes again that sleeper berths are adequate sleeping facilities for purposes of § 785.41.

**3. Reference to Petition to Appeal**

Werner requests an order in limine prohibiting Plaintiffs, their counsel, and any witnesses from making reference in the presence of the jury to Werner's Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f), regarding the Court's July 2013 Order certifying a Rule 23 class, and Werner's Petition for Interlocutory Appeal. *See*

Notice of Petition for Interlocutory Appeal, ECF 369. Plaintiffs do not oppose this motion and it will be granted.

**4. References to Willfulness**

Werner requests an order in limine prohibiting Plaintiffs, their counsel, and any witnesses from making reference in the presence of the jury to the Court's findings that Werner willfully violated the law regarding payment for break time, that Werner did not establish a good faith belief that its rest break pay policy was lawful, and that Plaintiffs are entitled to liquidated damages on their short rest break claims. Plaintiffs do not oppose this request and it will be granted.

**5. Denial of Liability on Short Rest Break Claims**

Werner requests an order in limine prohibiting Plaintiffs, their counsel, and any witnesses from making reference in the presence of the jury to the fact that Werner denied liability, that the Court granted Plaintiffs' motion for summary judgment on liability regarding Plaintiffs' short rest break claims over Werner's objection, and/or otherwise referencing the fact that Werner did not admit liability for the short rest break claims in these consolidated cases. The Court granted summary judgment to Plaintiffs as to liability for the short rest break claims. SJ Order, Filing 347, Page ID 20560-61. The only issue remaining for the jury's determination on the short rest break claims is the amount of actual damages, if any, owed to each driver for unpaid rest breaks. Werner asserts that its arguments regarding liability for short rest breaks, made before the Court issued its summary judgment ruling, are not relevant to Plaintiffs' damage claims. Plaintiffs oppose Werner's motion, arguing that a jury learning that Werner previously refused to acknowledge its violations of minimum wage law in this

litigation will not cause undue prejudice, but allow the jury to consider the denials in weighing Werner's credibility.

Despite Plaintiffs' arguments, the relevance of this evidence is not immediately apparent. Courts do not make credibility determinations at the summary judgment stage. *See, e.g., White v. Smith*, 808 F.Supp.2d 1174, 1239 (D. Neb. 2011) ("[I]t is well-established that courts should not weigh the evidence or make credibility determinations at the summary judgment stage."). Plaintiffs' argument suggests that they intend to rely on evidence of Werner's denial to support their sleeper berth claims. However, the requirements for compensability of short rest breaks and truck drivers' sleeper berth time are separate and distinct. Thus, it is unclear how evidence of Werner's previous position on one legal issue affects its credibility on a separate issue. Accordingly, Werner's motion will be granted.

## 6. Nebraska Wage Payment & Collection Act

Werner requests an order in limine prohibiting Plaintiffs and their counsel from mentioning the Nebraska Wage Payment & Collection Act ("NWPCA"), Neb. Rev. Stat. §§ 48-1229 through 48-1231, in the presence of the jury or offering the NWPCA into evidence. Plaintiffs listed the NWPCA as Exhibit 28 on their Exhibit list. ECF No. 413, Exhibit 28. However, in April, 2016, this Court dismissed Plaintiffs' NWPCA claims with prejudice. ECF No. 395. Plaintiffs do not oppose Werner's request, provided Werner does not open the door to this issue at trial. Accordingly, Werner's motion will be granted.

## 7. Offering 29 C.F.R. § 785.18, and § 785.22

Werner requests an order in limine prohibiting Plaintiffs, their counsel, and any witnesses from offering the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201, 29 C.F.R. § 785.18, and § 785.22 into evidence, reading those authorities in the presence of the jury, or stating their own interpretation of the contents and requirements of those authorities. Plaintiffs listed those authorities on their exhibit list. *See* ECF No. 413, Exhibits 24, 26, and 27. Plaintiffs do not object to being precluded from introducing the NWHA into evidence, and agree that they may not offer their legal interpretations to a jury.

Plaintiffs oppose the remainder of the motion. They suspect Werner will, during cross-examination and in argument, suggest that Plaintiffs should not be entitled to payment for any time spent in a truck's sleeper berth. Moreover, Plaintiffs suspect Werner will argue that Plaintiffs' damage model, which calculates damages for short rest breaks of 20 minutes or less and sleeper berth time in excess of 8 hour per day, establishes arbitrary lines differentiating compensability and non-compensability. Plaintiffs state that while they recognize that the Court must instruct the jury on the law, Plaintiffs should be permitted to discuss the authorities relied upon in creating Plaintiffs' damage model and explain why they used the 20-minute and 8-hour cutoffs. Plaintiffs argue that the Eighth Circuit has held that where regulations are provided in evidence to explain factual assertions and testimony, not as legal argument or for the jury to interpret the law or make legal conclusions, they are admissible at trial.

The case cited by Plaintiffs is factually and legally distinguishable. *See United States v. J.L.K.,* 880 F.2d 993, 995 (8th Cir. 1989). In *J.L.K.*, the defendant appealed his conviction for attempted escape from prison. *Id.* at 994. He testified that he had no other

6

choice but to escape because he feared for his life in prison. *Id.* A prison director testified that there were administrative procedures available to inmates who fear for their safety and the defendant did not notify anyone of his alleged concerns. *Id.* Over the defendant's objection, certain federal regulations outlining the available administrative remedy were introduced into evidence. *Id.* On appeal, the Eighth Circuit concluded the regulations were not admitted as legal authorities—rather, the regulations were admitted for the limited purpose of proving the existence of the available administrative remedy, to refute the defendant's testimony that he had no other choice but to escape. *Id.*

In this case, Plaintiffs do not seek to reference or admit DOL regulations for the purpose of establishing that the regulations exist. The court in *J.L.K.* specifically noted that "admission of the federal regulations into evidence did not require the jury to interpret the law or make legal conclusions." *Id.* at 995. Based on Plaintiffs' arguments, it appears that the purpose of introducing the regulations is to bolster the credibility of Plaintiffs' damages expert's methodology. This assessment would require the jury to review the regulations and make legal conclusions about what the regulations say. Such a use is not permitted under Eighth Circuit case law. *See United States v. Gleason*, 726 F.2d 385, 388 (8th Cir. 1984) ([I]t is the district court's duty to instruct the jury on the law applicable to the case, and not the jury's duty to interpret the law."). Accordingly, Werner's motion will be granted on this issue.

**8. Offering 29 C.F.R. § 785.21 and 29 C.F.R. Part 516**

Werner also requests an order in limine prohibiting Plaintiffs and their counsel from offering 29 C.F.R. § 785.21 and 29 C.F.R. Part 516 into evidence, reading from

those authorities in the presence of the jury, or stating their own interpretation of the contents and requirements of those authorities. Plaintiffs listed § 785.21 and 29 C.F.R. Part 516 on their exhibit list. ECF No. 413, Exhibits 25 and 29. Plaintiffs object for the same reasons they object to being precluded from offering 29 C.F.R. § 785.18, and § 785.22. Accordingly, for the reasons stated above, Werner's motion in limine is granted on this issue.

**9. Introducing Miscellaneous Authorities**

Werner seeks an order in limine prohibiting Plaintiffs, their counsel, and any witnesses from making any reference in the presence of the jury to the miscellaneous authorities listed on Plaintiffs' Exhibit List as Exhibits 22, 23, 30, 31, 32, 33, 56, 58, 59, 62, 63, and 64, and precluding Plaintiffs' counsel from making any arguments to the jury that were already rejected in the Revised Order. Plaintiffs do not oppose preclusion of Plaintiffs' Exhibits 31, 32, 33, 56, 58, 59, 63, and 64. However, Plaintiffs oppose the remainder of Werner's motion for the same reasons addressed under motion nos. 7 and 8 above. For the reasons stated above, Werner's motion in limine will be granted as to Exhibits 22, 23, 31, 32, 33, 56, 58, 59, 62, 63, and 64.

Plaintiffs specifically state that Exhibit 30 is guidance issued by the Department of Transportation regarding how drivers are to log their time. Werner has stated that it intends to argue that Plaintiffs are not entitled to compensation for sleeper berth time, because Werner compelled drivers to follow DOT regulations, and those regulations prohibited drivers from logging sleeper berth time if they were on-call or on-duty. To rebut Werner's arguments, and to show how Plaintiffs, class members, and Werner

8

understood the DOT regulations, Plaintiffs must be permitted to introduce DOT guidance regarding how they understood the regulations, Ex. 30.

Plaintiffs do not explain how the guidance in Exhibit 30 is relevant to the factual question of whether drivers in the class were required to remain on duty for 24 hours or more. The Court has concluded "the question of whether [Plaintiffs' and class members'] sleep time must be compensated is a question of fact." Revised Order, ECF No. 405, Page ID 42157. That determination "involves scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all the surrounding circumstances." *Id.*, Page ID 42155 (quotation omitted). Plaintiffs' argument suggests that they intend to use the miscellaneous exhibits to instruct the jury on the proper interpretation of the law, which is not permitted. To the extent Plaintiffs can demonstrate, out of the presence of the jury, that such guidance is relevant to the factual question at trial, Plaintiffs will be permitted to introduce Exhibit 30. Otherwise, for the same reasons stated above, it must be excluded.

## 10. Werner's Net Worth

Werner seeks an order in limine prohibiting Plaintiffs, their counsel, and any witnesses from making any reference in the presence of the jury to Werner's net worth or alleged ability to pay a judgment. Plaintiffs do not oppose this request and it is granted.

## 11. Werner's Size

Werner seeks an order in limine prohibiting Plaintiffs, their counsel, and any witnesses from making statements in the presence of the jury to the effect that Werner is "one of the largest trucking companies in the United States," that Werner is a publicly-traded company, that Werner is a "global" company, or making any statements regarding the number of trucks Werner has, the number of employees Werner has, the number of trailers Werner has, the number of terminals Werner has, or other similar statements. Plaintiffs oppose Werner's request in part, arguing that Plaintiffs must be able to discuss the number of trucks Werner operates and the number of drivers it has because Plaintiffs must be able to discuss the number of class members.

The Court agrees that references to the size of the class may imply that Werner is a large company. However, references to Werner's size merely to demonstrate its ability to pay a judgment would be improper and irrelevant. Accordingly, Werner's motion will be denied, without prejudice to reassertion at trial.

**12. Admissibility of Werner's SEC Filings**

Werner seeks an order in limine prohibiting Plaintiffs, their counsel, and any witnesses from making reference, in the presence of the jury, to Werner's Form 10-K submitted to the U.S. Securities and Exchange Commission ("SEC"), and any statements made therein, as well as Werner's annual reports to shareholders. Plaintiffs have not listed Werner's 10-K or Werner's annual reports on their exhibit list. However, Werner believes Plaintiffs' counsel may reference Werner's annual reports or total annual revenue at trial.

Plaintiffs state they do not plan to use such evidence in their case in chief, but they may wish to use Werner's sworn statements in SEC filings for purposes of

10

impeachment. Werner notes that only its CFO and CEO verified its SEC filings, and those individuals are not listed as witnesses by either party. The Court will grant Werner's request unless Plaintiffs can demonstrate, outside the presence of the jury, that Werner's SEC filings are relevant and otherwise admissible.

**13. Financial Status of Any Party**

Werner seeks an order in limine prohibiting Plaintiffs, their counsel, and any other witnesses from making reference in the presence of the jury to the financial status of any party in this action, including any of the Plaintiffs, the opt-in Plaintiffs, or any other class member. Plaintiffs do not oppose being precluded from discussing Werner's financial status. However, Plaintiffs speculate that Werner may argue at trial that the class members would not willingly work for less than minimum wage to show that the class members made more than minimum wage. Werner represents to the Court that it does not intend to present such an argument. Accordingly, the relevance of each party's financial status is not apparent at this point. The Court will grant Werner's request unless Plaintiffs can demonstrate, outside the presence of the jury, that a party's financial status is relevant and otherwise admissible.

**14. References to Expert's May 2015 Declaration**

Werner requests an order in limine prohibiting Plaintiffs, Plaintiffs' counsel, Plaintiffs' expert witness, Richard Kroon, and any other witness from making reference in the presence of the jury to the May 2015 Kroon Declaration and any opinions and calculations contained therein. In August 2015, the Court granted Werner's Motion to Strike the May, 2015 Kroon Declaration as an untimely expert report. ECF No. 348, Page ID 20572-73. Plaintiffs argued that Kroon's May 2015 Declaration was to rebut the

opinion of Werner's expert Robert Topel regarding drop off text messages (the "Drop Off Messages"). *Id.*, Page ID 20572. Plaintiffs now argue that Kroon should be permitted to testify as to the amount of the reduction of his calculations which would be warranted even if every Drop Off Message was accurate. Plaintiffs argue that Werner has made clear that it intends to cross-examine Kroon regarding the Drop Off Messages, and, without such testimony, the jury would be left to speculate about the extent the messages contradict the driver logs. Plaintiffs argue that allowing Kroon to testify regarding the Drop Off Messages does not contradict the Court's earlier ruling, because the Court's prior order was limited to whether Kroon was competent to testify as an expert.

Plaintiffs' characterization of the Court's Order of August 3, 2015, ECF No. 348 (the "Strike Order") is inaccurate. Werner moved to strike Kroon's May 2015 Declaration as untimely. Although Plaintiffs argued that the Declaration was necessary to consider Plaintiffs' *Daubert* challenge, there is no indication that the Court limited its Strike Order to whether Kroon could testify at trial. In the Strike Order, the Court noted that Kroon previously made clear that he did not rely on Drop Off Message data in his damage calculations because Kroon found the data to be unreliable. *See* ECF No. 312 at Exhibit 1-A. The Court concluded that Kroon's new damage calculations using the Drop Off Message data were submitted beyond the expert report deadline, even though Kroon had the data during the applicable time period. ECF No. 348, Page ID 20572. Plaintiffs have not presented any reason why the Court should disregard its prior Strike Order. Accordingly, Werner's request shall be granted.

**15. References to Kroon's August and December 2015 Damages Calculations**

Werner seeks an order in limine prohibiting Plaintiffs, Plaintiffs' counsel, Plaintiffs' expert witness, Richard Kroon, and any other witness from making reference in the presence of the jury to Kroon's August 5, 2015, hourly damage calculations; to damages calculated on an hourly basis; and to Kroon's December 2015 Declaration. The Court granted Werner's motions to strike the August 2015 hourly damage calculations and the December 2015 Kroon Declaration, concluding Plaintiffs' belated disclosure of that evidence was neither substantially justified nor harmless. *See* ECF No. 396, Page ID 42028-29.

Plaintiffs do not oppose being precluded from referencing the August 5, 2015, spreadsheet or the December 2015 Kroon Declaration. However, Plaintiffs argue they should be permitted to discuss that under Nebraska law, damages may be calculated on an hourly basis and that Plaintiffs' damages, which are not computed on that basis, result in reduced damages for the class. The relevance of Plaintiffs' request is not clear at this stage, and, as noted above, it is the duty of the Court to instruct the jury on the law. Because Plaintiffs do not oppose Werner's specific request, the request will be granted.

**16. Work Performed by iDiscovery**

Werner seeks an order in limine prohibiting Plaintiffs, their counsel, Plaintiffs' expert witness, and any other witness from making reference in the presence of the jury to work allegedly done by iDiscovery or Daniel Regard in computing Plaintiffs' damages and/or to eliciting testimony as to whether Kroon's calculations were "verified" or "confirmed" by independent consultants. Plaintiffs do not oppose this request and it will be granted.

13

**17. Expert Opinions Not Previously Disclosed**

Werner seeks an order in limine prohibiting Plaintiffs, their counsel and Plaintiffs' expert witness, Richard Kroon, from making reference in the presence of the jury to any expert opinions that were not previously disclosed in discovery. Plaintiffs do not oppose this request and it will be granted.

**18. Purposes or Policies of the FLSA**

Werner seeks an order in limine prohibiting Plaintiffs, their counsel, and any other witnesses from making reference in the presence of the jury to the alleged purposes or and/or policies underlying the Fair Labor Standards Act and/or the Nebraska Wage & Hour Act. Plaintiffs oppose this request in part, arguing that their counsel should be permitted to discuss the purposes and policies of the FLSA and the Nebraska Wage & Hour Act during opening and closing. Specifically, Plaintiffs argue their counsel should be permitted to state during opening and closing arguments that minimum wage is an important social policy. As noted, it is the Court's duty to instruct the jury on the law. To the extent such legislative policy is addressed in the Court's instructions to the jury, Plaintiffs' counsel will be permitted to discuss such in closing argument. Otherwise, Werner's request is granted.

**19. References to Exhibits in *Baouch v. Werner Enterprises, et al*.**

Werner seeks an order in limine prohibiting Plaintiffs, their counsel, and any witnesses from making reference in the presence of the jury to any document that was produced in *Baouch v. Werner Enterprises, Inc. et al.*, including but not limited to Plaintiffs' Exhibit 35—the Affidavit of John Steele, and Plaintiffs' Exhibit 48—the 2013 Werner Driver Handbook. Plaintiffs argue that the Affidavit of John Steele is

14

admissible because it was a statement made to the IRS to explain Werner's student driver program. Plaintiffs argue they should be permitted to use the statement as one against a party opponent. Fed. R. Evid. 801(d). The relevance and admissibility of the Steele Affidavit is unclear at this time, and Werner's request will be denied without prejudice to reassertion at trial.

Plaintiffs also argue that the 2013 Drivers Handbook should have been produced by Werner in *Petrone*, because it was implemented during the class period. Werner notes that if Plaintiffs contend different versions of the Handbook were in effect at different points in the class period, Plaintiffs' claims are unsuitable for class treatment. *See Marion v. Werner Enterprises, Inc.*, No. 08-cv-466, 2009 WL 3754392, *2 (D. Neb. Nov. 2, 2009) (concluding drivers' claims for allegedly inadequate pay could not be resolved on a class-wide basis where drivers relied on the Driver Handbook as support for their claims but different versions of the Handbook were in effect at different points during the class period). Unless Plaintiffs can show the relevance of the 2013 Drivers Handbook outside the presence of the jury, the Court will grant Werner's motion in limine.

**20. Requests for Admission**

Werner seeks an order in limine preventing Plaintiffs, their counsel, and any witnesses from making any reference in the jury's presence to Plaintiffs' Exhibit 42, identified as "Defendants' Responses to Requests for Admission." ECF No. 413, List of Exhibits, Exhibit 42. Plaintiffs do not oppose this request and it will be granted.

**21. Reference to Other Lawsuits**

Werner seeks an order in limine preventing Plaintiffs, their counsel, and any witnesses from making any reference in the jury's presence to any other lawsuit involving Defendant Werner Enterprises or Defendant Drivers Management, LLC, including but not limited to *Baouch et al v. Werner Enterprises, Inc. et al.*, *Abarca et al. v. Werner Enterprises, Inc. et al.*, and/or *Smith et al. v. Werner Enterprises, Inc., et al*. Plaintiffs do not oppose this request and it will be granted.

**22. Privilege Logs**

Werner seeks an order prohibiting Plaintiffs, their counsel, and any witnesses from making reference in the presence of the jury to documents listed on Werner's privilege log, including but not limited to inquiring as to whether James Mullen reviewed certain attorney-client privileged memoranda in preparation for his deposition. Plaintiffs do not oppose this request and it will be granted.

**23. Drivers' Working Conditions**

Werner seeks an order prohibiting Plaintiffs, their counsel, and any witnesses from stating in the presence of the jury that truck drivers allegedly work "some of the longest hours in the country," are paid at low rates, or other similar comments about truck drivers' alleged working conditions. The relevance of such statements is questionable, particularly regarding "low wages." The remaining issues at trial do not require the jury to determine whether the Plaintiffs' wages are low in comparison to other occupations. Accordingly, Werner's request is granted as it relates to statements that Werner pays low wages or that truck drivers in general earn low wages. The remainder of Werner's request overly broad at this stage, and is therefore denied without prejudice to reassertion.

### 24. Stepping Into Plaintiffs' Shoes

Werner requests an order in limine prohibiting Plaintiffs, their counsel, and any other witnesses from arguing, commenting or suggesting in the presence of the jury that jurors place themselves in the position of Plaintiffs and class members when assessing damages because such arguments are misleading and inflammatory. Plaintiffs do not oppose Werner's request, provided that Werner also be precluded from arguing that jurors place themselves in the position of Werner in assessing damages. On that basis, Werner's request is granted.

### 25. Reference to *Daubert* Motions

Werner requests an order in limine prohibiting Plaintiffs, their counsel, and any other witnesses from making reference in the presence of the jury to the fact that *Daubert* motions were filed or to the outcome of any *Daubert* motion. Plaintiffs do not oppose this request and it will be granted.

### 26. Unrelated Personal Complaints Against Werner

Werner seeks an order in limine preventing Plaintiffs, their counsel, and any witness from making reference in the presence of the jury to drivers' personal complaints against Werner other than the specific minimum wage claims at issue in this lawsuit. Plaintiffs agree that such complaints are not relevant and Plaintiffs do not intend to introduce same, unless Defendants open the door to such issues. As to those statements, Werner's request is granted.

Plaintiffs oppose Werner's request in part, as overbroad. Plaintiffs argue that their complaints about working conditions, as they relate to hours worked, Qualcomm and logging issues (relating to logging of time), home time, work schedules, and

sleeping are relevant to the instant claims. The relevance of such statements is unclear at this stage. Accordingly, the Court will reserve ruling on the admissibility of such statements until trial.

**27. Evidence Not Disclosed in Discovery**

Werner seeks an order in limine preventing Plaintiffs, their counsel, and any other witnesses from mentioning or making reference to exhibits or other evidence that was not disclosed in discovery in this case. Plaintiffs oppose Werner's request as vague and overbroad. Plaintiffs argue that they must be permitted to present testimony regarding relevant issues, even if Werner did not obtain such information during discovery. Plaintiffs also argue they may use such evidence for purposes of impeachment. The Court agrees that Werner's request is overbroad for purposes of a ruling in limine. Accordingly, the Court will reserve its decision until the issue is raised at trial.

**28. Miscellaneous Evidentiary Topics**

Werner seeks to prevent Plaintiffs, their counsel, and any of the witnesses from in any way mentioning, making reference to, eliciting testimony, or offering evidence regarding miscellaneous evidentiary topics. These topics include (a) any statement concerning the "trial strategy" or the "real strategy" of counsel; (b) any reference to jury verdicts in other parts of the United States in civil or criminal actions; (c) any references or statements regarding what type of law counsel practices, including what type of clients or specific clients counsel has represented; (d) any reference to the jury of the probable testimony of a witness who is absent, unavailable, or not called to testify in this case; and (e) any reference to attorney fees. Plaintiffs do not oppose

Werner's request as it relates to items (b) through (e). As to those items, Werner's request is granted

Plaintiff does request leeway in opening and closing arguments to discuss Werner's trial strategy. Werner did not respond in its Reply Brief to Plaintiffs' argument on this issue. The Court will reserve ruling on the admissibility of such statements until the issue is raised at trial.

Accordingly,

IT IS ORDERED: the Motions in Limine, ECF No. 423 in Case No. 11cv401, ECF No. 325 in Case No. 12cv307, filed by Defendants Werner Enterprises, Inc., and Drivers Management, LLC, are granted, in part, in accordance with this Memorandum and Order.

Dated this 11th day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge