# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP PETRONE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC; <br><br> Defendants. | 8:11CV401 <br><br> MEMORANDUM AND ORDER |
| PHILIP PETRONE, et al.; <br><br> Plaintiffs, <br><br> vs. <br><br> WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC, <br><br> Defendants. | 8:12CV307 |

This matter is before the Court on the Motion to Quash Trial Subpoena Issued to James Mullen, ECF No. 453, filed by Defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively "Werner"). For the reasons stated below, the Motion will be denied.

## BACKGROUND

On May 2, 2017, Plaintiffs served counsel for Werner with a trial subpoena for James Mullen. ECF Nos. 455-1, 455-6. Mullen was the former Executive Vice President and General Counsel at Werner Enterprises, Inc. He is no longer employed at Werner. On Werner's behalf, Mullen had assisted in answering certain discovery, and verified that discovery responses were true and accurate. *See* Defendant's Answers to

Interrogs. dated May 14, 2012, at 10, 12. Mullen was also designated as Werner's corporate representative under Fed. R. Civ. P. 30(b)(6) to testify regarding certain aspects of Werner's Driver Log System. *See* ECF No. 455-5. At Mullen's deposition, he stated that he would testify as Werner's representative regarding "[w]ho decided what types of time the Driver Log System would designate as compensable" and "[a]ll efforts taken by Defendants to determine if their payment system complies with federal and state law." Mullen Dep., ECF No. 323-7, Page ID 19212. Werner designated another witness, Jaime Maus, Werner's Director of Safety, to testify as to other aspects of the Driver Log System, including how drivers logged certain time. *See* ECF No. 323-5, Page ID 19189.

The parties conferred regarding the Subpoena. Counsel for Werner took the position that, in light of the Court's rulings on Plaintiffs' request for liquidated damages, Mullen's testimony was not relevant. Counsel for Plaintiffs responded that because Mullen had been the chief legal officer of Werner, he would have "understandings regarding the [hours of service] regulatory framework affecting drivers as well as Werner's obligations with respect to the same." ECF No. 455-3, Page ID 42574. Counsel for Plaintiffs also noted that Mullen appeared on Werner's witness list. *Id.*; *see also* Werner's Witness List, ECF No. 457.

## DISCUSSION

Werner argues that the trial subpoena unduly burdens Mullen. Werner also argues that permitting Mullen to testify would be unfairly prejudicial to Werner because his testimony is not relevant to any remaining issues at trial. Specifically, Werner argues that Plaintiffs' subpoena unduly burdens Mullen because (i) he is no longer employed by

2

Werner; (ii) his testimony has no relevance to this case; and (iii) he was not the individual designated by Werner to testify about the Hours of Service regulations. See Werner Reply Br., ECF No. 476, Page ID 42824. The Court concludes that even if the relevance of Mullen's testimony is objected to at trial, Werner has not shown that it would be unduly burdensome for Mullen to testify.

Under Federal Rule of Civil Procedure 45(d)(3)(A), the court must quash or modify a subpoena that "subjects a person to undue burden." In evaluating whether a subpoena presents an undue burden, courts consider the following factors: (1) the relevance of the information requested; (2) the need of the party for the information; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested information; and (6) the burden imposed. *ACI Worldwide Corp. v. Mastercard Techs., LLC*, No. 8:14CV31, 2016 WL 3647850, at *2 (D. Neb. July 1, 2016) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *see also Schedin v. Johnson & Johnson* (*In re Levaquin Prod. Liab. Litig.*), No. CIV. 08-5743, 2010 WL 4867407, at *2 (D. Minn. Nov. 9, 2010).

Werner does not expressly address any burden Mullen would suffer, should he be called to testify. Werner notes that Mullen no longer works for Werner. However, this fact alone does not create an undue burden for Mullen or Werner. Werner itself lists Mullen as a potential witness. *See* Werner's Amended Proposed Witness List, ECF No. 457. Werner filed its Amended Proposed Witness List, which included Mullen as a potential witness, the day after it filed its Motion to Quash.

Werner's major argument focuses on the relevance of the information Plaintiffs seek to obtain. Werner argues that Plaintiffs do not need information from Mullen because Werner has designated its Director of Safety, Jaime Maus, to testify regarding how drivers should log their time. In their response, Plaintiffs identified several areas of factual inquiry that may be outside Maus's knowledge. Plaintiffs demonstrated that Mullen prepared and verified discovery responses that relate to whether various activities performed were considered on-duty or off-duty. Because Mullen prepared and verified the responses, he may have direct knowledge regarding facts relevant to issues remaining for the jury.

Werner also argues that Plaintiffs' proposed line of questioning falls outside the scope of Mullen's 30(b)(6) testimony. Yet Werner cites no authority for the proposition that an individual called as a fact witness is limited to matters testified to as a 30(b)(6) witness. Plaintiffs are not limited to the scope of Mullen's 30(b)(6) deposition testimony simply because he was a designated 30(b)(6) witness.

Werner refers this Court to *Schedin v. Johnson & Johnson*, in which the District of Minnesota quashed a trial subpoena to the Chairman and CEO of Johnson & Johnson. The moving party argued that late notification of the subpoena, combined with the distance the CEO would have to travel all outweighed the potential relevance of his testimony. The court reasoned that plaintiffs failed to demonstrate "the relevance of [the CEO's] testimony since none of the proposed areas of his testimony are issues of dispute." 2010 WL 4867407, at *2. The court also noted it was not clear "why other live witnesses, who were timely named, could not provide the information they seek regarding the corporation's history, mission, and experience with [the plaintiff]." *Id.*

4

In contrast to the facts in *Schedin*, Werner has not identified any burden, such as travel, that would apply to Mullen. He was timely disclosed as a witness not only by Plaintiffs, but by Werner. Although Werner has identified other witnesses who potentially could provide some of the information sought, Plaintiffs have demonstrated that Mullen's personal knowledge and experience may be relevant to the issues before the jury.

Accordingly,

IT IS ORDERED: the Motion to Quash Trial Subpoena Issued to James Mullen, ECF No. 453, filed by Defendants Werner Enterprises, Inc. and Drivers Management, LLC, is denied.

Dated this 12th day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge