IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHILIP PETRONE, | ) | CIVIL ACTION: 8:11-cv-00401 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS' RENEWED MOTION** |
| WERNER ENTERPRISES, INC. d/b/a WERNER TRUCKING and DRIVERS MANAGEMENT, LLC, | ) | **FOR JUDGMENT AS A MATTER OF LAW** |
| Defendants. | ) | |
| PHILIP PETRONE, et al., | ) | CIVIL ACTION: 8:12-cv-00307 |
| Plaintiffs, | ) | |
| vs. | ) | |
| WERNER ENTERPRISES, INC. d/b/a WERNER TRUCKING and DRIVERS MANAGEMENT, LLC, | ) | |
| Defendants. | ) | |

COME NOW Defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively, "Werner"), pursuant to Fed. R. Civ. P. 50(a), and, at the conclusion of Werner's evidence, makes a renewed motion for judgment as a matter of law on the grounds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for" Plaintiffs on their sleeper berth claim and short rest break claim under the Fair Labor Standards Act and the Nebraska Wage and Hour Act. In support of this Renewed Motion, Werner states the following:

**I.   Plaintiffs' Sleeper Berth Claim.**

   **A. Plaintiffs have not offered a legally sufficient evidentiary basis to find for Plaintiffs on their Sleeper Berth Claim.**

   1.   As this Court recognized, Plaintiffs' "claim is that Werner's student driver program required drivers to be on-duty continuously for 24-hour shifts and that Werner did not pay for such time." (Filing 466, Memorandum & Order, p. 7-8).

   2.   To prove that claim, the Court determined Plaintiffs have to demonstrate Werner "had a specific policy, equally applicable to all members of the class, that required Plaintiffs to

be **on-duty continuously**" "**for 24-hour shifts**" and "**required drivers to perform work or remain on call while logged off-duty in the sleeper berth**." (Filing 466, Memorandum & Order, p. 8-9 (emphasis added); Filing 405, Memorandum & Order, p. 26 (holding that "the Court's revision requires Plaintiffs to prove that the class was required to be continuously on-duty for 24-hour shifts").

3.      As the evidence at trial established, Werner's Handbook, Werner's practices, and the DOT regulations require drivers to log in the sleeper berth only when they are not on duty and not on call. As demonstrated in Werner's case in chief, Plaintiffs admitted in response to Requests for Admission that they accurately logged their time in compliance with Werner's practices and the DOT regulations. (See Filing 422-1, Class Representatives' Responses to Request for Admission). Because Plaintiffs admitted they accurately logged their time in the sleeper berth under Werner's practices and the DOT regulations, under which drivers cannot be on duty or on call while logged in the sleeper berth, it follows that Plaintiffs have admitted they were not on duty or on call in the sleeper berth. "In form and substance, a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial[.]" Fed. R. Civ. P. 36, Advisory Committee Notes. Thus, Plaintiffs' admission "acts as a substitute for evidence in that it does away with the need for evidence in regard to the subject matter of the … admission." Warner Bros. Entm't, Inc. v. X One X Prods., 840 F.3d 971, 978 (8th Cir. 2016) (citation omitted); In re Somerset Apts., Ltd., No. 8:06CV678, 2007 U.S. Dist. LEXIS 12429, at *9 (D. Neb. Feb. 21, 2007) ("The effect of a judicial admission is to withdraw that fact from issue and to dispense with the need for proof because the admission is binding on the party to whom it is attributable."). Plaintiffs are bound by their admission. Any other conclusion would defeat the purpose of Fed. R. Civ. P. 36: "[u]nless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated." Fed. R. Civ. P. 36, Advisory committee note.

4.      Werner is also entitled to judgment as a matter of law because Plaintiffs failed to demonstrate or provide sufficient evidence that Werner had a specific policy that required drivers to be continuously on duty for 24-hour shifts and perform work or remain on call at all times, including during time in the sleeper berth. "Under the plain language of the regulation, § 785.22 applies to employees who are **continuously on duty for 24 hours or more**, even while sleeping." (Filing 405, Memorandum and Order, p. 13) (emphasis added)); (Filing 405,

Memorandum & Order, p. 12) ("§ 785.22 limits non-compensable sleeper berth time for truck drivers and their assistants to 8 hours in a 24-hour cycle only where it can be shown that the truck driver or assistant was continuously on duty."); (Filing 405, Memorandum & Order, p. 13) ("Under the plain language of the regulation, § 785.22 applies to employees who are continuously on duty for 24 hours or more, even while sleeping."); (Filing 405, Memorandum & Order, p. 16) ("§ 785.22(a) does not apply any time an employee is away from home for 24 hours or more, but only '[w]here an employee is required to be on duty for 24 hours or more.'") (quoting § 785.22(a))). Consistent with that language, the Court determined Plaintiffs could only prove their claims on a classwide basis if they could prove Werner "had a specific policy, equally applicable to all members of the class, that required Plaintiffs to be **on-duty continuously**" "**for 24-hour shifts**" and "**required drivers to perform work or remain on call while logged off-duty in the sleeper berth**."  (Filing 466, Memorandum & Order, p. 8-9 (emphasis added).

5. Plaintiffs did not meet that burden of proof. The only testimony Plaintiffs offered to show Werner had such an alleged policy is speculative.  Speculative testimony cannot support the inference that Werner had a specific policy requiring drivers to be continuously on duty for 24-hour shifts and perform work or remain on call at all times.  Accordingly, because Plaintiffs have failed to offer a sufficient evidentiary basis for the jury to find liability on Plaintiffs' sleeper berth claim, the Court should grant Werner judgment as a matter of law

### B. Plaintiffs have not offered a legally sufficient evidentiary basis to calculate damages for Plaintiffs' Sleeper Berth Claim.

1. Judgment as a matter of law is also warranted on Plaintiffs' Sleeper Berth Claim because Plaintiffs have not provided sufficient proof of damages.

2. Plaintiffs have not offered any evidence of damages computing drivers' wages for on-duty sleeper berth time logged during continuous 24-hour shifts.  As elicited during trial, Plaintiffs' expert, Richard Kroon, did not consider whether and if so, for how long, drivers were working when computing Plaintiffs' sleeper berth damages.  Mr. Kroon admitted he calculated damages any time a driver logged more than 8 hours in the sleeper berth, regardless of whether the driver was working for 24 hours. Therefore, Mr. Kroon's sleeper berth damage calculations do not account for whether, as the Court stated, drivers were required to be on duty, continuously for 24-hour shifts.

3. Additionally, there is no foundation for Plaintiffs' damages because Mr. Kroon admitted he does not have an opinion as to whether his calculations accurately calculate damages.

4. Furthermore, this Court required Plaintiffs "to address the damages of each plaintiff according to the timing and circumstances of 'off-duty' time logged by each plaintiff[.]" (Case No. 12-cv-307, Petrone II, Filing 52, Memorandum & Order, p. 13). Plaintiffs have failed to offer any evidence of the timing and circumstances of each plaintiffs' off-duty time. Plaintiffs have not presented the individualized evidence required by this Court.

## II.  Plaintiffs' Short Rest Break Claim.

1. Werner is entitled to summary judgment on Plaintiffs Short Rest Break claims because Plaintiffs have failed to offer sufficient, non-speculative testimony of damages for drivers.

## III.  Plaintiffs' State Law Claim and Rule 23 Class.

1. Werner is also entitled to judgment as a matter of law on Plaintiffs' claims under the Nebraska Wage and Hour Act because Plaintiffs have not offered a legally sufficient evidentiary basis to support their claims under the NWHA.

2. Plaintiffs have argued that Werner violated the NWHA by not paying student drivers pursuant to certain federal FLSA regulations. However, Plaintiffs cannot establish a violation of the NWHA merely by proving a violation of the FLSA, which is supported by both the Eighth Circuit and the Nebraska appellate courts. (See Acosta v. Tyson Foods, 800 F.3d 468 (8th Cir. 2015); Gomez v. Tyson Foods, 799 F.3d 1192 (8th Cir. 2015); Freeman v. Central States Health & Life Co., 2 Neb. App. 803, 808, 515 N.W.2d 131, 135-36 (Neb. Ct. App. 1994)). Further, with regard to the short rest break claim, summary judgment was granted to Plaintiffs on their short rest break claims based solely on a discussion of the FLSA requirements for payment for break time, without any reference or reliance on Nebraska law. (Filing 347, Case No. 11-cv-401, Memorandum & Order, p. 15-18; see also 29 C.F.R. § 785.18 (regarding break time under federal law); Neb. Rev. Stat. §§ 48-1201 through 48-1209 (not requiring paid breaks).

3. Plaintiffs have not offered any classwide evidence that student drivers engaged in activities that benefitted Werner during the time which they logged as off-duty and off-duty in the sleeper berth, which Plaintiffs are required to show under the NWHA. Accordingly, Werner is entitled to judgment as a matter of law on Plaintiffs' NWHA claims.

4. Additionally, because Plaintiffs have not offered a sufficient evidentiary basis for their claims under the NWHA, the Rule 23 class should be decertified.

## IV. Standard of Review.

1. A court may grant judgment as a matter of law if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party[.]" Fed. R. Civ. P. 50(a)(1).

2. Judgment as a matter of law under Rule 50(a) is appropriate "when the record contains no proof beyond speculation to support the verdict." Liberty Mutual Fire Ins. Co. v. Scott, 486 F.3d 418, 422 (8th Cir. 2007). Although the Court views the evidence in the light most favorable to the non-moving party and draws reasonable inferences in its favor, the Court does not give the non-moving party the "benefit of unreasonable inferences, or those at war with the undisputed facts[,]" and "those inferences may not be based solely on speculation." Id.; Madden v. Lumber One Home Ctr., Inc., 745 F.3d 899, 906 (8th Cir. 2014).

3. A motion for judgment as a matter of law "must be granted when the non-movant's case rests solely upon speculation and conjecture lacking in probative evidentiary support." Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039, 1049-50 (8th Cir. 2000).

WHEREFORE, Werner respectfully renews its request that this Court enter an Order granting Werner's Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a).

WERNER ENTERPRISES, INC., and
DRIVERS MANAGEMENT LLC, Defendants

By: /s/ Joseph E. Jones
Joseph E. Jones, #15970
Elizabeth A. Culhane, #23632
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
(402) 341-6000
jjones@fraserstryker.com
eculhane@fraserstryker.com
ATTORNEYS FOR DEFENDANTS

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the United States District Court for the District Court of Nebraska using the CM/ECF system this 18th day of May, 2017, which system sent notification of such filing to counsel of record.

/s/ Joseph E. Jones

1683793v1