## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PHILIP PETRONE, et al.,**<br><br>　　　　　　　**Plaintiffs,**<br><br>　　**vs.**<br><br>**WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC;**<br><br>　　　　**Defendants.** | **FINAL JURY INSTRUCTIONS**<br><br>**8:11CV401** |
| **PHILIP PETRONE, et al.;**<br><br>　　　　　　　**Plaintiffs,**<br><br>　　**vs.**<br><br>**WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC,**<br><br>　　　　**Defendants.** | **8:12CV307** |

## INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial and during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

**INSTRUCTION NO. 2**

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

**INSTRUCTION NO. 3**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence that you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You have to decide whether a contradiction is an innocent misrecollection or lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

**INSTRUCTION NO. 4**

All of the parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

## INSTRUCTION NO. 5

The parties have stipulated – that is, they have agreed – to certain facts in this case.  You should, therefore, treat those facts as having been proved.  Those facts include the following:

1. This case involves a class of Plaintiffs consisting of over 52,000 over-the-road truck drivers who worked for Werner Enterprises, Inc., and Drivers Management, LLC (referred to collectively in these Instructions as "Werner"), in Werner's student driver program.

2. During the time class members worked for Werner in the student driver program, the class members rode and drove with an experienced over-the-road truck driver, known as a "driver trainer." The student drivers were employees of Werner, entitled to minimum wage.

3. Class members recorded their time during the student driver program by electronically inputting their time using one of four duty statuses in a Qualcomm computer unit located in the truck to which each class member was assigned.

4. Class members recorded their time by logging all time on one of four duty statuses:

- Line 1 - Off-duty;

- Line 2 - Sleeper Berth;

- Line 3 - Driving; and

- Line 4 - On Duty, Not Driving.

5. Class members were paid a flat rate during the time they worked for Werner as student drivers. The flat rate was supplemented at times by Werner.

6.      Werner only considered Line 3 (Driving) and Line 4 (On Duty, Not Driving) as compensable time.

7.      An amount listed as "per diem" on a pay statement should be considered "wages."

**INSTRUCTION NO. 6**

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.

**INSTRUCTION NO. 7**

A witness who has special knowledge, skill, experience, training, or education in a particular area may testify as an expert in that area. You determine what weight, if any, to give to an expert's testimony just as you do with the testimony of any other witness. You should consider the expert's credibility as a witness, the expert's qualifications as an expert, the sources of the expert's information, and the reasons given for any opinions expressed by the expert.

**INSTRUCTION NO. 8**

Certain testimony was presented to you in the form of a deposition.  A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial and preserved in writing or on videotape.  The deposition testimony was recorded in writing and was read to you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. For deposition testimony that was read to you, you should not place any significance on the manner or tone of voice used to read the witness's answers to you.

**INSTRUCTION NO. 9**

Certain testimony was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

**INSTRUCTION NO. 10**

Certain evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**INSTRUCTION NO. 11**

You will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Some of you may have taken notes during the trial; others of you may have chosen not to take notes.  If you did take notes, remember that these notes are not themselves evidence, but are instead merely memory aids.   You must reach a verdict based upon your independent recollection of the evidence presented during the trial, not upon your notes or another juror's notes.   Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

**INSTRUCTION NO. 12**

An employer must pay at least minimum wage for all hours worked by an employee each workweek. The minimum wage rate applicable in this case is as follows:

August 2008 to July 23, 2009 – $6.55 per hour

July 24, 2009 to August 1, 2014 – $7.25 per hour.

You may have heard about other minimum wage rates that may be applicable in certain states.  You must not consider any minimum wage rates other than those listed above.

**INSTRUCTION NO. 13**

Plaintiffs allege that Werner failed to pay minimum wage in two ways.

First, Plaintiffs allege that Werner did not pay Plaintiffs for short rest breaks of 20 minutes or less. The Court has already determined that Werner did not pay Plaintiffs for short rest breaks of 20 minutes or less and that Plaintiffs are entitled to such pay. Therefore, you only need to determine the amount due, if any, to Plaintiffs for short rest breaks of 20 minutes or less.

Second, Plaintiffs allege that Werner did not pay Plaintiffs for work hours logged as Line 2 (Sleeper Berth).  The Court will refer to this claim as Plaintiffs' "Sleeper Berth Claim." You must determine whether the time Plaintiffs logged in the sleeper berth was "hours worked," and, if so, whether Werner failed to pay a minimum wage for all hours worked, as stated in Instruction No. 15.

**INSTRUCTION NO. 14**

Your verdict must be for Plaintiffs and against Werner on Plaintiffs' Sleeper Berth Claim if all the following elements have been proved:

*First*, Plaintiffs were employed by Werner on or after August 2008; and

*Second*, Werner failed to pay Plaintiffs minimum wage for all hours worked in one or more workweeks.

# INSTRUCTION NO. 15

**_"Hours Worked"_**

As used in the second element of Instruction No. 14, the phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.  Such time constitutes "hours worked" if the employer knew or should have known that the employee was working.  Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his own purposes are not "hours worked."

There is a presumption that a truck driver or an employee required to ride in a truck is not working when the truck driver or employee is permitted to sleep in the sleeper berth of a truck. The Department of Transportation directs truck drivers to log time in a sleeper berth only when the driver is resting. Thus, there is a presumption that hours logged in a sleeper berth are not hours worked; but Plaintiffs may overcome that presumption as explained below.

Under certain conditions, an employee is considered to be working even though some of the employee's time is spent sleeping, resting, or waiting. Plaintiffs may overcome the presumption that hours logged in a sleeper berth are not hours worked by showing that Werner required all class members to work continually, even when logging time in the sleeper berth, or that Werner knew or should have known that Plaintiffs worked continually, even when logging time in the sleeper berth.

***"Workweek"***

A "workweek" is a regularly recurring period of seven days or 168 hours, as designated by the employer.  An employer may choose any consecutive 168-hour period it desires as its workweek.

**INSTRUCTION NO. 16**

Plaintiffs contend that Werner knew or should have known that Plaintiffs were working continually during time logged in the sleeper berth, in excess of eight hours each 24-hour period, because Werner had a policy or practice of requiring or allowing such work. To succeed on their Sleeper Berth Claim, Plaintiffs must prove that Werner had such a policy or practice equally applicable to all class members, not just the class representatives. If Plaintiffs prove by a preponderance of the evidence that Werner had a policy or practice of requiring or allowing continual work to be performed by class members during time logged in the sleeper berth, then you should find that Werner knew or should have known of such work, and that the hours, in excess of eight hours each 24-hour period, were hours worked.

**INSTRUCTION NO. 17**

You must determine the number of hours worked by Plaintiffs based on all of the evidence. Werner was legally required to maintain accurate records of its employees' hours worked.  If you find that Werner failed to maintain records of Plaintiffs' hours worked or that the records kept by Werner were inaccurate, you must accept Plaintiffs' estimate of hours worked, unless you find it to be unreasonable.

**INSTRUCTION NO. 18**

The Court has already concluded that Werner did not pay Plaintiffs for short rest breaks of 20 minutes or less. You must award Plaintiffs damages in the amount that Plaintiffs should have been paid in minimum wages for such short rest breaks, less what Werner actually paid Plaintiffs.

If you find in favor of Plaintiffs on their Sleeper Berth Claim under Instruction No. 14,  you must award Plaintiffs damages in the amount that Plaintiffs should have been paid in minimum wages for their Sleeper Berth Claims, less what Werner actually paid Plaintiffs.

The minimum wage amount that should have been paid is the number of hours worked in each workweek, times the minimum wage applicable to that workweek, as set forth in Instruction No. 12.

Because this is a class action, any damages will be awarded to the class. This means that you will not provide damages individually for each workweek and for each of the 52,000 or more class members. Instead, any award you make will be to the class as a whole, and it will be for the Court to approve how to distribute any such award to class members.

In determining the amount of damages, you may not include or add to the damages any sum for the purpose of punishing Werner.

## INSTRUCTION NO. 19

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party.  You are judges – judges of the facts.  Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  You may call my chambers at (402) 661-7323 to inform a member of my staff that you have a note for me.  I will respond as soon as possible either in writing or orally in open court.  While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.  Nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the courtroom deputy or call my chambers at (402) 661-7323 and tell whoever answers the telephone that you have a verdict and are ready to return to the courtroom.