## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP PETRONE, et al., | **MEMORANDUM AND ORDER** |
| Plaintiffs, | |
| vs. | **8:11CV401** |
| WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC; | |
| Defendants. | |
| PHILIP PETRONE, et al.; | |
| Plaintiffs, | **8:12CV307** |
| vs. | |
| WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC, | |
| Defendants. | |

This matter is before the Court on the Renewed Motion for Liquidated Damages, ECF No. 537 in Case No. 11cv401, ECF No. 437 in Case No. 12cv307, filed by Plaintiffs Philip Petrone, et al. (Plaintiffs). Also before the Court is the Plaintiffs' Motion for Extension of Time to Reply to Defendants' Response to Plaintiffs' Motion for Fund Allocation, ECF No. 543 in Case No. 11cv401, ECF No. 443 in Case No. 12cv307. For the reasons stated below, the Motions will be denied.[1]

_____

[1] Because the Motions and related documents are identical in both cases, the Court will omit reference to the ECF filing numbers in Case No. 8:12cv307. Unless otherwise indicated, all references to the record before the Court will be to filings in Case No. 8:11cv401.

**BACKGROUND**

On August 1, 2017, the Court granted, in part, Plaintiffs' motion for liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 260. Plaintiffs requested liquidated damages for their short-rest-break claims in the amount of $240,735.00. *See* ECF No. 519. Though Plaintiffs were entitled to liquidated damages, the Court determined that they failed to prove the amount requested. The Court noted that "[w]ith considerable effort" it attempted to verify Plaintiffs' requested amount, but could not do so without resort to evidence not in the record. ECF No. 535, Page ID 54370-71. The Court further noted, and Plaintiffs recognized in their renewed motion, that the "burden of completing [the] unwieldy task" of verifying the liquidated damages amount was on the Plaintiffs and not on Werner nor the Court. Following an extensive review of the record, the Court concluded that $50,000.00 in liquidated damages could be verified, but a greater award would require the Court to engage in speculation and conjecture.

In their Renewed Motion for Liquidated Damages, Plaintiffs assert that they now have addressed the Court's concerns and seek to prove the amount of liquidated damages using evidence in the record. To do so, Plaintiffs provide a Revised Damages Summary which contains the name of each employee who opted-in; the date of the employee's opt-in consent form; the cut-off date for damages; the amount of damages attributable to each employee; and the ECF document number of the employee's consent form. *See* ECF No. 539-2. Plaintiffs now seek $132,373.63 in liquidated damages.

2

**DISCUSSION**

While Plaintiffs do not specify the procedural basis for their renewed motion, it is clear that they are asking the Court to use their Revised Damages Summary to reconsider the Court's prior ruling. "The Federal Rules of Civil Procedure do not mention motions for reconsideration," which may be considered as either a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). The Eighth Circuit has determined "that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (quoting *Elder–Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006)). Because Plaintiffs' motion is directed to a non-final order, the Court reviews it under Rule 60(b).[2]

A Rule 60(b) motion, brought as a motion for reconsideration, "is not a vehicle for simple reargument on the merits," even where the movant reargues the merits "somewhat more fully." *Broadway*, 193 F.3d at 989-90. Rule 60(b) only "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions,

---

[2] Some courts within the Eighth Circuit have disagreed with *Elder-Keep*'s holding, citing a district court's "inherent authority to reconsider interlocutory orders." *Garrett v. Albright*, No. 4:06-CV-4137-NKL, 2008 WL 268993, at *2 (W.D. Mo. Jan. 30, 2008) (citing 15B Wright and Miller, *Federal Practice and Procedure* § 3914.28). However, even district courts that have criticized *Elder-Keep* have noted that a court's interest in judicial economy and respect for the finality of court decisions "would be undermined if [a court] were to routinely reconsider its interlocutory orders." *Disc. Tobacco*, 2010 WL 3522476, at *2. These courts have required the moving party to show "(1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *HM Compounding Servs., LLC v. Express Scripts, Inc.*, No. 4:14-CV-1858 JAR, 2017 WL 2118012, at *1 (E.D. Mo. May 16, 2017) (citing *Disc. Tobacco*.). For the reasons stated below, Plaintiffs had a fair opportunity to argue the matter previously, and granting Plaintiffs' motion is not necessary to correct a significant error.

and the like)."[3] *Id.* at 990. A motion under Rule 60(b) is to "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.,* 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988)) (internal quotation marks omitted).

Here, there is no allegation of mistake, inadvertence, surprise, excusable neglect, fraud, or changed condition; and no suggestion of legal error by the Court. Plaintiffs' Revised Damages Summary does not constitute newly discovered evidence, because the Summary is based on evidence that was at all times available to the Plaintiffs, and they have not shown any reason why they were previously unable to compile such evidence in a manner that would support their claim for liquidated damages.

Because Plaintiffs do not identify an enumerated reason for the Court to grant their Motion, they must rely on the catch-all provision of Rule 60(b)(6), affording relief from an order for "any other reason that justifies relief." The Court concludes, however,

---

[3] Rule 60(b) states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

that Plaintiffs' arguments do not justify the "extraordinary remedy" of relief under Rule 60(b). *See Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

Accordingly,

IT IS ORDERED:

1.    The Renewed Motion for Liquidated Damages, ECF No. 537 in Case No. 11cv401, ECF No. 437 in Case No. 12cv307, filed by Plaintiffs Philip Petrone, et al., is denied; and

2.    The Motion for Extension of Time to Reply to Defendants' Response to Plaintiffs' Motion for Fund Allocation, ECF No. 543 in Case No. 11cv401, ECF No. 443 in Case No. 12cv307, is denied.


Dated this 15th day of September, 2017.

                                    BY THE COURT:

                                    s/Laurie Smith Camp
                                    Chief United States District Judge