# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP PETRONE, et al., <br><br>       Plaintiffs, <br><br> vs. <br><br> WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC; <br><br>       Defendants. | **MEMORANDUM AND ORDER** <br><br> **8:11CV401** |
| PHILIP PETRONE, et al.; <br><br>       Plaintiffs, <br><br> vs. <br><br> WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC, <br><br>       Defendants. | **8:12CV307** |

This matter is before the Court on Plaintiffs' Objection to Costs Taxed, ECF No. 568 in Case No. 8:11CV401; ECF No. 468 in Case No. 8:12CV307. Also before the Court is Plaintiffs' Motion for Clarification, ECF No. 569 in Case No. 8:11CV401; ECF No. 469 in Case No. 8:12CV307. For the reasons stated below, the Objection will be overruled and the Motion for Clarification will be granted as stated below.[1]

## BACKGROUND

The Court's previous orders contain a detailed recitation of the procedural and historical background of this case. By way of summary, the Court states the following:

---

[1] Because the Motions and related documents are identical in both cases, the Court will omit reference to the ECF filing numbers in Case No. 8:12cv307. Unless otherwise indicated, all references to the record before the Court will be to filings in Case No. 8:11cv401.

Defendants Werner Enterprises, Inc., and Drivers Management, LLC, (collectively "Werner") operated an eight-week Student Driver Program as part of the training for new truck drivers. Plaintiffs filed this class action lawsuit seeking compensation for unpaid wages allegedly earned during off-duty time spent on short rest breaks and in their trucks' sleeper berths. In May 2017, the Court held a jury trial on the issue of damages for Plaintiffs' short-rest-break claims and liability on Plaintiffs' sleeper-berth claims. Following the three-day trial, the jury awarded $779,127.00 in damages on Plaintiffs' short-rest-break claims, an amount equal to those calculated by Plaintiffs' expert. *See* Jury Verdict, ECF No. 516, Page ID 43269. The jury found that Plaintiffs failed to demonstrate that Werner required or allowed Plaintiffs to work during time logged in the sleeper berth in excess of eight hours each 24-hour period. *Id.* at Page ID 43270.

On February 13, 2018, the Taxation Clerk taxed costs to Plaintiffs in the amount of $15,839.68. Plaintiffs object to the Taxation of Costs, arguing that Werner is not the prevailing party and therefore not entitled to costs.  Plaintiffs also request clarification of the Court's Memorandum and Order dated February 9, 2018, ECF No. 566 (the "Order on Attorney's Fees").  Specifically, Plaintiffs request an Order clarifying that Defendants will be responsible for the reasonable cost of distributing the funds awarded by the jury.

**DISCUSSION**

### I. Objection to Taxation of Costs

Plaintiffs object to the taxation clerk's conclusion that Werner is a prevailing party entitled to costs under Federal Rule of Civil Procedure 54(d)(1).  Under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other

than attorney's fees—should be allowed to the prevailing party." A party is a "prevailing party" if the party prevailed on "any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791 (1989) (internal citations and quotations omitted); *see also SuperTurf, Inc. v. Monsanto Co.*, 660 F.2d 1275, 1287 (8th Cir. 1981) ("A party who has obtained some relief usually will be considered the 'prevailing party' under [Fed. R. Civ. P.] 54(d) even if it has not succeeded on all of its claims."). In this case, Werner prevailed on a significant issue—Plaintiffs' sleeper-berth claim, for which Plaintiffs sought over $27 million in damages. Accordingly, the taxation clerk correctly concluded that both parties prevailed on a significant issue in this case.

Plaintiffs argue that costs cannot be taxed against them because the Court has already declared them to be a prevailing party under 29 U.S.C. § 216(b) for purposes of attorney's fees. Specifically, Plaintiffs state that they cannot be taxed costs because "[i]t is well established that pursuant to Fed. R. Civ. P. 54(d)(1), there can only be a single prevailing party in a particular case." Pl. Br. at 3, ECF No. 568, Page ID 56739.

Some district courts have held that, in cases where parties each prevail on certain claims, "both parties are presumptively entitled to recover costs under Rule 54(d)(1)." *Nacy v. D.F.C. Ents., Inc.*, No. 11-00331-CV-W-SWH, 2014 WL 12601514, at *6 (W.D. Mo. Mar. 31, 2014) (quoting *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007). Most courts, however, have interpreted Rule 54(d)(1) to mean there can be only one prevailing party in a particular case for purposes of costs under the Rule. *See, e.g., Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010); *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001).

Although the Eighth Circuit has not addressed this issue, other circuits have noted that, generally, "the litigant who is the prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." *Barber*, 254 F.3d at 1234; *see also* 10 *Moore's Federal Practice* § 54.101[3] (3d ed. 2000) (noting that the "prevailing party" under Rule 54(d)(1) is generally, but not completely, synonymous with the "prevailing party" requirement in the attorney's fee context); *see also Tunison v. Cont'l Airlines Corp., Inc.,* 162 F.3d 1187, 1189–90 (D.C. Cir. 1998) (noting that "the 'prevailing party' determination is generally the same in the two contexts"—*i.e.*, Rule 54(d)(1) and 42 U.S.C. § 1988). Further, "[u]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)." *Barber*, 254 F.3d at 1234 (quoting Wright & Miller, *Federal Practice & Procedure,* § 2667). Based on this general rule, Plaintiffs argue that because they were **_a_** prevailing party for purposes of attorney's fees under 29 U.S.C. § 216(b), Werner cannot be **_the_** prevailing party under Federal Rule of Civil Procedure 54(d)(1).

The Eighth Circuit has stated that "[w]here each of the parties has prevailed on one or more of its claims, defense or counterclaims, the district court has broad discretion in taxing costs."[2] *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980). In cases where a party is only partially successful, "some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success." *Barber*, 254 F.3d at 1234. The court in *Shum*—a case relied upon by Plaintiffs—approved this practice, holding that "the district court did not abuse its discretion in awarding costs to each party with

---

[2] *See also Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) (stating that "courts have especially broad discretion to award or deny costs in mixed result cases.").

respect to the claims on which they each prevailed, then netting those sums to arrive at the final figure." 629 F.3d at 1364.

Other Courts of Appeals have approved apportionment where district courts taxed costs to each party based on the parties' respective successful claims. For example, in *Williams v. Gaye*, 885 F.3d 1150, 1178 (9th Cir. 2018), representatives for Marvin Gaye's estate sued Robin Thicke for infringement of copyrights to two of Gaye's songs. The district court entered judgment for Gaye's estate with respect to one of the songs, but entered judgment for Thicke with respect to the other. *Id.* at 1177-78. The district court apportioned costs by awarding costs to each party on its successful claim. *Id.* at 1178. The Ninth Circuit affirmed the district court, concluding that the apportionment "in effect reduced the [estate's] costs award 'to reflect the extent of [its] victory.'" *Id.* (quoting *Shum*, 629 F.3d at 1370). The court reasoned that even with the Federal Circuit's "singular construction" of Rule 54(d)(1) as stated in *Shum*, the award of costs in *Shum* was the functional equivalent of an award to each side. *Id.* Accordingly, a district court does not abuse its discretion in awarding costs to each party with respect to the claims on which each prevailed. *Id.* (quoting *Shum*, 629 F.3d at 1367).

Similar to the courts in *Shum* and *Williams*, this Court will exercise its discretion to award costs to Werner on the sleeper-berth claim. The Court cannot apportion taxed costs to Plaintiffs on their successful claim, because Plaintiffs did not submit a bill of costs under Rule 54(d)(1), as required by NECivR 54.1(b). *See* Order on Attorney's Fees at 29, ECF No. 566, Page ID 56731. Thus, at this stage, Werner is the only party

to seek costs properly under Rule 54(d)(1).[3]  Werner represented in its Bill of Costs that the amounts claimed related solely to defending Plaintiffs' sleeper berth claim. *See* Bill of Costs Aff., ECF No. 553-1.  Therefore, the taxed costs have effectively been reduced "to reflect the extent of [Werner's] victory." *Shum*, 629 F.3d at 1370. Plaintiffs did not dispute Werner's claim for the costs of deposition transcripts, copies, and lay witness fees. Accordingly, the Clerk properly taxed costs to Werner in the amount of $15,839.68.

## II.  Motion for Clarification

Plaintiffs seek clarification of the Court's Order on Attorney's Fees, ECF No. 566, and ask for a declaration that Werner will be responsible for the reasonable costs of distributing the damages awarded by the jury.  On September 29, 2017, the Court entered an order approving Plaintiffs' motion to appoint KCC Class Action Services ("KCC") as the third-party administrator to distribute the funds to class members.  Order & Judgment at 2-3, ECF No. 545. The Court stated that it had "not determined whether KCC's administration costs will be taxed to Werner" and "it would be difficult at this stage to preemptively limit those costs" because KCC had not yet performed any administration services. *Id*. at 7. The Court further noted that "administrative costs may be reviewed, if necessary, after actual administration has taken place." *Id*. at 5.

The Court previously noted that under the FLSA, plaintiffs may recover costs, including reasonable out-of-pocket expenses beyond those normally allowed under Fed. R. Civ. P. 54(d) and  28 U.S.C. § 1920.  *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298

---

[3] The Eighth Circuit has held that "neither § 216(b) nor any other provision of the FLSA precludes an award of costs to a prevailing defendant," and a defendant is "not precluded from collecting its costs incurred." *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 782 (8th Cir. 2016).

F.3d 955, 969 (10th Cir. 2002). The parties have not cited any authority interpreting whether the FLSA permits costs of distributing a jury award as part of reasonable out-of-pocket expenses. The Court has previously awarded, where appropriate, reasonable costs for providing notice to the class. While reasonable distribution costs appear to be compensable out-of-pocket expenses under the FLSA, the Court will reserve ruling on whether the costs to distribute the award will be taxed to Werner until Plaintiffs have incurred those costs.

Accordingly,

IT IS ORDERED:

1.  Plaintiffs' Objection to Costs Taxed, ECF No. 568 in Case No. 8:11CV401; ECF No. 468 in Case No. 8:12CV307, is overruled; and

2.  Plaintiffs' Motion for Clarification, ECF No. 569 in Case No. 8:11CV401; ECF No. 469 in Case No. 8:12CV307, is granted, consistent with this order.

Dated this 25th day of April, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge
