# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP PETRONE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC; <br><br> Defendants. | MEMORANDUM AND ORDER <br><br> 8:11CV401 |
| PHILIP PETRONE, et al.; <br><br> Plaintiffs, <br><br> vs. <br><br> WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC, <br><br> Defendants. | 8:12CV307 |

This matter is before the Court on the Motion to Stay Execution of Judgment Pending Appeal and for Approval of Supersedeas Bond, ECF No. 579 in Case No. 8:11CV401; ECF No. 479 in Case No. 8:12CV307,[1] filed by Defendants' Werner Enterprises, Inc. and Drivers Management, LLC's (collectively, "Werner"). Plaintiffs oppose Defendants' Motion on several grounds. For the reasons stated below, the Motion will be granted, execution of judgment will be stayed, and Werner will be directed to file the proposed supersedeas bond with the Court.

---

[1] Because the Motions and related documents are identical in both cases, the Court will omit reference to the ECF filing numbers in Case No. 8:12cv307. Unless otherwise indicated, all references to the record before the Court will be to filings in Case No. 8:11cv401.

## DISCUSSION

Federal Rule of Civil Procedure 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). The bond is usually set "in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2905 (3d ed.). District courts have inherent, discretionary authority to set the amount of and accept (or not) a supersedeas bond. *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006); *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

The amount of the proposed supersedeas bond in this case covers the full amount of the judgment, liquidated damages, attorney fees, and costs awarded by this Court. *See* ECF No. 579-1. Further, Werner's ability to pay the judgment appears unquestioned. Although Plaintiffs express concern over whether the amount of the bond will adequately protect class members, Plaintiffs themselves have previously described Werner as "one of the five largest motor carriers in the Unites States . . . worth more than $2 billion" with "plenty of cash on hand to handle any pending concerns over this or other litigation." Pl. Br. at 2-3 n.1, ECF No. 363, Page ID 20711 (citing August 17, 2015 Press Release, "Werner Enterprises Increases Quarterly Dividend"). The Court is satisfied that, should the judgment be affirmed, Werner will be able to pay the judgment amount, plus any amounts for post-judgment interest or other court-approved costs.

Plaintiffs also argue that the supersedeas bond is defective because it lists Plaintiff Phillip Petrone as the obligee. Plaintiffs theorize that if Werner is unable to pay

2

the judgment amount, only Petrone would have standing to enforce the bond, and he alone would receive the entire amount of the bond. Plaintiffs request that a new bond be issued, with the class administrator, KCC, LLC, listed as the obligee. Otherwise, according to Plaintiffs, the bond is defective under Rule 62(d).

Plaintiffs cite no authority for this position, and the Court concludes the proposed bond is sufficient for purposes of the rule. Courts have rejected arguments that a supersedeas bond must name each judgment creditor to be benefitted, concluding that Rule 62(d) does not require such detail. *See Moreno v. Ross Island Sand & Gravel, Co.*, No. 213CV00691KJMKJN, 2017 WL 2214964, at *2 (E.D. Cal. May 19, 2017); *see also In re Wymer*, 5 B.R. 802, 805 (B.A.P. 9th Cir. Cal. 1980) (holding that Rule 62(d) requires bond only to be in "sufficient amount to cover the unsatisfied judgment, costs on appeal, interest and damages for delay."). The proposed bond is sufficient to cover the damages and additional expenses and is sufficient for purposes of Rule 62(d). Plaintiffs identify no language in Rule 62(d) or any other authority stating that the class administrator must be listed as the obligee. In the unlikely event that Werner is unable to pay the judgment amount, the bond can be enforced in a manner that protects all Plaintiffs.

Finally, Plaintiffs argue that the bond fails to account for post-judgment interest and post-verdict distribution costs. The Court will not require Werner to amend the bond to reflect such additional costs. For the reasons already stated, Werner's ability to pay the judgment amount is plainly apparent. *See Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) (waiving the bond requirement entirely where the defendant's "ability to pay the judgment is so plain

that the cost of the bond would be a waste of money"). Should additional costs and interest accrue, the Court is confident that Werner will be able to pay the full judgment amount.

Accordingly,

IT IS ORDERED:

1. The Motion to Stay Execution of Judgment Pending Appeal and for Approval of Supersedeas Bond, ECF No. 579 in Case No. 8:11CV401; ECF No. 479 in Case No. 8:12CV307, is granted;

2. Pursuant to Federal Rule of Civil Procedure 62(d), on or before May 18, 2018, Werner shall file the proposed bond, Bond No. 106899633, ECF No. 579-1, with the Clerk of the Court, which will remain in full force and effect until released by order of the Court;

3. Upon filing of the Bond, pursuant to Federal Rule of Civil Procedure 62(c), execution of the Court's Judgment entered against the Defendants is stayed, and no proceedings may be brought to enforce the Judgment, until 30 days after the final disposition of the appeal pending before the United States Court of Appeals for the Eighth Circuit.

Dated this 15th day of May, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge