# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PHILIP PETRONE, et al.,** | **MEMORANDUM AND ORDER** |
| Plaintiffs, | |
| vs. | **8:11CV401** |
| **WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC;** | |
| Defendants. | |
| **PHILIP PETRONE, et al.;** | |
| Plaintiffs, | **8:12CV307** |
| vs. | |
| **WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC,** | |
| Defendants. | |

This matter is on remand from the United States Court of Appeals for the Eighth Circuit and is before the Court on Defendants' Motion for Judgment on the Mandate and for Order Approving Release of Supersedeas Bond,[1] ECF No. 607,[2] and Plaintiffs' Motion for New Trial, ECF No. 610. For the following reasons Defendants' motion will be granted.

**BACKGROUND**

---

[1] Plaintiffs do not object to the release of Defendants' supersedeas bond. Pls.' Br., ECF No. 613 at Page ID 57176.

[2] References to the docket will be to filings made in Case No. 8:11CV401.

This case is a class action arising out of an eight-week training program operated by Defendants. Plaintiffs alleged Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Nebraska law, by failing to compensate trainees adequately for short-term breaks or for time spent resting in their trucks' sleeper-berths. A jury ultimately found in favor of Plaintiffs in the amount of $779,127 on the short-term break claim and found in favor of Defendants on the sleeper-berth claim.

On July 3, 2013, the Court entered its Amended Final Progression Order, ECF No. 149 (Strom, J.). Among other things, the Amended Final Progression Order set a deadline of January 15, 2014 for the disclosure of expert witness reports. Plaintiffs timely disclosed their expert reports. On March 20, 2014, Defendants took the deposition of Plaintiffs' expert, Richard Kroon, and "reveal[ed] considerable flaws in the methodology for computing the allegedly uncompensated break and sleeper-berth time." Mem. & Order, ECF No. 275 at Page ID 17474 (Strom, J.). To remedy these flaws, Plaintiffs attempted to submit a supplemental report under Rule 26(e), which requires "[a] party who has made a disclosure under Rule 26(a) . . . [to] supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e). The Court found, and the Court of Appeals agreed, that Kroon's second report was not a supplement, but an attempt to "use the defendants' efforts in uncovering the flaws in Kroon's report to hone the methodology and submit a more robust report after their deadline has expired." Mem. & Order, ECF No. 275 at Page ID 17458 (Strom, J.).

The Court found that Plaintiffs did not have good cause to extend the reporting deadline. Even though Plaintiffs' failure was not "substantially justified" nor "harmless,"

2

the Court determined that Rule 37(c)—as read in conjunction with Rule 1's admonition that the rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"—gave the Court the discretion to impose a lesser sanction than complete exclusion of the evidence. Mem. & Order, ECF No. 275 at Page ID 17458–60 (Strom, J.). The Court permitted Plaintiffs to file the untimely report, imposed a lesser sanction of permitting Defendants to depose Kroon at Plaintiffs' expense, and denied all other pending motions without prejudice. *Id.* at 17460.

The Court of Appeals found that the Court erred in "granting Plaintiffs' request to extend the Rule 16(b) disclosure deadline, despite finding that good cause for the extension had not been shown, based on an erroneous application of Rule 37(c)(1)." *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 431 (8th Cir. 2019). Having found the resolution of this issue dispositive, the Court of Appeals vacated the judgment and remanded to this Court for proceedings consistent with its opinion.

## DISCUSSION

**I.   Admissibility of Kroon's Report**

Rule 16(b) requires a district or magistrate judge to issue a scheduling order in every action providing for, among other things, the timing of disclosures required under Rule 26(a). Scheduling orders "may be modified only for good cause." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting Fed. R. Civ. P. 16(b)). "Rule 16(b)'s good-cause standard is not optional." *Id.* The scheduling order in this case provided that expert disclosures were to be submitted on or before January 15, 2014. The Court of Appeals characterized Judge Strom's later order, permitting the Plaintiffs to

3

file a new, untimely report, as amending the Rule 16(b) scheduling order without good cause.

According to the decision of the Court of Appeals, it was error to rely on Rule 37(c) because Rule 37(c) only applies when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)" *and* attempts to "use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . ." Fed. R. Civ. P. 37(c)(1). Prior to trial or a motion, district courts are bound by the good cause standard of Rule 16 and can only impose a lesser sanction than exclusion once the undisclosed expert report is offered for use at trial or on a motion. Because Plaintiffs disclosed their untimely report *before* trial, the Court had no choice but to deny Plaintiffs the opportunity to disclose the new report.[3]

## II.     Dismissal with Prejudice

Finding resolution of the previous issue to be dispositive, the Court of Appeals vacated the judgment and remanded to this Court to hold proceedings consistent with its opinion.

The only evidence Plaintiffs presented to the jury on damages in this case was expert testimony by Kroon and his new report. Indeed, the reason Judge Strom permitted Plaintiffs to file their untimely report was because it was "useful and *necessary* to the disposition of the case on the merits." Mem. & Order, ECF No. 275 at Page ID 17459–60 (Strom, J.) (emphasis added). Additionally, the Court of Appeals may "affirm the

---

[3] *See Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 438 (Colloton, J., dissenting) (recognizing that the Court of Appeals' decision "construe[s] Rule 37(c)(1) as authorizing a district court to permit use of an undisclosed expert's information at trial but not to allow filing and disclosure of the same expert's report before trial.").

4

judgment on any basis disclosed in the record, whether or not the district court agreed with or even addressed that ground." *PFS Distribution Co. v. Raduechel*, 574 F.3d 580, 591 (8th Cir. 2009) (quoting *Palavra v. I.N.S.*, 287 F.3d 690, 693 (8th Cir. 2002)). If there was other evidence presented to the jury that could have supported the verdict, reliance on Rule 37(c) would have been harmless and the Court of Appeals would not have vacated the judgment.

Plaintiffs argue they could still prove damages without Kroon's expert report. In a new trial, Plaintiffs state they could offer the Defendants' pay and time records for thousands of trainees, and a jury could determine damages from those. They argue that even if data is voluminous, it does not require an expert to apply basic arithmetic. Instead, such evidence may be summarized by a Rule 1006[4] exhibit. In support of this assertion, Plaintiffs cite to *Kalloo v. Unlimited Mechanical Company of New York, Inc.*, 977 F. Supp. 2d 187 (E.D.N.Y. 2013). In *Kalloo*, the district court allowed a spreadsheet prepared by a paralegal to summarize the pay and time records of three employees of the defendant corporation. *Id.* at 198.

There is clearly more analysis to be done of the evidence in this case than simple arithmetic. The evidence was such that even Plaintiffs' expert made significant errors which rendered his first report likely inadmissible. A jury could not accurately determine damages regarding the pay and time records for 55,000 class members without expert testimony in this case.

---

[4] Federal Rule of Evidence 1006 permits "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006.

Additionally, the discovery deadlines expired more than six years ago, and Plaintiffs have not submitted a Rule 1006 exhibit, nor identified a witness who would prepare it, nor have Defendants deposed this witness about the preparation of the Rule 1006 exhibit. In order to permit Plaintiffs to disclose this evidence, the Court would have to amend the Rule 16(b) scheduling order, and there is no good cause to do so. *See Petrone*, 940 F.3d at 434; *Sherman*, 532 F.3d at 716.

Plaintiffs could not have proved damages but for the admission of Kroon's untimely expert report. Therefore, the only proceeding consistent with the opinion of the Court of Appeals is dismissal of this action with prejudice.

Accordingly,

IT IS ORDERED:

1. Defendants' Motion to Enter Judgment on the Mandate and For Order Approving Release of Supersedeas Bond, ECF No. 607, is granted;
    a. This action is dismissed with prejudice;
    b. The supersedeas bond posted by Defendants is released;
2. Plaintiffs' Motion for a New Trial, ECF No. 610, is denied;
3. A separate judgment will be entered.

Dated this 22nd day of June, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge