IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP PETRONE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC; <br><br> Defendants. | **MEMORANDUM AND ORDER** <br><br> 8:11-CV-401 |
| PHILIP PETRONE, et al.; <br><br> Plaintiffs**,** <br><br> vs. <br><br> WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC, <br><br> Defendants. | 8:12-CV-307 |

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Objection to the Bill of Costs, Motion to Enforce Mandate and for Defendants to Return Plaintiffs the Vacated Sanction, and Motion to Review Taxation of Costs. Filing 626; Filing 628; Filing 632.[1] For the reasons stated below, the Court overrules the objection and denies the motions.

## II. BACKGROUND

This case has a lengthy procedural history. It initially arose as a class action regarding an eight-week training program operated by Defendants. Plaintiffs alleged Defendants violated the

---

[1] References to the docket will be to filings made in Case No. 8:11-CV-401.

1

Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Nebraska law by not adequately compensating trainees for short-term breaks or for time spent resting in their trucks' sleeper-berths.

On July 7, 2014, the Court entered an order amending the final progression order and permitting Plaintiffs to file a supplemental expert report. Filing 275 (Strom, J.). Instead of excluding the untimely evidence, the Court sought to apply a lesser sanction under Federal Rule of Civil Procedure 37(c). Filing 275 at 6. Plaintiffs were permitted to file the report, but Defendants were given the opportunity to depose the expert once again at Plaintiffs' expense. Filing 275 at 6.[2]

A jury found in favor of Plaintiffs in the amount of $779,127 on the short-term break claim and found in favor of Defendants on the sleeper-berth claim. After trial, on February 13, 2018, the Clerk's Office taxed $15,839.68 against the Plaintiffs given the Defendants prevailed on the sleeper-berth claim. Filing 567. Plaintiffs objected to the taxation of costs as to the sleeper-berth claim, and the Court overruled the objection. Filing 584 (Smith Camp, J.).

On appeal, the Eighth Circuit vacated the judgment and remanded for proceedings consistent with its opinion. *Petrone v. Werner Enters., Inc.*, 940 F.3d 425 (8th Cir. 2019). Consistent with the Eighth Circuit's opinion, the Court entered judgment in favor of the Defendants and dismissed the case with prejudice. Filing 618 (Smith Camp, J.); Filing 619 (Smith Camp, J.). Plaintiffs' appeal of the most recent judgment is currently pending before the Eighth Circuit. *Petrone v. Werner Enters., Inc.*, No. 20-2500 (filed July 23, 2020).

Following the Court's entry of judgment, Defendants filed their bill of costs in the same amount as previously taxed against Plaintiffs for the sleeper-berth claim, $15,839.68, and used the

---

[2] Subsequent to Judge Strom's July 7, 2014 order, this case was transferred to Chief Judge Laurie Smith Camp for final disposition upon Judge Strom's full retirement from the bench. Judge Smith Camp then conducted the trial in this matter in May, 2017. On September 29, 2020, upon the unexpected and untimely death of Judge Smith Camp, this matter was transferred to the undersigned judge.

2

same supporting documents. Filing 622. The Clerk's Office once again taxed this amount against Plaintiffs. Filing 631. Plaintiffs object and move for the Court to review this taxation of costs. Filing 626; Filing 632. Plaintiffs also request that the Court order a return of the $61,222.14 they were sanctioned for filing the late report. Filing 628.

### III.  ANALYSIS

#### A.  Taxation of Costs

Plaintiffs object to the Clerk of Court's award of $15,839.68 in costs to Defendants. Plaintiffs argue that:

> (1) costs should not be awarded due to the unusual factual and procedural circumstances of the case and the equities respective to the different financial positions of the parties; (2) Defendants' costs include unreasonable and objectively-inflated invoices for depositions and a first-class airline ticket; (3) if the Court awards costs, it should award those costs on a pro-rata basis apportioned amongst all plaintiffs, named and opt-in, in the case.

Filing 633 at 1. Defendants argue that the award of costs is already settled as part of the law of the case and Plaintiffs may not relitigate the issue. Filing 636 at 2.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Morris v. Am. Nat'l Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). "The doctrine prevents the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." *Id.* (quoting *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urb. Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986)). This doctrine does not apply "when an intervening decision from a superior tribunal clearly demonstrates the law of the case is wrong." *Id.* (citations omitted).

Plaintiffs had the opportunity to object to costs in early 2018, and they did so. *See* Filing 568. Even though Plaintiffs raise different arguments now than they did in 2018, the law of the

case does not change and is settled as to arguments that could have been made in 2018. *Morris, 988 F.2d at 52* ("The law of the case as a result of waiver is no different than a matter that becomes the law of the case as a result of argument."). Additionally, the Eighth Circuit opinion did not address the earlier taxation of costs awarded to Defendants as to the sleeper-berth claim. The Eighth Circuit opinion further did not "clearly demonstrate[] the law of the case [as to the earlier taxation of costs] is wrong." *Id.* Therefore, Plaintiffs' Objection to the Bill of Costs will be overruled and the Motion to Review Taxation of Costs will be denied based on the law of the case doctrine as to any arguments Plaintiffs made or could have made in 2018.[3]

### B. Return of Sanction

Plaintiffs request a return of the $61,222.14 they were sanctioned pursuant to the Court's Order dated July 7, 2014. Filing 275. The Court ordered the parties to file their motions "to resolve material disputes regarding the Eighth Circuit[']s mandate" on or before May 15, 2020. Filing 606. The parties filed their respective motions, and the Court entered judgment in favor of Defendants. Filing 618; Filing 619. Plaintiffs filed a notice of appeal regarding the Court's interpretation of the Eighth Circuit's mandate on July 21, 2020, and moved for the Court to further interpret the mandate on August 12, 2020.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (citations omitted). This Court cannot continue to interpret the Eighth Circuit's mandate

---

[3] As outlined in Section B below, this Court is divested of jurisdiction over any aspects of this case involved in Plaintiffs' current appeal. Plaintiffs retain any arguments as to the order for costs that Plaintiffs can show are involved in the currently-pending appeal.

while Plaintiffs' appeal is pending. Filing 620. Therefore, the Court will deny Plaintiffs' motion without prejudice to refiling following the resolution of Plaintiffs' pending appeal.

## IV. CONCLUSION

For the foregoing reasons, the Court overrules the objection and denies both pending motions. Plaintiffs may refile their motions following the resolution of their pending appeal.

IT IS ORDERED:

1. The Objection to Bill of Costs (Filing 626) filed by Plaintiffs is overruled;

2. The Motion to Enforce Mandate and Order Defendants Return Vacated Rule 37(c)(1) Sanction (Filing 628) filed by Plaintiffs is denied without prejudice to reassertion following the resolution of Plaintiffs' appeal; and

3. The Motion to Review Taxation of Costs (Filing 632) filed by Plaintiffs is denied as to matters already settled by the Court's previous order, and is otherwise denied without prejudice to reassertion following the resolution of Plaintiffs' appeal.

Dated this 8th day of October, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge