IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PHILIP PETRONE, *et al.*,

               Plaintiffs,

     vs.

WERNER ENTERPRISES, INC., and
DRIVERS MANAGEMENT, LLC,

              Defendants.

**8:11CV401**
**8:12CV307**

**MEMORANDUM AND ORDER ON
REMAND**

After two trips to the Eighth Circuit Court of Appeals and two remands, this eleven-year-old case is now assigned to a third district judge in this Court. After the most recent remand, the magistrate judge held a telephonic conference with counsel for the parties regarding further proceedings consistent with the appellate court's second opinion, then reopened Plaintiffs' Motion for New Trial and directed the parties to "file simultaneous supplemental briefs limited to the requisite analyses" of two issues. Filing 652. The first issue is whether to exclude Plaintiffs' expert's untimely opinion, which was Plaintiffs' only evidence of damages at trial, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. The second issue is whether the Court should appoint an expert at Plaintiffs' expense pursuant to Rule 706 of the Federal Rules of Evidence if the Court excludes Plaintiffs' expert's damages opinions. Filing 652. After consideration of the opinions of the Eighth Circuit Court of Appeals, the parties' supplemental briefs, and the record, the Court concludes that exclusion of Plaintiffs' damages expert's untimely opinion is appropriate pursuant to Rule 37(c)(1); that appointment of an expert pursuant to Rule 706 is not appropriate; and that Plaintiffs' case must now be dismissed with prejudice because Plaintiffs cannot prove damages without expert testimony.

# I.  INTRODUCTION

## A.  The Nature of the Case

As the Eighth Circuit Court of Appeals explained in its most recent opinion in this case, "This class action arises out of claims by commercial truck drivers who assert that they were not paid proper amounts while working for Werner Enterprises, Inc., and Drivers Management, LLC, (collectively Defendants) as part of Defendants' Student Driver Program."[1] Somewhat more specifically, in a Second Amended Complaint, plaintiff Philip Petrone seeks unpaid wages for "unpaid rest breaks," Filing 84 at 10–11 (¶¶ 50–61), and "unpaid sleeper berth time," Filing 84 at 11–14 (¶¶ 62–82), on behalf of the class.[2] He asserts violations of the Fair Labor Standards Act (FLSA), the Nebraska Wage and Hour Act (NWHA), and the Nebraska Wage Payment Collection Act (NWPCA), as well as claims for unjust enrichment, breach of implied contract, and breach of contract. Filing 84 at 84–18 (¶¶ 83–113).

The key matters at this point in the litigation are not facts pertaining to Plaintiffs' claims, however. Rather, because this case has taken a lengthy and somewhat circuitous route to this point, the key matters are the pretrial, post-trial, and appellate rulings leading to the issues now before the Court. Therefore, the Court turns to those matters.

## B.  Rulings Leading to the First Appeals

Upon transfer to this district, this case was initially assigned to Senior District Judge Lyle E. Strom. Filing 20 (text notice of judges assigned). Almost three years after the case was filed, Judge Strom issued a Memorandum and Order, Filing 275, that is central to the issues now before

---

[1] *Petrone v. Werner Enterprises, Inc.*, 42 F.4th 962, 966 (8th Cir. 2022).

[2] The case originated in the Eastern District of Pennsylvania on September 14, 2011, Filing 1, but it was transferred to this district on November 11, 2011, Filing 16. Plaintiffs filed a First Amended Complaint on December 21, 2011, Filing 33, as a matter of course. Plaintiffs filed a Motion for Leave to File a Third Amended Complaint, Filing 171, on November 19, 2013, but that request was denied on January 16, 2014. Filing 185. Thus, the Second Amended Complaint filed October 11, 2012, remains the operative pleading.

the Court. That ruling granted in part and denied in part Plaintiffs' motion pursuant to Rule 16(b) to modify the progression order to permit submission of additional expert testimony. Filing 234 (motion); Filing 275 at 6 (Order).

In that ruling, Judge Strom explained that Plaintiffs submitted the expert report of Richard Kroon on calculation of damages on January 15, 2014, in compliance with the deadline for experts' reports. Filing 275 at 2. When Defendants took Kroon's deposition on March 20, 2014, they "reveal[ed] considerable flaws in the methodology for computing the allegedly uncompensated break and sleeper-berth time." Filing 275 at 2. Plaintiffs then sought leave to introduce a corrected "supplemental" report to correct "bugs" in the program Kroon had developed to determine damages. Filing 275 at 3. Judge Strom disagreed with Plaintiffs' characterization of the report as "supplemental," instead finding, "In truth, plaintiffs hired an expert to calculate the disputed time periods, the expert's methodology was found to have significant flaws, and now plaintiffs wish to correct those flaws under the auspices of a supplement." Filing 275 at 3. He also found that "no act by the defendants or other outside factor precluded plaintiffs' expert from recognizing the flaws in his original report—he simply failed to do so." Filing 275 at 3. Thus, Judge Strom concluded that "plaintiffs cannot be allowed to use the defendants' efforts in uncovering the flaws in Kroon's report to hone the methodology and submit a more robust report after their deadline has expired." Filing 275 at 4.

Judge Strom then performed an analysis under Rule 37(c)(1) of the Federal Rules of Civil Procedure to decide whether the delay in disclosing the additional report was justified or harmless, but he concluded it was neither. Filing 275 at 4–5. Notwithstanding these conclusions, Judge Strom opined, "While the Court does not find the lapse to be substantially justified or harmless, the Court

finds that Rule 1 of the Federal Rules of Civil Procedure counsels against complete exclusion of the new information." Filing 275 at 5. He then explained,

> The corrected information is useful and necessary to the disposition of the case on the merits. Thus, the Court is inclined to invoke the discretion granted by Rule 37(c) to fashion a lesser sanction than exclusion.

Filing 275 at 5–6. Judge Strom allowed Plaintiffs to file a supplemental report "to the extent that it incorporates the additional discovery responses by defendants and corrects errors that improperly inflated the calculation of the disputed periods"; set a deadline for production of the supplemental report; ordered that Defendants be allowed to depose Kroon at Plaintiffs' expense; and directed Defendants to submit to the court all costs incurred as a result of the late submission of Kroon's supplemental expert report. Filing 275 at 6–7.

In a subsequent order, Judge Strom granted summary judgment on liability on both the "sleeper berth compensation" claim and the "short rest breaks" claim and ordered the case to proceed to trial on damages on September 9, 2015. Filing 347 at 24. The trial was continued, however, when Judge Strom granted Defendants' motion to certify his summary judgment ruling for interlocutory appeal. Filing 367. The Court of Appeals denied permission to file the interlocutory appeal. Filing 370.

On September 20, 2016, the case was reassigned to then Chief Judge Laurie Smith Camp. Filing 398. The trial was reset for May 16, 2017. Filing 402. On February 2, 2017, Judge Smith Camp granted Defendants' Motion to Revise Judgment, as pertinent here, by denying Plaintiffs' motion for summary judgment as to liability on the "sleeper berth compensation" claim. Filing 405 at 30. Judge Smith Camp presided over the jury trial in this matter beginning on May 16, 2017. Filing 499 (text minute entry). On May 23, 2017, the jury rendered a verdict awarding $779,127 in damages on Plaintiffs' "short rest break compensation" claim but finding for Defendants on the "sleeper berth compensation" claim. Filing 516 (verdict form). After various post-trial motions

4

were resolved, Plaintiffs filed their Notice of Appeal on March 12, 2018. Filing 572. Defendants

filed a cross-appeal on March 23, 2018. Filing 576.

### C. The Opinion on the First Appeals

On October 10, 2019, the Eighth Circuit Court of Appeals rendered its decision on the

parties' first appeals. *See* Filing 594; *Petrone v. Werner Enters., Inc.*, 940 F.3d 425 (8th Cir. 2019)

(*Petrone I*). First, the Court of Appeals observed, "Because it is dispositive, we begin with

Defendants' cross-appeal. . . ." *Petrone I*, 940 F.3d at 432. The Court of Appeals "agree[d] with

[Judge Strom] that Plaintiffs did not show good cause to modify and extend the Rule 16(b)

deadline." *Petrone I*, 940 F.3d at 434. "Nevertheless," the Court of Appeals explained, "relying on

Rules 1 and 37(c)(1), the district court modified the schedule, [and] extended the deadline to

disclose expert reports. This was error." *Id.* Indeed, the Court of Appeals found that "Rule 37(c)(1)

was unavailable to the district court." *Id.*

> The Court of Appeals explained,
>
> [B]y its terms, Rule 37(c)(1) applies only when a party fails to comply with Rule 26(a) and then seeks to use the information "on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) says nothing about its applicability when a court considers a motion, pursuant to Rule 16(b), to amend a progression order and extend the deadline for Rule 26 disclosures.

*Petrone I*, 940 F.3d at 435. Thus, the Court of Appeals concluded,

> [T]he district court, having found no good cause for extension of the Rule 16(b) disclosure deadline to permit the late disclosure of Plaintiffs' new expert report, abused its discretion in granting Plaintiffs' motion to modify the progression order and to allow disclosure of the new expert report after the court-imposed deadline.

*Petrone I*, 940 F.3d at 435–36.

Recognizing that it could affirm despite Judge Strom's error, unless Defendants could show

that the error was not harmless, the Court of Appeals continued its analysis. *Id.* at 436. It explained

that Judge Strom had denied without prejudice Defendants' motion to exclude Plaintiffs' expert's

damages evidence when it allowed the late report, because he found that the information in the report was "useful and necessary to the disposition of the case on the merits." *Id.* The Court of Appeals also found that the jury had awarded as damages on the short break claim an amount identical to Plaintiffs' expert's testimony at trial and that Plaintiffs offered no other expert testimony at trial on damages on that claim. *Id.* Thus, the Court of Appeals concluded, "The jury clearly relied on Plaintiffs' expert's opinion in reaching its $779,127.00 damages award. We cannot say that its award would have been the same without the new information and, therefore, the district court's error was not harmless." *Id.*

For these reasons, on the first appeals, the Court of Appeals "vacate[d] the judgment and remand[ed] the case to the district court for proceedings consistent with this opinion." *Id.* The Court of Appeals added, "Because we vacate the judgment, we need not address the remaining arguments in Defendants' cross-appeal and in Plaintiffs' appeal." *Id.*

### D. Proceedings After the First Remand

Mandate on the first appeals issued on November 22, 2019. Filings 596–598. On remand, the Court first scheduled then cancelled a settlement conference. *See* Filing 604; Filing 605. Eventually, Defendants filed a Motion for Judgment on the Mandate and for Order Approving Release of Supersedeas Bond, Filing 607, and Plaintiffs filed a Motion for New Trial, Filing 610.

In a Memorandum and Order filed June 22, 2020, Filing 618, Judge Smith Camp first considered the admissibility of Kroon's untimely report, and concluded,

> According to the decision of the Court of Appeals, it was error to rely on Rule 37(c) because Rule 37(c) only applies when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)" *and* attempts to "use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . ." Fed. R. Civ. P. 37(c)(1). Prior to trial or a motion, district courts are bound by the good cause standard of Rule 16 and can only impose a lesser sanction than exclusion once the undisclosed expert report is offered for use at trial or on a motion. Because Plaintiffs disclosed their untimely report before trial, the Court had no choice but to deny Plaintiffs the opportunity to disclose the new report.

Filing 618 at 4 (emphasis in the original).

Judge Smith Camp then considered Defendants' motion for dismissal with prejudice. Filing 618 at 4. Judge Smith Camp noted that the Eighth Circuit Court of Appeals had found resolution of the issue of the admissibility of Kroon's report "dispositive," so it had vacated the judgment and remanded for proceedings consistent with its opinion. Filing 618 at 4. She then found that "[t]he only evidence Plaintiffs presented to the jury on damages in this case was expert testimony by Kroon and his new report." Filing 618 at 4. Indeed, she observed, "If there was other evidence presented to the jury that could have supported the verdict, reliance on Rule 37(c) would have been harmless and the Court of Appeals would not have vacated the judgment." Filing 618 at 5.

Judge Smith Camp rejected Plaintiffs' argument that they could prove damages without Kroon's expert report based on Defendants' pay and time records for thousands of trainees and the application of "basic arithmetic" guided by a Federal Rule of Evidence 1006 exhibit summarizing the evidence. Filing 618 at 5. She explained that there was "clearly more analysis to be done of the evidence in this case than simple arithmetic," where Plaintiffs' own expert made significant errors making his first report "likely inadmissible," and a jury could not accurately determine damages for thousands of class members without expert testimony. Filing 618 at 5. As to other proof of damages, Judge Smith Camp found that the discovery deadline had expired six years earlier and that plaintiff had not provided a Rule 1006 exhibit or explained how it would be prepared, so the scheduling order would have to be amended, but there was no good cause to do so. Filing 618 at 6. She also found that Plaintiffs could not have proved damages but for the admission of Kroon's untimely expert report, so "the only proceeding consistent with the opinion of the Court of Appeals is dismissal of this action with prejudice." Filing 618 at 6. Consequently, Judge Smith Camp granted Defendants' motion and dismissed this action with prejudice. Filing 618 at 6.

Plaintiffs filed a Notice of Appeal on July 21, 2020. Filing 620.

### E.  The Opinion on the Second Appeal

On the second appeal,

> Plaintiffs assert[ed] that the district court erred in denying their motion for a new trial because this Court's previous opinion did not direct the district court to enter judgment in favor of Defendants; the district court failed to conduct the requisite Rule 37(c)(1) analysis, erroneously concluded that Plaintiffs could not prove damages without expert evidence, and failed to address Plaintiffs' request for appointment of an expert pursuant to Rule 706; and dismissal with prejudice is inconsistent with the holding that, as a matter of law, Defendants violated the FLSA.

*Petrone v. Werner Enterprises, Inc*., 42 F.4th 962, 968 (8th Cir. 2022) (*Petrone II*). The Court of Appeals addressed these issues in turn.

The Court of Appeals first considered the issue that had clearly caused both Judge Smith Camp and the parties considerable confusion, that is, "what [the appellate court's] mandate directed the district court to do on remand." *Id.* The Court of Appeals explained,

> In our previous opinion, "we vacate[d] the judgment and remand[ed] the case to the district court for proceedings consistent with this opinion." *Petrone [I]*, 940 F.3d at 436. Defendants assert that our statement elsewhere in the opinion that the expert report issue was "dispositive" of Defendants' cross-appeal and Plaintiffs' appeal means that the district court had no recourse other than to enter judgment in Defendants' favor. *See id.* at 432. However, this statement merely recognized that resolution of the expert report issue rendered consideration of the other issues on appeal unnecessary because our resolution of the expert report issue required that we vacate the judgment and remand. When read in its entirety, the decision left the door open for the district court to consider how to proceed in light of our ruling that the district court should not have granted the motion to amend the scheduling order. Our mandate thus did not direct the district court to affirmatively find in Defendants' favor, and their suggestion to the contrary is without merit.

*Petrone II*, 42 F.4th at 968.

Next, the Court of Appeals "consider[ed] Plaintiffs' argument that [Judge Smith Camp] failed to conduct the requisite analysis under Rule 37(c)(1) before excluding the expert testimony."

*Id.* The Court of Appeals agreed with Plaintiffs that the district court was required to conduct a Rule 37(c)(1) analysis in response to their motion for a new trial. *Id.* Specifically,

> As we explained in our previous opinion, Rule 37(c)(1) is applicable "only when a party fails to comply with Rule 26(a) and then seeks to use the information 'on a motion, at a hearing, or at a trial.'" *Petrone [I]*, 940 F.3d at 435 (citation omitted). In the motion for a new trial, Plaintiffs did just that: they sought to use the untimely new expert report to justify a new trial, which triggered the district court's obligation to conduct the Rule 37(c)(1) analysis. However, the district court did not conduct *any* analysis under Rule 37(c)(1) and instead simply granted judgment in favor of Defendants. The district court's failure to conduct this analysis amounts to a failure to exercise its discretion, which is an abuse of discretion.

*Petrone II*, 42 F.4th at 968 (emphasis in the original) (citations other than to *Petrone I* omitted).

Next, the Court of Appeals considered whether Judge Smith Camp erred by failing to consider Plaintiffs' request for appointment of an expert pursuant to Rule 706 of the Federal Rules of Evidence. *Id.* at 969. The Court of Appeals concluded that Judge Smith Camp's failure to exercise its discretion in considering this request also "amounts to an abuse of discretion." *Id.* After quoting the Rule, the Court of Appeals held,

> While the district court has discretion to decide whether to appoint such an expert, just as with the Rule 37(c)(1) analysis, it cannot decline to decide the issue. The district court thus abused its discretion in denying Plaintiffs' motion for a new trial without considering or deciding this request.

*Petrone II*, 42 F.4th at 969.

The last issue the Court of Appeals considered was whether Judge Smith Camp erred in concluding that Plaintiffs could not prove damages without testimony from an expert. *Id.* Specifically, the Court of Appeals considered Plaintiffs' argument "that, even if the district court were to exclude the expert testimony on remand, they could still provide evidence of their damages in the form of pay and time records, which they would introduce as summary evidence pursuant to Rule 1006." *Id.* On this issue, the Court of Appeals agreed with Judge Smith Camp. *Id.* The Court of Appeals explained,

The evidence of damages was so voluminous and complicated that Plaintiffs' own expert had difficulty correctly calculating damages, demonstrating that this evidence is not of the type to which the jury could simply apply basic math principles in order to calculate damages without the assistance of expert testimony. In the absence of expert testimony, summary evidence of wages and hours would not "assist the jury in understanding the testimony already introduced," *Vogt [v. State Farm Life Ins. Co.]*, 963 F.3d [753,] 771 [(8th Cir. 2020)] (citation omitted), and thus, Rule 1006 would not be appropriate in this instance. The district court did not err in concluding that, without expert testimony, Plaintiffs would be unable to prove damages.

*Petrone II*, 42 F.4th at 969.

The Court of Appeals summarized its conclusions on the second appeal as follows:

[W]hile the district court properly determined that Plaintiffs could not present evidence of damages through summary evidence pursuant to Rule 1006, it failed to conduct an analysis pursuant to Rule 37(c)(1) and failed to address Plaintiffs' request for appointment of an expert pursuant to Rule 706. These latter two points amount to an abuse of discretion, which requires reversal and vacatur of the judgment. Further, because we vacate the district court's judgment, we need not consider Plaintiffs' argument regarding dismissal with prejudice.

*Petrone II*, 42 F.4th at 969. The Court of Appeals then remanded the case "for further proceedings consistent with this opinion. *Id*. at 970.

### F.  Proceedings After the Second Remand

While the case was on its second appeal, Judge Smith Camp unfortunately died unexpectedly. Consequently, the case was reassigned to the undersigned. Filing 640. Shortly after mandate issued on the second appeal, a magistrate judge held a telephonic conference with counsel for the parties regarding further proceedings consistent with the second opinion on appeal. *See* Filing 652. After review, he directed the Clerk of Court to reopen Plaintiffs' May 15, 2020, Motion for New Trial and directed the parties to "file simultaneous supplemental briefs limited to the requisite analyses (1) under Rule 37(c)(1) of the Federal Rules of Civil Procedure and (2) Rule 706 of the Federal Rules of Evidence." Filing 652. The parties subsequently filed their Supplemental Briefs. Filing 653; Filing 654.

10

In their Supplemental Brief, Defendants provided argument on issues that were not authorized by the magistrate judge. Defendants argue that Plaintiffs' Motion for New Trial should be denied because as a matter of law Plaintiffs cannot prove their state law "short rest break" claims and because Plaintiffs did not offer evidence of the drivers who opted into the FLSA collective action or the damages allegedly owed to those drivers under the FLSA for off-duty breaks. Filing 653 at 20–24. Defendants also argue that Judge Strom's order granting a monetary sanction to Werner is law of the case because Plaintiffs did not appeal that order in the 2019 Appeal. Filing 653 at 29–33. They also argue that Plaintiffs are not entitled to any relief regarding their "sleeper berth" claims because they did not appeal the verdict for Werner on those claims in the 2019 Appeal. Filing 653 at 30–32. Plaintiffs complain about the unauthorized parts of Defendants' brief in a letter to the Court, in which they assert that "the Court should strike the non-compliant sections of Defendant's [sic] Brief." Filing 655 at 2. The Court finds it unnecessary to strike the non-compliant sections of Defendants' Supplemental Brief, because the Court will simply not consider those sections.

The Court turns to analysis of the issues presented on the second remand.

## II. LEGAL ANALYSIS

### A. The Rule 37(c)(1) Issue

Consistent with the *Petrone II* opinion, this Court begins its legal analysis with the Rule 37(c)(1) analysis that Judge Smith Camp failed to conduct. *See* 42 F.4th at 968, 970. Plaintiffs contend that the Court should impose a lesser sanction than exclusion of its damages expert's untimely opinions. Filing 654 at 5. On the other hand, Defendants contend that exclusion is the only appropriate sanction in the circumstances presented. Filing 653 at 2.

11

1. *The Parties' Arguments*

Plaintiffs argue that the Court should reimpose the monetary sanction entered by Judge Strom in lieu of excluding the damages computations disclosed in August of 2014 because exclusion is overly harsh. Filing 654 at 5. They argue that Judge Strom's balancing of the pertinent factors warranting a lesser sanction was not criticized in either opinion on appeal. Filing 654 at 7. As to the pertinent factors, Plaintiffs argue that the reason for noncompliance with the expert deadline was to submit an expert report that lowered the amount of damages Plaintiffs sought in the interest of submitting an accurate and just damages calculation. Filing 654 at 8–14. Plaintiffs also assert that the testimony is crucial to their claims where the Court of Appeals held that expert evidence is required to prove the class's damages, so this factor also warrants a sanction other than exclusion. Filing 654 at 14–15. Next, Plaintiffs argue that Defendants were neither surprised nor prejudiced by the second report, where Defendants were able to identify objections to Kroon's damages calculations based on his January Report, and Kroon's August Report simply incorporated those objections to seek substantially less in damages. Filing 654 at 15–16. Plaintiffs contend that under these circumstances the only prejudice to Defendants was some duplication of work. Filing 654 at 16. Plaintiffs argue further that allowing the untimely expert evidence will not disrupt the orderly management of a new trial because many issues have already been litigated and in fact admitting the evidence did not disrupt the progression of the original trial. Filing 654 at 17. They also assert that allowing the untimely report does not require any continuances. Filing 654 at 21.

Defendants argue that exclusion is the "default" sanction under Rule 37(c)(1) and applicable case law and that it is the appropriate sanction here. Filing 653 at 10–11. They contend that Judge Strom has already concluded that the untimely disclosure was neither substantially justified nor harmless, and caselaw shows that where there is no good cause to modify the

scheduling order, the untimely disclosure is not substantially justified or harmless. Filing 653 at 11–12. Defendants argue that Plaintiffs' contention that there is no prejudice because the untimely report lowers the damages is disingenuous because Defendants should have obtained a dismissal on the ground that Plaintiffs' original damages evidence was inadmissible. Filing 653 at 13. Contrary to Plaintiffs' contentions, Defendants argue that Plaintiffs had no valid reason for their noncompliance with the original expert deadline where Judge Strom found—and the Court of Appeals agreed—that Plaintiffs simply failed to recognize the flaws in their original expert report. Filing 653 at 14. Defendants also argue that Plaintiffs' noncompliance with the expert deadline was "overwhelmingly" prejudicial to Defendants for the same reasons it was not harmless. Filing 653 at 15. They argue they have already suffered one prejudicial "do-over" and should not be prejudiced by another "do-over," particularly where the passage of years while the case was pending has already eroded memories. Filing 653 at 15. Defendants argue that allowing use of the untimely report at this late date would greatly disrupt the order and efficiency of the proceedings. Filing 653 at 17. They contend this is so because the case would now have to be "re-progressed" almost to the extent of starting anew and because one of the purposes of adhering to progression orders is to serve the just, speedy, and inexpensive determination of actions. Filing 653 at 17–18. Defendants acknowledge that the untimely evidence is crucial, but they argue that Rule 37(c)(1) already struck the balance between incentivizing compliance and not punishing merely technical violations. Filing 653 at 19.

### 2. *The Applicable Standards*

In this case, Plaintiffs timely disclosed Kroon as an expert but did not timely disclose his extensive amendment to his initial report. As the Eighth Circuit Court of Appeals has explained,

> Under Federal Rule of Civil Procedure 26(a), the "failure to disclose [expert materials] in a timely manner is equivalent to a failure to disclose." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (quoting *Trost v. Trek Bicycle Corp.*,

162 F.3d 1004, 1008 (8th Cir. 1998)). Where a party fails to make a timely disclosure, Federal Rule of Civil Procedure 37(c)(1) provides the district court with the authority to exclude the late-disclosed materials or to fashion a lesser penalty than total exclusion. *See also Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 435 (8th Cir. 2019) [(*Petrone I*)] ("Rule 37(c)(1) addresses what to do if a party fails to disclose information as required by Rule 26(a) and attempts to use that information on a motion, at a hearing, or at a trial." (emphasis omitted)).

*Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 771 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 2551 (2021); *see also Petrone I*, 940 F.3d at 434–35 ("The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37." (quoting *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018)))).

More specifically, Rule 37(c)(1) provides as follows:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

> **(1)** *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) makes exclusion of evidence the default, self-executing sanction for the failure to comply with Rule 26(a)"; that is, "[u]nder Rule 37(c)(1), exclusion occurs automatically by operation of the rule. . . ." *Vanderberg*, 906 F.3d at 705.

Although exclusion is the default sanction, Rule 37(c)(1) also authorizes different or additional sanctions, as follows:

> In addition to or instead of [the exclusion] sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Because Rule 37(c)(1) provides for consideration of lesser sanctions "on motion," "[i]t is the obligation of the party facing sanctions for belated disclosure [or nondisclosure] to show that its failure to comply with the Rule was . . . deserving of some lesser sanction." *Vanderberg*, 906 F.3d at 705 (quoting *Wilson v. Bradlees of New England, Inc*., 250 F.3d 10, 20–21 (1st Cir. 2001)) (adding that it is not an abuse of discretion not to impose a lesser sanction if the sanctioned party never requested one).

Rule 37(c)(1) requires that a sanction be imposed "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Justification" goes to the issue of whether the party seeking to avoid a sanction knew of or could have discovered the evidence prior to the deadline. *See, e.g., U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 891 (8th Cir. 2015) (finding no justification where the party seeking to avoid a sanction knew of emails months before a deposition and could have retained an expert at that time to review them); *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1204 (8th Cir. 2015) (explaining that disclosure of a supplemental expert report was substantially justified and harmless where the party seeking to avoid a sanction revealed the evidence in a deposition and the supplemental report was consistent with that evidence). "Justification" has nothing to do with whether the nondisclosure or untimely disclosure was in bad faith; even if there is "no hint of bad faith," the lack of a justification may warrant exclusion. *See Vanderberg*, 906 F.3d at 704. The question of "harmlessness" goes to whether the opposing party is prejudiced by the late disclosure or lack of disclosure. *Id.* Such prejudice may arise, for example, where the opposing party filed motions or took other actions in trial preparation in reliance on the existing record, or it may arise from a delay of the trial or additional expense to the opposing party if the late disclosed or nondisclosed evidence is allowed. *Id.*

15

Turning to the question of the appropriate sanction, the district court has "wide discretion" to fashion a remedy or sanction for discovery violations under Rule 37. *Zick v. Paccar, Inc.*, 47 F.4th 672, 677 (8th Cir. 2022) (quoting *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 644–45 (8th Cir. 2022)). That discretion "is not absolute" because it "narrows as the severity of the sanction or remedy [the court] elects increases." *Vanderberg*, 906 F.3d at 704 (quoting *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011)). Nevertheless, it is well to remember that Rule 37(c) "permits, but does not require, the imposition of an alternative sanction on a party's motion." *Vanderberg*, 906 F.3d at 705 (citing generally *Wilson*, 250 F.3d at 20–21). Thus, the Eighth Circuit Court of Appeals has held that a district court "did not abuse its discretion by imposing the sanction that is directly dictated by Rule 37(c)(1)." *Id.*

As a guide to the exercise of the district court's discretion to determine a sanction under Rule 37(c)(1), the Eighth Circuit Court of Appeals has explained, "When fashioning a remedy, the district court should consider, *inter alia*, [1] the reason for noncompliance, [2] the surprise and prejudice to the opposing party, [3] the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and [4] the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (bracketed numbers inserted). Even if exclusion seems "harsh," the Eighth Circuit Court of Appeals has reminded district courts,

> [T]he burdens on parties who are not adequately appraised of an opposing party's experts' identity and expected testimony are also real and costly. In any event, the balance between adequately incentivizing compliance with parties' disclosure obligations and not unfairly punishing "insignificant, technical violations" has already been struck by the drafters of Rule 37(a)(1).

16

*Vanderberg*, 906 F.3d at 706.[3] Consequently, "[i]t is [the court's] role to conform [its] analysis to the text of the rule, rather than strike [its] preferred balance." *Id.*

### 3.   Application of the Standards

#### a.   Triggering Events for Consideration of Rule 37(c)(1) Sanctions Have Occurred

As the Court of Appeals made clear on the second appeal in this case, the time is now ripe to determine whether a sanction under Rule 37(c)(1) is appropriate for untimely disclosure because Plaintiffs "sought to use the untimely new expert report to justify a new trial." *Petrone II*, 42 F.4th at 968. It is also clear that this Court must determine whether a sanction is appropriate because failure to do so is an abuse of discretion. *Id.* at 969. The Court may also consider lesser sanctions than exclusion because Plaintiffs have expressly included in their Motion for New Trial a request that the Court "reinstate the $61,222.14 sanction previously imposed by the [Judge Strom]" for the untimely disclosure of Kroon's opinions in August of 2014. Filing 610 at 1; *see Vanderberg*, 906 F.3d at 705 (explaining that Rule 37(c)(1) requires consideration of a lesser sanction only "on motion" of the party making the untimely disclosure).

#### b.   Plaintiffs Cannot Satisfy Threshold Considerations of Justification and Harmlessness to Avoid a Sanction

Because Rule 37(c)(1) provides for sanctions for untimely disclosure "unless the failure was substantially justified or is harmless," Fed. R. Civ. P. 37(c)(1), the Court turns to those threshold issues. Judge Strom found that the delay in disclosing the additional report was neither justified nor harmless. Filing 275 at 4–5. More specifically, as to justification, Judge Strom explained,

> Plaintiffs argue that the delay in providing the supplemental report was substantially justified because of the late production of discovery by defendants.

---

[3] The Court believes from its context that the reference to "Rule 37(a)(1)" in this quotation is likely a typographical error and that the intended subdivision is Rule 37(c)(1).

> As noted above, this would excuse the expert's failure to incorporate the late disclosed information into the report, but it does not excuse the expert's methodological failures in calculating the disputed time periods.

Filing 275 at 4–5. Notwithstanding Judge Strom's conclusion, Plaintiffs again attempt to justify supplementation of Kroon's opinions after the deadline based on Defendants' purported delays in providing the required information and failure to track compensable time directly, Filing 654 at 9, and based on their lack of resources or familiarity with the records compared to Defendants, Filing 654 at 11. The Court is no more sympathetic to this argument now than Judge Strom was, because Plaintiffs still have no reasonable excuse for their expert's failure to incorporate Defendants' information, even if Defendants' information was somehow belatedly disclosed, where Plaintiffs admit that they had such information from September 2013 until a January 2014 deadline for disclosure of their expert's report. Filing 654 at 9. Furthermore, their assertion of lack of familiarity with the records still does not excuse the expert's methodological failures in calculating the disputed time periods. Like Judge Strom, this Court finds that "no act by the defendants or other outside factor precluded plaintiffs' expert from recognizing the flaws in his original report—he simply failed to do so." Filing 275 at 3.

Likewise, Plaintiffs' assertion that they promptly produced the untimely report after the deadline—even if true—misses the point, because the question is whether the failure to make a timely disclosure was substantially justified at the time the disclosure was due. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," to avoid a sanction, that party must show "the failure was substantially justified or harmless"). The Rule says nothing about post-deadline efforts as justifying untimely disclosures. *Cf. Vanderberg*, 906 F.3d at 704 (explaining that the lack of a justification for untimely disclosure may warrant exclusion, even if there is "no hint of bad faith"). Instead, "justification" goes to whether the party seeking to avoid a sanction knew of or could have discovered the evidence prior

to the disclosure deadline. *See, e.g., Kratville*, 796 F.3d at 891 (finding no justification where the party seeking to avoid a sanction knew of emails months before a deposition and could have retained an expert at that time to review them). The Court agrees with Judge Strom's conclusion that Plaintiffs' expert had the information and could have developed a proper methodology before the deadline, so Plaintiffs' untimely disclosure of their expert's pertinent opinions was not substantially justified.

Judge Strom concluded that the untimely disclosure was not harmless, as follows:

> As of the filing of plaintiffs' motion to file a supplemental brief, more than two months had passed since the deadline for the filing of expert reports, defendants had spent time analyzing the original report, and defendants had deposed plaintiffs' expert; the deadline for submitting Daubert motions was only a month away. In seeking to submit the supplemental report, plaintiffs were imposing on defendants to delay the progression of the case and duplicate work they had already done so that plaintiffs could take advantage of defendants' diligence in finding errors in the report of plaintiffs' own expert. The unfairness of such a maneuver and imposition of additional costs is not harmless.

Filing 275 at 5. Plaintiffs nevertheless argue that Defendants were not prejudiced by the belated disclosure because their untimely expert report lowered the amount of damages that they were seeking. Filing 654 at 13. The Court agrees with Judge Strom. Although "harmlessness" turns on whether the opposing party is prejudiced by the untimely disclosure*, see Vanderberg*, 906 F.3d at 704, prejudice arises from Defendants' reliance on the existing record to prepare for trial and to assert Plaintiffs' lack of admissible evidence of damages, as well as the delay of the trial, the additional expense, and the duplication of effort to which the untimely report subjected Defendants. *See id.* (finding that prejudice arose from the opposing party's reliance on the existing record when filing motions and taking other actions to prepare for trial, as well as from delay and additional expenses).

Thus, Plaintiffs have failed to demonstrate either of the requirements to relieve them of some sanction for the untimely disclosure of Kroon's revised opinions.

      c.   The Factors Relevant to the Court's Exercise of Its Discretion
          Do Not Warrant a Lesser Sanction than Exclusion

Plaintiffs argue that the Court of Appeals did not criticize Judge Strom's determination that the balancing of the pertinent factors warranted only a lesser sanction than exclusion. Filing 654 at 7. This argument completely misses the point made in the first appeal: Judge Strom should never have undertaken any analysis under Rule 37(c)(1), because "Rule 37(c)(1) was unavailable to the district court" before the information in question was offered "on a motion, at a hearing, or at a trial." *Petrone I*, 940 F.3d at 434–35. Because no Rule 37(c)(1) analysis at all was appropriate, the appellate court's failure to comment on the conclusions of Judge Strom's Rule 37(c)(1) analysis suggests nothing about the appropriate outcome of a Rule 37(c)(1) analysis at the appropriate time.

As to this Court's Rule 37(c)(1) analysis, the Court is aware of its "wide discretion" to determine an appropriate sanction for untimely disclosure of an expert's opinions under Rule 37(c)(1) as well as the caveat that the Court's discretion "narrows as the severity of the sanction or remedy [the court] elects increases." *Vanderberg*, 906 F.3d at 7045. Nevertheless, the Court is also aware that Rule 37(c)(1) "permits but does not require, the imposition of an alternative sanction [to exclusion of evidence] on a party's motion." *Id.* at 705. Indeed, exclusion of evidence is the "default" and "automatic" sanction for untimely disclosure, and this is certainly not—in this Court's view at least—a situation where it would be an abuse of discretion to "impos[e] the sanction that is directly dictated by Rule 37(c)(1)." *Id.*

Consideration of the factors identified in *Wegener*, 527 F.3d at 692, only confirms this Court's view. First, for essentially the same reasons the Court finds the untimely disclosure was not "substantially justified," as a threshold matter, the Court now finds that Plaintiffs have offered no adequate "reason for noncompliance." *See Wegener*, 527 F.3d at 692 (first factor). Plaintiffs argue that the "reason" was a need to submit an expert report that lowered the amount of damages

as a matter of accuracy and justice. Filing 654 at 8–14. That is not the "reason for the noncompliance"—that is, the reason for the failure to meet the deadline for an adequate disclosure of the expert's opinions to be offered at trial—even if it is the reason that Plaintiffs realized the original opinions were useless. The reason for the failure to meet the January 2014 deadline was Plaintiffs' expert's failure to recognize the flaws in his original report. Next, the Court rejects Plaintiffs' argument that Defendants were not surprised or prejudiced by the untimely disclosure, *id.* (second factor), because Defendants were able to identify objections to Kroon's original damages calculations and Kroon's supplemental report simply incorporated those objections. Filing 654 at 15–16. Again, for much the same reason that the Court finds that Plaintiffs' failure to make a timely disclosure was not "harmless," the untimely disclosure was prejudicial to Defendants. Specifically, Defendants relied on the original disclosures to prepare for trial then suffered delays and additional expenses because of the untimely disclosure. Still further, allowing the untimely information would have—and did in fact—disrupt the order and efficiency of the original trial, *see id.* (third factor), where it led to delay of the original trial and extra and different pretrial preparations. Allowing that evidence now is likewise disruptive to a new trial, where "re-progressing" a new trial will cause further delay and expense. *Cf. Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 760 (8th Cir. 2006) (finding a district court did not abuse its discretion in refusing to allow the re-designation of a party's experts after that party's primary witness was excluded on evidentiary grounds, observing, "To cure the prejudice in allowing Dr. Meggs to testify as a primary witness, the district court would have had to re-progress the case and practically start anew.").

Thus, the only factor on which the parties agree is that the untimely expert evidence is "important," *id.* (fourth factor), because the Court of Appeals concluded that the evidence is

required to prove the class's damages. *Compare* Filing 654 at 14–15, *with* Filing 653 at 19. They disagree vehemently about what that means to the appropriate sanction, however. Plaintiffs contend this factor means that only a lesser sanction than exclusion is warranted. Filing 654 at 15. Defendants argue that to the contrary this factor does not change the balance between incentivizing compliance with disclosure requirements and not punishing merely technical violations, where the default penalty is exclusion under Rule 37(c)(1). Filing 653 at 19. The Court agrees with Defendants. Nothing in the language of Rule 37(c)(1) suggests that if the untimely disclosed evidence is "crucial," a lesser sanction than exclusion should follow, and that has not been the view or uniform practice of the Eighth Circuit Court of Appeals.

More specifically, while the Court's discretion may narrow as the severity of the sanction increases, exclusion of evidence is expressly stated as the "default" sanction under Rule 37(c)(1). *Vanderberg*, 906 F.3d at 705. The disclosure rules for which Rule 37(c)(1) provides sanctions include disclosure rules for experts. *See* Fed. R. Civ. P. 26(a); *Vogt*, 963 F.3d at 771 (explaining that Rule 26(a) requires timely disclosure of experts and Rule 37(c)(1) provides sanctions for failure to meet those requirements). Logic and experience demonstrate the importance of expert testimony in this and other cases. It would be anomalous indeed if the "default" sanction under Rule 37(c)(1) were deemed unavailable simply because the nondisclosure or untimely disclosure involved critical expert evidence. *See Vanderberg*, 906 F.3d at 705 (finding the district court did not abuse its discretion in excluding expert testimony when that is the sanction that is directly dictated by Rule 37(c)(1)); *see also Vogt*, 963 F.3d at 773 (recognizing that Rule 37(c)(1) provides for exclusion of untimely disclosed expert information but concluding that the purportedly untimely disclosed damages models were properly considered summaries that were admissible).

Again, the drafters of Rule 37(c)(1) have already struck the balance between adequately incentivizing compliance with parties' disclosure obligations—which logically are heightened not reduced when the evidence in question is crucial—and not unfairly punishing "insignificant, technical violations." *Vanderberg,* 906 F.3d at 706. Furthermore, excluding even crucial expert evidence as a sanction for untimely disclosure in this case cannot be deemed "unfair." Rather, the Court agrees with Judge Strom that Plaintiffs' effort to take advantage of Defendants' diligence in finding errors in the Plaintiffs' expert's original report and thereby imposing additional costs on Defendants was an unfair maneuver. Filing 275 at 5. Unlike Judge Strom, the Court finds that the provision for lesser sanctions than exclusion under Rule 37(c)(1) should not be invoked in such circumstances.

Therefore, after performing the required analysis under Rule 37(c)(1), the Court concludes that a lesser sanction is not appropriate for Plaintiffs' untimely disclosure of expert evidence and that such evidence must be excluded.

## B.  The Rule 706 Issue

If the Court excludes Kroon's untimely disclosed expert opinions, Plaintiffs request that the Court grant the alternative relief of appointing its own neutral expert pursuant to Rule 706 of the Federal Rules of Evidence, albeit with the cost apportioned to Plaintiffs' counsel. Filing 654 at 22. Defendants resist this alternative relief. Filing 653 at 24. In *Petrone II*, the Court of Appeals concluded that failure to decide whether to appoint an expert under Rule 706 was an abuse of discretion, so considering that issue now is consistent with that opinion. *See* 42 F.4th at 969, 970.

### 1.    *The Parties' Arguments*

As a preface to their arguments on this issue, Plaintiffs point out that Judge Strom's conclusion that Werner violated minimum wage rights of the Plaintiffs and class members by failing to pay the student drivers for short breaks has never been reversed. Filing 654 at 22.

Plaintiffs argue that where an employer's violations of the FLSA have already been established, Eighth Circuit precedent requires a district court to provide remedies to affected employees, regardless of whether their admissible evidence on damages is otherwise inadequate. Filing 654 at 23. They then argue that Rule 706 of the Federal Rules of Evidence permits the court to appoint a neutral expert to assist the trier of fact, for example, to aid the court in the just disposition of a case. Filing 654 at 23–24. Plaintiffs assert that appointment of an expert here would be consistent with decisions to appoint experts by other courts in this circuit and Eighth Circuit jurisprudence. Filing 654 at 25. They argue that it would be incongruous not to appoint an expert on the damages issue where the Court has found liability. Filing 654 at 25. Finally, they assert that Defendants will not be prejudiced because the Court must appoint a "neutral" expert. Filing 654 at 26.

Defendants respond that it is appropriate to appoint an expert under Rule 706 to assist the Court, but it is not appropriate to do so for the benefit of one of the parties, which would be the purpose here. Filing 653 at 24. They point out that the Eighth Circuit Court of Appeals has held that where a plaintiff's expert witness testimony has been found inadmissible, fairness does not require that the plaintiff be afforded a second chance to marshal other expert opinions to shore up the plaintiff's case. Filing 653 at 24. They contend that appointing an expert in this case would simply provide Plaintiffs with yet another "bite at the apple." Filing 653 at 25. Defendants contend that Judge Strom's finding of an FLSA violation as a matter of law does not mean that Plaintiffs are necessarily entitled to damages. Filing 653 at 27. Defendants point out that Plaintiffs did not object to an instruction in this case that jurors should determine "the amount due, if any" on the "short rest breaks" claim. Filing 653 at 27. Defendants also point to cases in which the Eighth Circuit Court of Appeals and this Court have dismissed FLSA claims for failure to offer evidence

of damages. Filing 653 at 27. Finally, Defendants contend that appointment of an expert will only cause further delay and additional prejudice to Defendants. Filing 653 at 28.

    *2. The Applicable Standards*

    Rule 706 of the Federal Rules of Evidence provides in pertinent part as follows:

> **(a) Appointment Process.** On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.

Fed. R. Evid. 706(a). "[T]he district court has discretion to decide whether to appoint such an expert. . . ." *Petrone II*, 42 F.4th at 969; *United States v. Juhic*, 954 F.3d 1084, 1087 (8th Cir. 2020) ("Rule 706 allows the district court to use its 'discretion to procure the assistance of an expert of its own choosing.'" (quoting *Sorensen ex rel. Dunbar v. Shaklee Corp.*, 31 F.3d 638, 651 (8th Cir. 1994))). The court may appoint expert witnesses "either of its own choosing or upon nomination by the parties under Fed.R.Evid. 706." *U.S. Marshals Serv. v. Means*, 724 F.2d 642, 648 (8th Cir. 1983) (*Means I*).

    Although district courts have discretion to appoint an expert, the consensus of district courts in this circuit is that "courts rarely exercise their authority under Rule 706, requiring extraordinary and compelling circumstances to justify appointing an expert witness under this rule." *Young v. Mayor of City of St. Louis*, No. 4:21-CV-776 RLW, 2022 WL 1591889, at *2 (E.D. Mo. May 19, 2022) (quoting *Houston v. Corizon Health Care*, 513 F. Supp. 3d 1100, 1101 (E.D. Mo. 2021), in turn citing *Malady v. Corizon*, No. 1:13CV80 SNLJ, 2013 WL 5835995, at *1–2 (E.D. Mo. Oct. 30, 2013)); *Barber v. Frakes*, No. 8:20CV282, 2022 WL 283037, at *1 (D. Neb. Jan. 31, 2022); *Holt v. Qualified Trucking Servs., Inc.*, No. 4:19-CV-00102-MTS, 2021 WL 3525179, at *1 (E.D. Mo. Aug. 11, 2021); *see also* Fed. R. Evid. 706, Advisory Comm. Note (stating "experience indicates that actual appointment is a relatively infrequent occurrence").

Well-respected commentators have observed that "Rule 706 provides no standard for determining when to appoint an expert." Wright & Miller, *29 Fed. Prac. & Proc. Evid.* § 6304 (2d ed.). However, they suggest that "the policy [of promoting accurate factfinding] underlying the provision supplies some guidance." *Id.* The same commentators suggest that "[t]he most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." *Id.*

Similarly, the Eighth Circuit Court of Appeals has explained that the Rule "permit[s] district courts to appoint independent experts to assist the court [to] understand complex and difficult issues." *Karsjens v. Piper*, 845 F.3d 394, 401 n.7 (8th Cir. 2017). The Seventh Circuit Court of Appeals recently provided a somewhat more comprehensive list of circumstances in which courts appoint experts pursuant to Rule 706:

> The purpose of a court-appointed expert is to assist the court in evaluating the evidence or deciding a fact in issue. The court may, for example, invoke the aid of an appointed expert to resolve the clash of ... warring party experts, to help the court evaluate the admissibility of a party's proffered expert opinion, to address ambiguities, confusion, or contradictions within the parties' opinion evidence, to supply an additional, independent viewpoint when one party has, whether for lack of resources or another reason, omitted to present expert opinion in support of its case, resulting in an incomplete or inadequate exposition of the issues, or to supply expert guidance that the parties themselves have neglected to provide on points that are material to the court's decision.

*Stevenson v. Windmoeller & Hoelscher Corp.*, 39 F.4th 466, 469–70 (7th Cir. 2022) (internal quotation marks and citations omitted).

The Seventh Circuit Court of Appeals observed that to obtain appointment of an expert by the court, a party "would have to show, for example, that the court's own consideration of the evidence or the issues presented was hampered by the lack of an independent expert to aid and guide the court in its evaluation of the case." *Id.* at 470. However, the court distinguished this situation from "the lack of partisan expert opinion to substantiate [a plaintiff's] claims," which

does not warrant appointment of an expert for the court. *Id.* Indeed, the Seventh Circuit Court of

Appeals also observed, "the language of the rule envisions a neutral expert ('[t]he court may

appoint any expert that the parties agree on and any of its own choosing'), and it is widely

understood that the job of a neutral, court-appointed expert is to serve the interests of the court

rather than those of any party." *Id*. at 470 (citing cases). As the same court observed in another

case,

> When a party seeks a court-appointed expert to fill a hole in that party's case,
> caution is especially warranted. The court may do so in an extraordinary case, . . .
> but the court should consider carefully whether appointing such an expert may
> undermine the court's neutrality. Courts should also consider how the expert will
> be compensated and the fairness, or lack of fairness, in ordering one party to bear
> the cost of compensating an expert whose opinion helps the other party build her
> case.

*Martin v. Redden*, 34 F.4th 564, 570 n.2 (7th Cir. 2022) (internal citations omitted).[4] Thus, where

appointing an expert incidentally helps a party, "a court should ensure that the purpose of the

expert's opinion is to aid the court, not the party seeking appointment." *Id*. at 569.

### 3. The Circumstances in This Case Do Not Warrant the Court's Appointment of an Expert

Notwithstanding Plaintiffs' contentions, the Court finds that this is not a case in which it is

appropriate to exercise its discretion to appoint an expert pursuant to Rule 706. *See Petrone II*, 42

F.4th at 969 (explaining that a district court has discretion to decide whether to appoint an expert

pursuant to Rule 706). This is so, even recognizing that the most important factor in favor of

appointing an expert is that the case involves a "complex" subject that is "beyond the trier-of-fact's

---

[4] The Eighth Circuit Court of Appeals has explained how such court-appointed experts are compensated:

> Compensation for court-appointed experts in civil actions such as this "shall be paid by the parties
> *in such proportion and at such time* as the court directs, and thereafter charged in like manner as
> other costs." Fed.R.Evid. 706(b) (emphasis added). The plain language of Rule 706(b) thus permits
> a district court to order one party or both to advance fees and expenses for experts that it appoints.

*U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1058 (8th Cir. 1984) (*Means II*). Thus, if the Court appoints an expert,
it could presumably allocate all the costs to Plaintiffs, as they suggest.

ability to adequately understand without expert assistance," Wright & Miller, *29 Fed. Prac. & Proc. Evid.* § 6304, and even recognizing that the Eighth Circuit Court of Appeals concluded that "without expert testimony, Plaintiffs would be unable to prove damages" in this case, *Petrone II*, 42 F.4th at 469. In this Court's view, the circumstances presented here are not so extraordinary or compelling as to justify appointment of a neutral expert. *See, e.g., Young*, 2022 WL 1591889, at *2 (citing cases requiring "extraordinary and compelling" circumstances to warrant appointment of an expert).

This case does not involve, for example, a clash of warring party experts, or an evaluation of the admissibility of a party's proffered expert opinion, or ambiguities, confusion, or contradictions within the parties' opinion evidence, where the Court has already determined that Plaintiffs' expert's untimely opinions must be excluded. *See Stevenson*, 39 F.4th at 469–70. An argument could be made that there is a need for an additional, independent viewpoint in this case because the exclusion of Plaintiffs' expert means that Plaintiffs cannot present expert opinion in support of their case, resulting in an incomplete or inadequate exposition of the damages issue. *See id.* at 470 (recognizing that appointment of an expert may be appropriate when, for one reason or another, a party "omitted to present expert opinion in support of its case, resulting in an incomplete or inadequate exposition of the issues."). Certainly, the lack of a Plaintiffs' expert is the result of Plaintiffs' neglect. *Id.* (also recognizing that appointment of an expert may be appropriate "to supply expert guidance that the parties themselves have neglected to provide on points that are material to the court's decision"). Nevertheless, the Court concluded above that there was no justification for that neglect. In the Court's view, this is a situation in which the lack of a partisan expert opinion to substantiate Plaintiffs' damages arises from Plaintiffs' failure to make a timely

disclosure of their essential expert's opinion, which simply does not warrant the Court's appointment of an expert. *Id.* at 470.

More specifically, where it is not unfair to exclude the untimely expert evidence pursuant to Rule 37(c)(1), as the Court determined above, fairness does not then require the Court to fill the hole in Plaintiffs' case. Instead, this is the kind of case where "caution is especially warranted." *Martin*, 34 F.4th at 570 n.2. Appointing an expert would seriously undermine the Court's neutrality because the Court would be undoing the "default" and appropriate sanction for Plaintiffs' untimely disclosure and thereby giving Plaintiffs another "bite at the apple" to Defendants' prejudice. *Id.* No matter how the Plaintiffs try to frame the matter, the Court finds that the purpose of appointment of an expert here is not to serve the interests of the Court but to serve the interests of Plaintiffs and not just incidentally but primarily and directly. *See Stevenson*, 39 F.4th at 470 (recognizing that appointment of an expert is to serve the interests of the court not a party); *Martin*, 34 F.4th at 569 (explaining that if appointing an expert incidentally helps a party, the court should ensure the purpose is to aid the court not the party).

Plaintiffs contend that where an employer's violations of the FLSA have already been established, Eighth Circuit precedent requires a district court to provide remedies to affected employees, regardless of whether the plaintiff employees' admissible evidence on damages is otherwise inadequate, citing *Brock v. Tony and Susan Alamo Foundation*, 842 F.2d 1018 (8th Cir. Mar. 28, 1988), *cert. denied*, 505 U.S. 1204 (1992). Filing 654 at 23. In *Brock*, the district court awarded damages in an FLSA case to plaintiffs who testified as to their unpaid compensation but not to other employees who were also improperly denied compensation but did not testify. 842 F.2d at 1019–20. The district court did not believe that there was credible evidence upon which to base an inference as to the identity of those other employees, the time period that they worked, or

the compensation they were due. *Id.* at 1019. The Eighth Circuit Court of Appeals held "that the district court must estimate and fashion a reasonable remedy that restores as fully as possible all the employees covered by the FLSA who were improperly denied compensation, regardless of the lack of records," leaving to the district court "the exact remedy." *Id.* The court held that the plaintiffs in that case were "not required to present each employee as a witness." *Id.* at 1020.

The Court agrees with Defendants that *Brock* is distinguishable, because the inadequacy of proof here is not because of inadequacy of Defendants' time records but because of Plaintiffs' own expert's errors and Plaintiffs' untimely disclosure of better expert evidence. Filing 653 at 28. There is also no unfair treatment of non-testifying Plaintiffs versus testifying Plaintiffs in this case, as there was in *Brock*, because there was no evidence to support any damages award for any Plaintiffs without the untimely expert evidence. More fundamentally, *Brock* does not discuss appointment of an expert pursuant to Rule 706, nor did the court in that case require expert evidence to prove the damages in question, because testimony of certain plaintiffs was sufficient to prove their damages. In the case now before the Court, the Court of Appeals has held that expert evidence is required to prove Plaintiffs' damages. *See Petrone II*, 42 F.4th at 469 ("Without expert testimony, Plaintiffs would be unable to prove damages" in this case). Again, the absence of such evidence is entirely down to Plaintiffs. Moreover, since *Brock* was decided, the Eighth Circuit Court of Appeals has held that an FLSA plaintiff "must still prove the existence of damages." *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 407 (8th Cir. 2013); *see also Guyton v. Tyson Foods, Inc.*, 767 F.3d 754, 762 (8th Cir. 2014) (holding that although plaintiffs claimed that they deserved some damages as a matter of law where they were not compensated for some activities, the jury properly found that the plaintiffs had failed to prove damages).

The Court finds that Plaintiffs' reliance on *Smith v. Jenkins*, 919 F.2d 90 (8th Cir. 1990), is also unavailing. Filing 654 at 25. In *Smith*, the Eighth Circuit Court of Appeals observed, "[W]e believe it would be incongruous to deny the nonmoving party the ability to present the necessary proof to withstand a motion for summary judgment—as the district court did here by denying the Rule 706 motion—and then grant summary judgment against the nonmoving party simply because the nonmoving party has failed to come forward with such proof." *Smith*, 919 F.2d at 93 n.4. In *Smith* a prisoner brought a claim of deliberate indifference to a serious medical need but no medical records were in the record and the record contained "virtually no evidence of the appropriate standard of care nor any indications whether [a doctor's] actions amounted to deliberate indifference as measured by that standard." *Id.* at 93. In this Court's view, there is a world of difference between denying appointment of an expert in a prisoner case where the prisoner has no ability to obtain his own expert, then granting summary judgment because of the lack of expert evidence, and a case like this one in which Plaintiffs were capable of timely disclosing adequate expert evidence but failed to do so, and then denying both appointment of an expert and granting judgment against them.[5]

Plaintiffs have not pointed to any circumstances that the Court finds warrant the extraordinary step of appointing an expert in this case pursuant to Rule 706.

### III. CONCLUSION

The Court has now performed the Rule 37(c)(1) analysis that was required in this case consistent with the opinion of the Eighth Circuit Court of Appeals and determined that exclusion

---

[5] Plaintiffs are correct that the District of Minnesota has observed, "Other Eighth Circuit decisions have suggested that a court may find compelling circumstances for the appointment of an expert where the expert is necessary for the claim to survive summary judgment." *Greene v. Lake*, No. 17-CV-3551 (NEB/ECW), 2018 WL 4590004, at *3 (D. Minn. Sept. 25, 2018); *see* Filing 654 at 25 (citing *Greene*). The cases cited in *Greene* involved indigent prisoners who could not provide their own experts. Moreover, in *Greene*, the court ultimately found "no 'compelling circumstances' to warrant appointing an expert." *Id.*

of Plaintiffs' untimely expert evidence is the appropriate sanction. Likewise, the Court has now performed the Rule 706 analysis that was required in this case consistent with the opinion of the Court of Appeals and determined that appointment of an expert is inappropriate. Because the Court of Appeals determined that Plaintiffs cannot prove damages in this case without expert evidence and they now have none, it follows that Plaintiffs are not entitled to a new trial and that judgment shall enter in favor of Defendants on all claims. Accordingly,

IT IS ORDERED that Plaintiffs' Motion for New Trial, Filing 610, is denied.

IT IS FURTHER ORDERED that Judgment shall enter in favor of Defendants and against Plaintiffs on all claims.

Dated this 10th day of January, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge

32