IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PHILIP PETRONE, *et al.*,

    Plaintiffs,

vs.

WERNER ENTERPRISES, INC., and
DRIVERS MANAGEMENT, LLC,

    Defendants.

8:11CV401
8:12CV307

**ORDER ON PLAINTIFFS' MOTION TO AMEND/REOPEN JUDGMENT AND DEFENDANTS' MOTION TO STRIKE**

    This case is now before the Court on Plaintiffs' February 6, 2023, Motion to Amend/Reopen Judgment Pursuant to Fed. R. Civ. P. 59 and/or for Relief Under Fed. R. Civ. P. 60, and for Defendants to Reimburse Plaintiffs the Vacated Sanction. Filing 658. The Motion asks the Court to reopen and revisit Plaintiffs' motion for a return of attorneys' fees that Judge Kopf ordered Plaintiffs to pay Defendants as a sanction for untimely identification of an expert witness. It is also before the Court on Defendants' February 13, 2023, Motion to Strike Filing No. 658 for Plaintiff's Failure to Comply with Local Rules. Filing 661.

    Defendants are correct that NECivR 7.1(a)(1)(A) requires a separate brief to be filed with a motion if the motion "rais[es] a substantial issue of law." *See* Filing 661 at 1. NECivR 7.1(a)(1)(B) provides that if no brief was filed, but "the court concludes that a motion raises a substantial issue of law," the court "may treat the failure to file a brief as an abandonment of the motion." Plaintiffs did not assert that no brief was required in support of their Motion nor did they otherwise state or suggest that their Motion raises no substantial issue of law. *See* Filing 658. In this case, the Court concludes that the issues raised in Plaintiffs' Motion are sufficiently substantial—particularly in light of the complicated history of this litigation—to warrant briefing. On the other hand, the Court concludes that treating all the issues raised in Plaintiffs' Motion as

1

abandoned or striking Plaintiffs' Motion would be unduly harsh. Instead, the Court will deny Plaintiffs' Motion without prejudice to reassertion in full compliance with all applicable rules and deny Defendants' Motion to Strike as moot. If Plaintiffs do not reassert their Motion within the time provided below, the time for appeal will run from the date of this Order. *See* Fed. R. App. P. 4(a)(4)(A) (the time for appeal runs from the entry of the order disposing of the last remaining listed motion, including a Rule 59 motion to alter or amend judgment); *Fletcher v. Tomlinson*, 895 F.3d 1010, 1025 (8th Cir. 2018) ("A case in which a timely Rule 59(e) motion has been filed lacks finality because the motion tolls the time limitation for appeal in order to provide the trial court with jurisdiction to resolve the motion. This tolling process encourages both correctness and finality." (internal quotation marks omitted) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

Accordingly,

1. Plaintiffs' February 6, 2023, Motion to Amend/Reopen Judgment Pursuant to Fed. R. Civ. P. 59 and/or for Relief Under Fed. R. Civ. P. 60, and for Defendants to Reimburse Plaintiffs the Vacated Sanction, Filing 658, is denied without prejudice to reassertion within seven (7) days of the date of this Order. If Plaintiffs do not reassert their Motion within seven (7) days of the date of this Order, the time for appeal will run from the date of this Order.

2. Defendants' February 13, 2023, Motion to Strike Filing No. 658 for Plaintiff's Failure to Comply with Local Rules, Filing 661, is denied as moot.

Dated this 13th day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge