IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP PETRONE, *et al.*,<br><br>        Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., and<br>DRIVERS MANAGEMENT, LLC,<br><br>        Defendants. | **8:11CV401**<br>**8:12CV307**<br><br>**MEMORANDUM AND ORDER ON<br>PLAINTIFFS' MOTION FOR<br>RECONSIDERATION<br>AND<br>PLAINTIFFS' MOTION TO EXTEND<br>TIME TO FILE NOTICE OF APPEAL** |

This case is now before the Court on Plaintiffs' Motion for Reconsideration and to Amend/Reopen Judgment and for Defendants to Reimburse Plaintiffs the Vacated Sanction (Motion for Reconsideration). Filing 665.[1] Plaintiffs seek an order from the Court directing Defendants to reimburse the monetary sanction that Judge Strom, who was previously assigned to this case, imposed on Plaintiffs pursuant to Federal Rule of Civil Procedure 37(c). Filing 666 at 1. Judge Strom had imposed a sanction of $61,222.14 in costs when he allowed a belated supplement to an expert's report. Filing 666 at 3. For the reasons set out below, Plaintiffs' Motion for Reconsideration is granted to the extent that Judge Strom's sanctions award is set aside, and Defendants must reimburse Plaintiffs the $61,222.14 imposed as a sanction. This case is also before the Court on Plaintiffs' Motion to Extend Deadline to File Notice of Appeal (Motion to Extend). Filing 675. For the reasons set out below, this Motion is also granted.

---

[1] All documents are identified by their docket number in Case No. 8:11cv401 and where appropriate by the docket page number rather than by the internal page number (*e.g.*, Filing 666 at 1).

## I.  INTRODUCTION

The Court issues this Order after filing its 32-page Order, Filing 656,[2] which it hoped would finally put this very old case to rest after two remands from the Eighth Circuit Court of Appeals and the undersigned judge being the third Federal District Judge to grapple with this case. Despite this hope, the undersigned judge is faced with yet another dispute regarding this old case, which was unfortunately made more difficult to resolve by Plaintiffs' initial failure to file a brief in support of the motion now before the Court.

In summary, this Court is faced with the question of whether Plaintiffs—who have now lost this case for a third time after almost a dozen years of litigation—should get back the $61,222.14 they paid as a sanction that Judge Strom imposed pursuant to Rule 37(c), even though that rule was unavailable to him at the time, to offset their success in convincing Judge Strom to erroneously grant them an expert report "redo" pursuant to Rule 16 after the expert deadline and deposition in this case.

In particular, Judge Strom's July 7, 2014, Order granted Plaintiffs the opportunity to provide an additional expert report pursuant to Rule 16 despite the fact that the expert report deadline had expired and the expert had already been deposed. The July 7, 2014, Order also included Judge Strom's finding that a monetary sanction pursuant to Rule 37(c) was appropriate and his direction that Defendants provide calculations of fees and costs expended. Judge Strom filed his July 29, 2014, Order awarding the $61,222.14 sanction after Defendants submitted their fees and expenses as directed by the July 7, 2014, Order. The Court will refer to the July 7, 2014, Order and the July 29, 2014, Order collectively as "the Sanctions Orders." The Eighth Circuit Court of Appeals concluded Judge Strom erred by allowing the revised expert report, where

---

[2] *Published at Petrone v. Werner Enterprises, Inc.*, No.8:11cv401, 2023 WL 144225 (D. Neb. Jan. 10, 2023).

Plaintiffs failed to show the good cause required by Rule 16, adding that Rule 37(c) was "unavailable" to Judge Strom at the time, and it vacated the July 7, 2014, Order in its entirety.

There can be no real dispute that Defendants incurred substantial expenses as a result of Judge Strom allowing Plaintiffs to redo their expert report after the deadline and expert depositions. Although the Court acknowledges Defendants had to perform legal work as a result of Judge Strom's July 7, 2014, Order, the reality is that the Order providing for the monetary sanction they received (and for the expert report redo) was vacated by the Eighth Circuit Court of Appeals in its entirety at the request of Defendants. Given the Eighth Circuit Court of Appeals vacated the Order in its entirety, as a matter of law, the Eighth Circuit necessarily vacated the sanctions award as well.

After considerable labor, this Court finds no legal basis for the Defendants to keep a sanction award authorized by an Order that was vacated by the circuit. Thus, Defendants must give it back.

## II. LEGAL ANALYSIS

### A. Waiver

The Court begins its analysis of Plaintiffs' Motion for Reconsideration with Defendants' procedural challenge to that Motion. Defendants argue that Plaintiffs waived their right to challenge Judge Strom's July 29, 2014, Order by failing to timely appeal that Order as part of their first appeal. Filing 669 at 5.

#### 1. The Parties' Arguments

Defendants argue that they cross-appealed Judge Strom's July 7, 2014, Order allowing amendment of the scheduling order, but neither party appealed the separate July 29, 2014, Order in which Judge Strom awarded $61,222.14 in costs to Defendants. Filing 669 at 5. Defendants point out that Plaintiffs do not acknowledge this issue or "cite to any case in which a party was

allowed to relitigate an issue during a second remand after failing to raise that issue during two earlier appeals." Filing 669 at 6.

Plaintiffs acknowledge that they "did not appeal the July 2014 Order," but as they appealed neither of Judge Strom's July 2014 Sanctions Orders, which one they mean is not immediately clear. Filing 673 at 1. Plaintiffs point out that although they did not appeal "the July 2014 Order," "Defendants appealed the order and the order was vacated." Filing 673 at 2. Plaintiffs expressly contend that the issue of return of the monetary sanction could not have been waived on the first round of appeals because that issue had not yet ripened prior to the determination on Defendants' cross-appeal that Judge Strom lacked the authority to impose a Rule 37(c) sanction. Filing 673 at 3. Plaintiffs argue that they were not required to cross-cross-appeal to address what might happen if Defendants' cross-appeal was successful. Filing 673 at 3–7.

2.    *Plaintiffs Did Not Waive the Return of the Sanction because the Issue Was Not Ripe and They Were Not Required to Cross-Cross-Appeal*

In support of their waiver argument Defendants point to the decision of the Eighth Circuit Court of Appeals in *Machecha Transport Company v. Philadelphia Indemnity Insurance Company*, 737 F.3d 1188 (8th Cir. 2013). Filing 669 at 6. In *Machecha*, the Eighth Circuit stated, "For over one hundred years, our court has repeatedly barred parties from litigating issues in a second appeal following remand that could have been presented in the first appeal." 737 F.3d at 1194. The Eighth Circuit then added, "As Judge Friendly from the Second Circuit observed, '[i]t would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.'" *Id.* at 1195 (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)).[3]

_____

[3] Defendants improperly attribute to the court in *Machecha* a statement that is actually set out in a footnote (which Defendants identify by the wrong footnote number) in a parenthetical to a case citation in a string citation of cases agreeing with Judge Friendly's statement. *Compare* Filing 669 at 6 ("As the Eighth Circuit has explained, **'[a]n issue**

Defendants ignore the key requirement of this bar, which is that an issue "that could have been presented in the first appeal" is forfeited from consideration post-appeal. *Id.* At the time of the first round of appeals in this case there was no basis for Plaintiffs to seek return of the monetary sanction they had paid pursuant to Judge Strom's Rule 37(c) ruling on the ground they now assert. In other words, as Plaintiffs contend, the issue of return of the monetary sanction because Rule 37(c) was unavailable to Judge Strom simply was not ripe at the time of the first appeal. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *WinRed, Inc. v. Ellison*, 59 F.4th 934, 947 (8th Cir. 2023) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). At the time of the first appeal in this case, a claim for return of the monetary sanction was contingent upon a determination that the sanction had been granted without legal authority, which might not have occurred at all. Consequently, the issue was not ripe for review at that time. *Id.*

Nor were Plaintiffs required to file a "cross-cross-appeal" or "protective cross-appeal" to address possible outcomes of Defendants' cross-appeal of Judge Strom's Sanctions Orders. The Eighth Circuit Court of Appeals has recognized that while the general rule is that a party cannot raise on a second appeal following remand an argument that could have been raised on the initial appeal, that rule is not unlimited. Instead, the Eighth Circuit has explained, "This prudential rule applies less rigidly against appellees, because doing so 'would motivate appellees to raise every possible alternative ground and to file every conceivable protective cross-appeal, thereby needlessly increasing the scope and complexity of initial appeals.'" *United States v. Bloate*, 655

---

that could have been but was not raised on appeal is forfeited.' *Machecha Transp. Co. v. Phil. Indemn. Ins. Co.*, 737 F.3d 1188, 1195 n. 5 (8th Cir. 2013) (emphasis added).")*, with Machecha*, 737 F.3d at 1195 n.6 (setting out in a string citation "*cf. Lindquist v. City of Pasadena*, 669 F.3d 225, 239–40 (5th Cir.2012) (making a distinction between the law-of-the-case doctrine and the waiver doctrine but nonetheless recognizing 'that an issue that could have been but was not raised on appeal is forfeited' and may not be considered 'during a second appeal') (internal quotation marks and citations omitted)").

F.3d 750, 754 (8th Cir. 2011) (quoting *United States v. Castellanos*, 608 F.3d 1010, 1019 (8th Cir. 2010)). More specifically,

> Although parties should present alternative arguments whenever sound strategy dictates, [a party] was not required to anticipate every possible outcome on appeal and formulate a responsive argument for each alternative. "[T]he principle that a party who failed to raise an argument in its initial appeal is held to have waived its right to raise that argument on remand or on a second appeal .... must be limited to issues appropriate to be raised on appeal." *Robinson v. Johnson*, 313 F.3d 128, 141 n. 5 (3d Cir.2002). "It does not require a party to raise an issue that had not been previously treated or even raised in the district court." *Id.* "Issues that arise anew on remand are generally within the scope of the remand." [*United States v.] Husband*, 312 F.3d [247,] 251 & n. 4 [(7th Cir.2002)]; *see also United States v. Morris*, 259 F.3d 894, 898 (7th Cir.2001) ("[O]n remand and in the absence of special circumstances, a district court may address only (1) the issues remanded, (2) issues arising for the first time on remand, or (3) issues that were timely raised before the district and/or appellate courts but which remain undecided.").

*Castellanos*, 608 F.3d at 1019. Thus, in the circumstances of the first round of appeals in this case, Plaintiffs were not required to anticipate every possible outcome on appeal and formulate a responsive argument for each alternative. *Id.* It was simply not appropriate for Plaintiffs to raise on the first appeals the issue of whether Plaintiffs were entitled to return of the monetary sanction imposed by Judge Strom pursuant to Rule 37(c) on the ground they now assert; that issue arose for the first time on the first remand in light of the Eighth Circuit's ruling that Rule 37(c) was unavailable to Judge Strom. *Id.*

Shortly after Plaintiffs filed their notice for the second appeal, Plaintiffs sought return of the monetary sanction before the district court in their Motion to Enforce Mandate and for Defendants to Return Plaintiffs the Vacated Sanction. *See* Filing 628.[4] Judge Smith Camp denied that Motion reasoning that "[t]his Court cannot continue to interpret the Eighth Circuit's mandate while Plaintiffs' appeal is pending." Filing 641 at 3–4. In the absence of a ruling by the district

---

[4] Prior to the second appeal, as part of their Motion for New Trial, Filing 610, Plaintiffs also argued that an issue before the Court was whether the Court would provide an alternative sanction other than exclusion when and if Plaintiffs attempted to use the expert's supplemental report at trial. *See* Filing 611 at 3.

court, the Eighth Circuit Court of Appeals would not have considered whether or not return of the sanction was required on the second appeal. *See, e.g., Devine v. Walker*, 984 F.3d 605, 606 (8th Cir. 2020) ("In the absence of a 'decision[ ] of [a] district court[ ],' 28 U.S.C. § 1291, we dismiss the appeal for lack of jurisdiction."); *Castellanos*, 608 F.3d at 1019 ("[T]he principle that a party who failed to raise an argument in its initial appeal is held to have waived its right to raise that argument on remand or on a second appeal . . . does not require a party to raise an issue that had not been previously treated or even raised in the district court." (citations omitted)). Also, Plaintiffs asserted on the second remand in their Supplemental Brief in Support of Motion for New Trial that the Court should admit the untimely expert opinions and reinstate Judge Strom's initial monetary sanction. *See, e.g.,* Filing 654 at 4. Until this Court denied Plaintiffs' renewed Motion for New Trial on the second remand and declined to reiterate the monetary sanction rather than exclude the expert's report pursuant to Rule 37(c) the parties could only speculate about whether return of the monetary sanction was ultimately necessary. *Cf. Castellanos*, 608 F.3d at 1019.

This Court concludes that Plaintiffs have not waived the issue of return of the monetary sanction, because that issue simply was not ripe until the second remand when this Court expressly rejected any Rule 37(c) sanction other than exclusion of the expert's supplemental report.

### B.  Improper and Untimely Rule 59(e) Motion

Defendants second challenge is in part a repackaging of their first procedural challenge. That second challenge focuses on the timing limitations and other limitations on Rule 59(e) motions.

#### 1.    *The Parties' Arguments*

Defendants argue that Plaintiffs cannot meet the standards for relief under Rule 59(e), because their Motion for Reconsideration "is a belated attempt to reassert arguments they could have renewed before judgment was entered for [Defendants]." Filing 669 at 7. They argue that

Judge Strom's Sanctions Orders are not "newly discovered evidence." Filing 669 at 7. They also assert that Plaintiffs could have reasserted their request for relief from Judge Strom's Sanctions Orders on the second remand before the Court entered judgment for Defendants. Filing 669 at 7. Defendants also argue that Plaintiffs' Motion for Reconsideration pursuant to Rule 59(e) is late because it was filed more than 28 days after the Judgment. Filing 669 at 8.

Plaintiffs argue that they did not raise the issue of return of the monetary sanction earlier because the magistrate judge's scheduling order on the second remand did not provide an opportunity to seek return of the sanction. Filing 673 at 12. Plaintiffs also argue that Rule 59(e) is an appropriate vehicle to raise an ancillary issue, such as the return of improperly imposed monetary sanctions. Filing 673 at 12. Plaintiffs argue that this issue is "sufficiently important" that it should be brought before the Court soon after judgment pursuant to the requirements of either Rule 59 or Rule 60. Filing 673 at 12. However, they argue that "because these types of motions are ancillary to the core judgment, there is no reason they should be required to be brought before judgment is entered." Filing 673 at 12. They also reiterate that they raised the issue of return of the monetary sanction on the first remand, but Judge Smith Camp declined to consider that issue because the second appeal was pending. Filing 673 at 13. As to the timeliness of their Motion for Reconsideration, Plaintiffs argue that the Court expressly gave permission for them to renew their Motion to Amend/Reopen in compliance with NECivR 7.1(a)(1)(B), so their Motion filed by the deadline set by the Court was timely. Filing 673 at 13. Plaintiffs argue that the Court's extension of time to refile the Motion with a brief did not deprive the Court of jurisdiction over the Motion. Filing 673 at 13.

> 2.     *Plaintiffs' Motion Is Properly a Rule 60(b) Motion Not a Rule 59(e) Motion because It Does Not Challenge the Judgment*

Defendants correctly identify the function of a Rule 59(e) motion, so far as they go. As the Eighth Circuit Court of Appeals has reiterated, "Motions under Rule 59(e) serve the limited

function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022) (internal quotation marks omitted) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)). Defendants are also correct that Rule 59(e) itself states, "A motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Eighth Circuit Court of Appeals holds that "Rule 59(e)'s 28–day time limit may not be extended," so that a district court's grant of an extension is "a nullity." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (citing Fed. R. Civ. P. 6(b)(2)). Defendants are also correct that Plaintiffs relied on Rule 59 and Rule 60 in their original Motion to Amend/Reopen, but Plaintiffs cite neither rule in their refiled Motion for Reconsideration, and they rely exclusively on Rule 59(e) in their supporting brief. *See* Filing 658; *see also* Filing 665; Filing 666.

However, both Plaintiffs and Defendants are astray when they assert that Plaintiffs' Motion for Reconsideration is pursuant to Rule 59(e). "Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (emphasis in original); *see also Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 (8th Cir. 2021) (noting that a motion under Rule 59(e) "is reserved for final judgments"). The Eighth Circuit Court of Appeals has explained that a motion to reconsider a non-final order is construed as "one under Rule 60(b)." *Kohlbeck*, 7 F.4th at 734 n.2 ("This court construes motions for reconsideration of non-final orders as motions under Rule 60(b). . . ." (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018))).

The matter on which Plaintiffs are seeking reconsideration here is not a "judgment." Rather, it is reconsideration of Judge Strom's Sanctions Orders imposing a monetary sanction of

$61,222.14 under Rule 37(c) for late disclosure of an expert witness report, without authority to do so. Thus, the applicable rule for a challenge to the non-final Sanctions Orders is Rule 60(b), not Rule 59(e). *Kohlbeck*, 7 F.4th at 734 n.2; *Williams*, 891 F.3d at 706. Plaintiffs' argument that their Motion for Reconsideration is pursuant to Rule 59(e) is not binding on the Court. Rather, the Motion for Reconsideration challenging a non-final order is properly construed as a Rule 60(b) motion. *Cf. Kohlbeck*, 7 F.4th at 734 n.2. Furthermore, Rule 60(b) has no time limit for the motion other than "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b). Thus, the denial of Plaintiffs' original Motion to Amend/Reopen, identified as pursuant to both Rule 59(e) and Rule 60(b), did not make untimely their Motion for Reconsideration—properly construed as a Rule 60(b) motion—refiled by the deadline set by the Court and within a reasonable time after the entry of the Judgment. Fed. R. Civ. P. 60(b).

Still more importantly, Plaintiffs Motion for Reconsideration addresses an ancillary or collateral issue. As the Eighth Circuit Court of Appeals has explained,

> "[F]ederal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (concluding that "a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply" and holding that Rule 59(e) was inapplicable "to the postjudgment fee request"); *cf. Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 489 (8th Cir.1992) (holding that motion for attorney's fees in Age Discrimination in Employment Act case "was not governed by Rule 59 and its [then] ten-day time limit"). "'[A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e).'" *White*, 455 U.S. at 452, 102 S.Ct. 1162 (alteration in original) (quoting *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir.1980)).

*Trickey v. Kaman Indus. Techs. Corp.*, 705 F.3d 788, 808 (8th Cir. 2013). Like an attorney fee claim, an award of attorney's fees as a sanction for failure to comply with disclosure requirements is a "legal issue[ ] collateral to the main cause of action," and one "to which Rule 59(e) was never

10

intended to apply." *Cf. White*, 455 U.S. at 451. In this case, even if the Court grants Plaintiffs the relief they seek, that relief does not imply a change in the judgment for Defendants and against Plaintiffs on all claims. *See Trickey*, 705 F.3d at 808; *see also* Filing 657 (Judgment). Instead, it merely seeks what is due because of the Eighth Circuit's judgment that Rule 37(c) was not available to Judge Strom and this Court's determination that the only Rule 37(c) sanction appropriate now is exclusion of the expert's supplemental report. *See id.*

Thus, the applicable standard here is the standard for relief under Rule 60(b). The Eighth Circuit has described Rule 60(b) as a rule that "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Williams*, 891 F.3d at 706 (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)). This is the standard the Court will apply to Plaintiffs' Motion for Reconsideration.

### C. The Meaning of the First Mandate

#### 1. *The Parties' Arguments*

Turning to the merits of the Motion for Reconsideration, Plaintiffs argue that they are entitled to reimbursement of the monetary sanction because the Eighth Circuit Court of Appeals vacated Judge Strom's sanction award as premised on an incorrect application of law and the monetary sanction has never been reimposed. Filing 666 at 6. They argue that the Eighth Circuit's clarification of its first mandate on the second appeal demonstrates that Rule 37(c) had not been triggered at the time that Judge Strom considered Rule 37(c) sanctions, but that Rule 37(c) had been triggered on the remand. Filing 666 at 7. Plaintiffs contend that Defendants miss the point by arguing that the Eighth Circuit's rulings did not change the facts on which Judge Strom relied in granting the sanction in the first place—duplication of work—so the sanction awarding expenses that Defendants would incur because the Court amended the scheduling order should stand. Filing 666 at 8. Plaintiffs argue instead that the sanction was based on expenses incurred because the

11

Court amended the scheduling order. Filing 666 at 8. Plaintiffs argue that the sole determination Judge Strom should have made was whether or not the scheduling order should be amended. Filing 666 at 9. They argue that no sanction is proper for seeking amendment of a scheduling order. Filing 666 at 8.

Anticipating that Defendants will reurge a prior argument, Plaintiffs contend that Defendants' reliance on *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 723–724 (8th Cir. 2008), is misplaced because Sherman involved sanctions pursuant to 28 U.S.C. § 1927 not Rule 37(c). Filing 669 at 9–10. Plaintiffs argue that unlike the situation in *Sherman*, the Eighth Circuit's ruling on the first appeals in this case set forth a different meaning and different consequences for the same unalterable facts addressed by Judge Strom. Filing 669 at 10. In essence, they argue that the sanction and the supplemental report "were two sides of the same coin," so where the report should not have been allowed the sanction must be vacated and the money returned. Filing 669 at 11.

Lastly, Plaintiffs argue that the second mandate from the Eighth Circuit Court of Appeals and this Court's rejection of a monetary sanction under Rule 37(c) when those sanctions were addressed in the proper context make clear that Judge Strom's monetary sanction must be vacated. Filing 666 at 11. Plaintiffs argue that the second mandate from the Eighth Circuit Court of Appeals makes clear that the Eighth Circuit "*essentially* reset the clock of the case to the motion to amend the scheduling order." Filing 666 at 11 (emphasis in the original). Thus, they argue that Judge Strom's fundamental error cannot be allowed to stand. Filing 666 at 12. Lastly, they ask the Court to reopen the judgment, resolve their Motion seeking reimbursement of the sanction, and order Defendants to return the vacated sanction. Filing 666 at 12.

Defendants do reurge their prior argument that return of the monetary sanction is contrary to Eighth Circuit case law set out in *Sherman*. Filing 669 at 8. Defendants read *Sherman* as holding that the Eighth Circuit's resolution of the leave to amend issue did not necessitate reversal of the

separate sanctions order but instead—as in *Sherman*—"reinforced the validity of the award." Filing 669 at 9 (quoting *Sherman*, 532 F.3d at 724). Defendants argue that the same logic applies with equal force here. Filing 669 at 9. Specifically, they argue, "The fact that the Eighth Circuit reversed Judge Strom's ruling extending Plaintiffs' expert deadline does not change the fact that [Defendants] had to duplicate work [they] had already done after Plaintiffs submitted that belated report." Filing 669 at 9–10. Defendants argue that as in *Sherman* the conclusion here that the extension of the expert deadline was without good cause simply reinforces the validity of the separate monetary sanction against Plaintiffs. Filing 669 at 10. Defendants reject Plaintiffs contention that the Court must now reevaluate the propriety of the sanctions award as though Judge Strom had never extended Plaintiffs' expert disclosure deadline, denied all pending motions without prejudice, and continued the trial. Filing 669 at 10. Instead, Defendants argue that Plaintiffs' untimely submission of their expert's corrected report after the deadline without good cause still resulted in Defendants incurring fees unnecessarily. Filing 669 at 10. Defendants then reject Plaintiffs' argument that it is significant that the authority for the sanctions in *Sherman*—28 U.S.C. § 1927—was different from Judge Strom's authority here—Rule 37(c). Filing 669 at 10. They contend that argument has not merit because Judge Strom's July 29, 2014, Order "does not cite Rule 37 as the basis for the award of sanctions." Filing 669 at 10. Consequently, Defendants argue that the sanction can be upheld under either the Court's inherent power or 28 U.S.C. § 1927. Filing 669 at 11–12.

In their Reply, Plaintiffs argue that a request to modify a scheduling order does not constitute the vexatious or abusive behavior or bad faith required to impose sanctions pursuant to 28 U.S.C. § 1927 or the Court's inherent power. Filing 673 at 8–10. They point out that Judge Strom made no findings that would support sanctions pursuant to these alternative authorities.

Filing 673 at 10. They argue that where Judge Strom lacked the authority to impose any sanction under the lesser standard in Rule 37, the sanction he imposed is void. Filing 673 at 11.

>    2.    *Defendants Misapprehend What Standards Are Applicable to Whether the Sanctions Orders Must Be Set Aside and the Monetary Sanction Returned*

Defendants' opposition is premised on the notion that Judge Strom's sanctions can stand based on other authority to impose sanctions under the facts even if Rule 37(c) was not available to Judge Strom. Filing 669 at 10–12. That is not the standard that the Court concludes is applicable here, however.

Rather, this Court finds that the applicable standards concern the interpretation of the mandate of the Eighth Circuit Court of Appeals on the first remand. As the Eighth Circuit Court of Appeals has explained,

>    "Under the law of the case doctrine, the district court [is] bound on remand to obey the Eighth Circuit's mandate and not to re-examine issues already settled by our prior panel opinion." *Thompson [v. Commissioner]*, 821 F.3d [1008,] 1011 [(8th Cir. 2016)]. "[W]hen a case has been decided by an appellate court and remanded for further proceedings, every question decided by the appellate court, whether expressly or by necessary implication, is finally settled and determined." *Id.*

*Wilson v. Lamp*, 995 F.3d 628, 634 (8th Cir. 2021); *In re Tri-State Fin., LLC*, 885 F.3d 528, 533 (8th Cir. 2018). Indeed, "[t]he mandate of the appellate court is completely controlling as to all matters within its compass, but on remand the trial court is free to pass upon any issue that was not expressly or impliedly disposed of on appeal." *In re Tri-State Fin., LLC*, 885 F.3d at 533. To put it another way, the district court "must carry [the mandate] into execution" and "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in light of the opinion of [appellate] court deciding the case." *Pearson v. Norris*, 94 F.3d 406, 409 (8th Cir. 1996) (citations omitted); accord *Thompson v. Comm'r*, 821 F.3d 1008, 1011 (8th Cir. 2016) (explaining that "the [trial] court on remand is bound by the [appellate] decree and must carry it into execution according to the mandate"). In the second appeal in this case, the Eighth

Circuit Court of Appeals explained that "[i]nterpretation of an appellate mandate is a legal issue which we review de novo." *Petrone v. Werner Enterprises, Inc.*, 42 F.4th 962, 968 (8th Cir. 2022) (*Petrone II*) (quoting *United States v. Parks*, 700 F.3d 775, 777 (6th Cir. 2012)).

Because the Court must consider the Eighth Circuit's mandate "in light of the opinion of [the appellate] court deciding the case," *Pearson*, 94 F.3d at 409, the Court will reprise the key parts of the Eighth Circuit's decision on the first round of appeals in this case in *Petrone v. Werner Enters., Inc.*, 940 F.3d 425 (8th Cir. 2019) (*Petrone I*). *See also* Filing 594. In *Petrone I*, the Court of Appeals found that "Rule 37(c)(1) was unavailable to the district court" at the time Judge Strom imposed sanctions. 940 F.3d at 434. The Court of Appeals explained,

> [B]y its terms, Rule 37(c)(1) applies only when a party fails to comply with Rule 26(a) and then seeks to use the information "on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) says nothing about its applicability when a court considers a motion, pursuant to Rule 16(b), to amend a progression order and extend the deadline for Rule 26 disclosures.

*Petrone I*, 940 F.3d at 435. Thus, the Court of Appeals concluded,

> [T]he district court, having found no good cause for extension of the Rule 16(b) disclosure deadline to permit the late disclosure of Plaintiffs' new expert report, abused its discretion in granting Plaintiffs' motion to modify the progression order and to allow disclosure of the new expert report after the court-imposed deadline.

*Petrone I*, 940 F.3d at 435–36. After concluding that the error was not harmless, the Court of Appeals "vacate[d] the judgment and remand[ed] the case to the district court for proceedings consistent with this opinion." *Id.* at 436.

The Court of Appeals did not expressly vacate either of Judge Strom's Sanctions Orders. That is not dispositive, however, because "every question decided by the appellate court, whether expressly or by necessary implication, is finally settled and determined." *Wilson*, 995 F.3d at 634 (citation omitted). The Court concludes that a "necessary implication" of the determination by the Court of Appeals that "Rule 37(c)(1) was unavailable to the district court" when Judge Strom relied on it, *see Petrone I*, 940 F.3d at 434, is that any sanction imposed by Judge Strom pursuant

to Rule 37(c)(1) was legally erroneous and an abuse of discretion as well. The Court of Appeals did expressly remand the case to this Court "for proceedings consistent with this opinion." *Id.* at 436. Vacating and returning the monetary sanction awarded pursuant to Rule 37(c)(1) for which there was no legal authority is plainly "consistent" with the opinion of the Court of Appeals that Rule 37(c)(1) was "unavailable" at the time that sanction was awarded. *Id.* at 434. Even if vacating and returning the sanction is not required by the letter of the mandate, it is certainly consistent with the "spirit of the mandate construed in light of the opinion of [the appellate] court deciding the case." *Pearson*, 94 F.3d at 409.

Under these circumstances, the Court concludes that Plaintiffs have established exceptional circumstances warranting the extraordinary relief of setting aside Judge Strom's Sanctions Orders pursuant to Rule 60(b). *Williams*, 891 F.3d at 706 (stating the standard). In the absence of a convincing counterargument, Defendants will be required to return the funds improperly awarded by Judge Strom as a Rule 37(c) sanction.[5]

### 3. *Judge Strom's Sanctions Orders Do Not Suggest He Invoked Any Authority other than Rule 37(c)(1) to Impose Monetary Sanctions*

Defendants do assert counterarguments. First, Defendants argue that Judge Strom's July 29, 2014, Order awarding the monetary sanction does not cite Rule 37(c)(1) as the basis for the award, so the sanctions can be upheld pursuant to inherent authority of the Court or 28 U.S.C. § 1927. Filing 669 at 10. This argument is at best a misdirection.

In Judge Strom's July 7, 2014, Order, the sole authority for sanctions he identified was Rule 37(c)(1). *See* Filing 275 at 4, 6. Judge Strom stated that he was "inclined to invoke the discretion granted by Rule 37(c)(1) to fashion a lesser sanction than exclusion." Filing 275 at 6.

---

[5] Plaintiffs have not requested any interest on the amount paid as a sanction. The Court further notes that given the circumstances, the Court would be hard pressed to find legal authority or argument why any interest award would be appropriate even if interest had been requested.

16

He also directed Defendants to "submit for the Court's consideration all costs incurred as a result of the late submission of plaintiffs' supplemental expert report." Filing 275 at 7. This direction paraphrases Rule 37(c)(1)(A)'s authorization for a court to order, "[i]n addition to or instead of" the sanction of exclusion of evidence under Rule 37(c)(1), "payment of the reasonable expenses, including attorney's fees, caused by the failure [to comply with disclosure requirements in Rule 26(a) or (e)]." Fed. R. Civ. P. 37(c)(1)(A). It follows that if Judge Strom did not identify an alternative to Rule 37(c) sanctions when he ultimately imposed a sanction then the sanction would necessarily be pursuant to Rule 37(c).

That said, the Court does not agree with Plaintiffs' description of the imposition of a sanction in an order separate from the order determining that a sanction was appropriate as a "procedural peculiarity." Filing 673 at 3. Instead, Judge Strom could not properly determine what the "reasonable expenses, including attorney's fees, caused by the failure" were without some evidence. Thus, it was prudent—so far as it went—and not unusual in this Court's experience for Judge Strom to wait until after Defendants submitted supporting evidence to determine the amount of the anticipated monetary sanction to impose pursuant to Rule 37(c)(1).

The Court is also unpersuaded for another reason by Defendants' misleading argument that it is significant that Judge Strom did not refer to Rule 37(c)(1) in the July 29, 2014, Order actually imposing the monetary sanction. In the opening sentence of the July 29, 2014, Order, Judge Strom stated,

> This matter is before the Court on defendant Werner Enterprises' submission of fees and expenses (Filing No. 278 in 8:11CV401; Filing No. 182 in 8:12CV307). The submission was filed in response to the Court's order (Filing No. 275 in 8:11CV401; Filing No. 179 in 8:12CV307) requesting costs incurred as a result of the late submission of plaintiffs' supplemental expert report.

Filing 283 at 1. This statement makes clear that Judge Strom was relying on his prior determination that a lesser sanction than exclusion pursuant to Rule 37(c)(1) was the basis for the monetary

award; indeed, Judge Strom again paraphrased the language of Rule 37(c)(1)(A) concerning a monetary sanction based on expenses incurred. Filing 283 at 1; *see also* Fed. R. Civ. P. 37(c)(1)(A) (authorizing the award of the "reasonable expenses . . . caused by the [Plaintiffs'] failure").

Interestingly, Judge Strom then stated,

> Rather than wait until the additional costs for experts, legal research, and brief writing have actually been incurred, defendants have chosen to submit their expenses now -- relying on a summary statement of the costs incurred in producing the original expert analysis and legal work. Some of the original work will undoubtedly be re-used when defendants file motions in accordance with the new scheduling order. However, a summary of the original work is not conducive to a highly accurate assessment of the work that will need to be duplicated or that could have been avoided had plaintiffs filed their full expert report in a timely manner.

Filing 283 at 2. This statement again indicates that the basis for the monetary sanction was Rule 37(c)(1)(A). It also indicates that Judge Strom had noticed that Defendants had not followed the letter of his July 7, 2014, Order concerning what evidence Defendants should submit to support a sanctions award. That failing forced Judge Strom to make the best determination he could from the evidence presented of the "reasonable expenses . . . caused by the [Plaintiffs'] failure." Fed. R. Civ. P. 37(c)(1)(A); *see also* Filing 283 at 2 (explaining that the evidence Defendants provided was "not conducive to a highly accurate assessment of the work that will need to be duplicated or that could have been avoided"). One consequence of Defendants' choice of evidence was that Judge Strom determined that the costs submitted should be reduced by certain percentages. Filing 283 at 3 ("The Court finds that all costs submitted by defendants should be reduced by 75%, except that the costs associated with the Brief in Opposition to Motion to Modify Progression Order should be reduced by only 25%."). This adjustment to approximate the costs Defendants would incur for the work that would need to be duplicated or that could have been avoided had Plaintiffs filed their full expert report in a timely manner is a further indication that Rule 37(c)(1)(A) was the only authority for the monetary sanction on which Judge Strom relied. Fed. R. Civ. P. 37(c)(1)(A) (authorizing the award of the "reasonable expenses . . . caused by the [Plaintiffs']

18

failure"). In contrast, nothing in Judge Strom's July 29, 2014, Order remotely suggests that the monetary award was based on any authority other than Rule 37(c).

For additional reasons, the Court is unpersuaded by Defendants' argument that the sanctions could have been imposed pursuant to some other authority. The Advisory Committee's Comments to the 2000 Amendment to Rule 37(c)(1) state,

> When this subdivision [(c)(1)] was added in 1993 to direct exclusion of materials not disclosed as required, the duty to supplement discovery responses pursuant to Rule 26(e)(2) was omitted. In the face of this omission, courts may rely on inherent power to sanction for failure to supplement as required by Rule 26(e)(2), *see 8 Federal Practice & Procedure § 2050* at 607-09, but that is an uncertain and unregulated ground for imposing sanctions. There is no obvious occasion for a Rule 37(a) motion [compelling discovery] in connection with failure to supplement, and ordinarily only Rule 37(c)(1) exists as rule-based authority for sanctions if this supplementation obligation is violated.

Fed. R. Civ. P. 37(c)(1) advisory committee's note to 2000 Amendment. Where Rule 37(c)(1) had "ordinarily" been the "only" authority for sanctions for failure to timely supplement discovery responses, the lack of an express citation to any other authority strongly suggests that the only authority for Judge Strom's award was Rule 37(c)(1).

Moreover, the inherent authority to sanction a party requires a showing of "bad faith." *See, e.g.*, *Schlafly v. Eagle Forum*, 970 F.3d 924, 937 (8th Cir. 2020). While Judge Strom concluded that Plaintiffs lacked a "substantial justification" for their delay in disclosing the expert's supplemental report, Filing 275 at 5, that does not equate with a finding of "bad faith." *See, e.g.*, *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018) (upholding a Rule 37(c)(1) sanction for lack of "substantial justification," even though there was "no hint of bad faith on the part of Vanderberg's counsel"). Thus, there is no basis in Judge Strom's Sanctions Orders to allow the monetary sanction to stand based on inherent authority where authority was lacking under Rule 37(c)(1). Similarly, while Defendants assert that monetary sanctions based on attorney's fees can be imposed pursuant to 28 U.S.C. § 1927 against a person "who so multiplies

19

the proceedings in any case unreasonably and vexatiously," see 28 U.S.C. § 1927, they have cited no authority equating "so multipl[ying] the proceedings in any case unreasonably and vexatiously" with a single failure to timely disclose a supplemental expert's report shortly after the deadline for disclosure of experts that lacked a "substantial justification" within the meaning of Rule 37(c).[6]

Where vacating the Sanctions Orders based on Rule 37(c) is necessarily implied by the mandate on the first remand, and Judge Strom's Sanctions Orders do not suggest any other authority for sanctions or any circumstances warranting sanctions under other authorities, return of the monetary sanction is required by the mandate.

> 4.     *Return of the Monetary Sanction is Not Contrary to Circuit Precedent*

The last argument that the Court must consider is Defendants' argument that Plaintiffs' demand for return of the monetary sanction is contrary to *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 723-724 (8th Cir. 2008). The Court concludes that Defendants are attempting to pound the square peg of the circumstances of this case into the round hole of the circumstances in *Sherman* in which the Eighth Circuit Court of Appeals upheld a district court's award of sanctions even though the Eighth Circuit reversed the district court's decision allowing an untimely amendment of the scheduling order.

In *Sherman*, the district court allowed the defendant to amend its answer to assert an affirmative defense more than seventeen months after the deadline to amend pleadings. 532 F.3d at 713. The district court found that allowing the amendment was "somewhat prejudicial" and that

---

[6] The decision of the Eighth Circuit Court of Appeals in *Sherman*—discussed in more detail below—is not such a case. Plaintiffs here attempted to amend the scheduling order to permit disclosure of their expert's supplemental report two-and-a-half months after Plaintiffs' deadline to disclose experts and the expert's disclosure, *see* Filing 145 at 2 (setting Plaintiffs' expert disclosure deadline); Filing 186 (expert disclosure), and a week after the expert was deposed, Filing 234 (motion to extend deadline for expert's report); Filing 275 at 2 (identifying the date of the expert's deposition). These circumstances are a far cry from the delay of over seventeen months before amendment of an answer to assert an additional affirmative defense that the defendant had known about for six months before seeking leave to amend in *Sherman*. 532 F.3d at 713.

the delay before seeking leave to amend was "unwarranted." *Id.* (quoting the district court). As the

Eighth Circuit explained,

> In an attempt to mitigate the prejudice resulting from the belated amendment, the district court permitted the Shermans to file a supplementary brief on the preemption issue; allowed the Shermans to seek leave to conduct additional discovery; permitted the Shermans to seek relevant time extensions; and invited the Shermans to file a motion for attorney's fees and costs incurred as a result of the belated amendment. The district court subsequently awarded the Shermans $32,019.87 in attorney's fees, costs, and other expenses based on 28 U.S.C. § 1927, which permits the award of fees if an attorney "multiplies the proceedings in any case unreasonably and vexatiously."

*Sherman*, 532 F.3d at 713.

On appeal, the Shermans argued that "the district court erred by applying the wrong

standard in ruling on Winco's motion to amend its answer, which was filed well after the Rule 16

scheduling deadline for amending the pleadings." *Id.* at 714. The Eighth Circuit Court of Appeals

explained that the primary measure of the "good cause" required to amend a pleading under Rule

16(b) is the movant's diligence in attempting to meet the scheduling order's requirements. *Id.* at

716. The court then concluded that the district court's order allowing the defendant's untimely

amendment of its answer to assert an affirmative defense could not be read consistently with the

good-cause standard in Rule 16(b). *Id.* at 717. As the Eighth Circuit explained,

> Winco's argument that the district court effectively applied and found good cause for the modification of the scheduling order is also at odds with the district court's attorney's fees award. The award of attorney's fees was based on 28 U.S.C. § 1927, which—in the words of the district court—"provides for ... attorney's fees against an attorney who so multiplies the proceedings in any case unreasonably and vexatiously." (WA at 74.) Thus, the very basis for the district court's fee award was Winco's lack of diligence in seeking to amend its answer. For these reasons, we conclude that the district court did not implicitly apply Rule 16(b)'s good cause standard when ruling on Winco's motion to amend, and erred by failing to do so.

*Sherman*, 532 F.3d at 717. The court concluded that the absence of good cause required the further

conclusion that the district court abused its discretion in allowing the defendant to amend its

answer after the scheduling deadline and that error was not harmless requiring reversal. *Id.* at 718.

21

In the next part of the decision in *Sherman* that is relevant here, the Eighth Circuit Court of Appeals addressed the defendant's cross-appeal of the district court's award of attorney's fees. *Id.* at 723. The defendant argued that because the district court abused its discretion by allowing the belated amendment, the attorney's fees award should be reversed and vacated. *Id.* The Eighth Circuit reversed and vacated a portion of the attorney's fee award for reasons not relevant here. *Id.* The relevant part of the decision addressed the defendants' argument "that a reversal of the district court's decision allowing the amendment requires a reversal of the related fee award." *Id*. The Eighth Circuit reasoned as follows:

> The district court based its award of attorney's fees on § 1927, which authorizes a district court to require an attorney to reimburse the excess costs and attorney's fees reasonably incurred by the opposing party as a result of an attorney's "unreasonable[ ]" and "vexatious[ ]" "multipli[cation] of the proceedings." That statutory authority for the award of attorney's fees focuses on the conduct of the movant's opposing counsel. Here, Winco's counsel has not multiplied the proceedings to any lesser degree and its conduct is no less "unreasonabl[e]" and "vexatious[ ]" just because we conclude in part II that the district court improperly permitted Winco to amend its answer. Winco's untimely pleading of the preemption defense after the scheduling deadline, without good cause to do so, still caused the Shermans to incur fees unnecessarily. Our resolution of the amendment issue above does not undermine the district court's statutory rationale for the remaining $16,593.50 portion of the fee award in any way; rather, it reinforces the validity of the award. Accordingly, we affirm the award in the amount of $16,593.50.

*Sherman*, 532 F.3d at 723–24.

There are superficial similarities between the circumstances in *Sherman* and the circumstances presented here. For example, in both cases the Eighth Circuit held that the district court erroneously allowed an amendment of the scheduling order despite the lack of the required "good cause" finding. *See id.* at 717; *Petrone I*, 940 F.3d at 434. Although the Eighth Circuit upheld related monetary sanctions against the party that sought the untimely amendment in *Sherman*, 532 F.3d at 723–24, this Court concludes that *Sherman* does not require the Court to allow Judge Strom's monetary sanctions award to stand.

22

Contrary to Defendants' assertions, the difference in the authority for the sanctions in the two cases does matter. *Contra* Filing 669 at 10. In *Sherman*, the authority for the sanctions was 28 U.S.C. § 1927, *see Sherman*, 532 F.3d at 713, but the district court's error was application of the wrong standard for amendment of the scheduling order to allow untimely amendment of the answer under Rule 16(b), *id.* at 716. As the Eighth Circuit explained in *Sherman*, even though the order allowing amendment of the scheduling order was vacated because it did not comply with Rule 16(b), that did not remove the district court's authority to sanction the defendant under § 1927 for vexatiously multiplying the proceedings. *Id.* at 723. In that case, the Eighth Circuit pointed out that the defendant did not argue that the district court improperly awarded sanctions pursuant to § 1927 in the first instance. *Id.* In contrast, Plaintiffs' argument here is precisely that the district court improperly awarded sanctions pursuant to Rule 37(c)(1) because the Court of Appeals held that Rule 37(c)(1) was unavailable to Judge Strom as the authority for sanctions. Filing 666 at 6. Plaintiffs are correct that the Eighth Circuit Court of Appeals held in this case that Rule 37(c)(1) was "unavailable" to Judge Strom. *Petrone I*, 940 F.3d at 434. The necessary implication of that conclusion is that Judge Strom could not properly award sanctions in this case pursuant to Rule 37(c)(1). Also, for the reasons explained above Judge Strom made no findings sufficient to support sanctions under any other authority, such as § 1927 or the court's inherent authority.

In the circumstances presented here, return of the monetary sanction for lack of authority for the award is not contrary to Eighth Circuit law as set out in *Sherman*. Consequently, the Court reiterates its conclusion that Plaintiffs have established exceptional circumstances warranting the extraordinary relief of setting aside Judge Strom's order awarding sanctions pursuant to Rule 60(b). *Williams*, 891 F.3d at 706 (stating the standard). Defendants will be required to return the funds awarded by Judge Strom as a Rule 37(c) sanction where Rule 37(c) was not available to Judge Strom.

### D. Extension of the Appeal Deadline

The second motion before the Court is Plaintiffs' Motion to Extend Deadline to File Notice of Appeal (Motion to Extend). Filing 675. Defendants oppose such an extension. Filing 679.

*1.    The Parties' Arguments*

Plaintiffs argue that if their time to appeal expired on March 15, 2023, which is thirty days after the Court's February 13, 2023, Order denying their Motion to Amend/Reopen without prejudice, then their Motion to Extend filed on March 27, 2023, was a timely request for extension of the deadline to appeal under Federal Rule of Appellate Procedure 4(a)(5)(A). Filing 676 at 2. Plaintiffs state that although they believe that their deadline to appeal is tolled until the Court rules on their refiled Motion for Reconsideration, they seek to forestall an argument by Defendants that an appeal filed after that ruling would be untimely. Filing 676 at 2. Plaintiffs argue that good cause exists to extend the deadline for appeal if it expired March 15, 2023, because they acted in good faith reliance on the Court's instructions to reassert their post-judgment motion by the deadline the Court specified. Filing 676 at 3.

Defendants argue that Plaintiffs have not made the showings required by Federal Rule of Appellate Procedure 4(a)(5)(A) to permit such an extension. Filing 679 at 1. First, however, they argue that Plaintiffs' refiled Motion for Reconsideration is untimely and did not further toll Plaintiffs' deadline to file a notice of appeal. Filing 679 at 2. Defendants argue that only a Rule 59 or Rule 60 motion filed within 28 days of the judgment tolls the running of the time to appeal, but the refiled Motion for Reconsideration was not filed within that time. Filing 679 at 2. Defendants argue further that the Court was without authority to extend the deadline even though the Court gave Plaintiffs seven days to refile their motion. Filing 679 at 2–3. As to the requirements to extend the time to appeal, Defendants contend that Plaintiffs' "inadvertence, ignorance, or misconstruction of the rules does not establish excusable neglect or good cause for extending

24

Plaintiffs' deadline to appeal." Filing 679 at 3. Defendants argue that extending Plaintiffs' appeal deadline would only serve to condone and encourage carelessness and inattention in practice before the federal court and render the filing deadline set in Federal Rule of Appellate Procedure 4(a)(1) a nullity. Filing 679 at 4. Defendants argue that Plaintiffs cannot show good cause because their failure to file a timely appeal was completely within their control. Filing 679 at 4. Defendants argue that the Court should not tolerate Plaintiffs' attempt to blame the Court for their failure to file a timely appeal. Filing 679 at 4–5.

   *2.      Discussion*

   Judgment entered on the second remand from the Eighth Circuit Court of Appeals on January 10, 2023. Filing 657. On February 6, 2023, 27 days after the Judgment, Plaintiffs filed their original Motion to Amend/Reopen. Filing 658. In an Order filed February 13, 2023, the Court observed that Plaintiffs' Motion to Amend/Reopen was not accompanied by a brief as required under local rules when a motion "rais[es] a substantial issue of law." Filing 663 at 1 (citing NECivR 7.1(a)(1)(A)). The Court concluded that the Motion to Amend/Reopen raised such a "substantial issue of law," so that a brief was required. Filing 663 at 1. Although NECivR 7.1(a)(1)(B) provides that the Court "may treat the failure to file a brief as an abandonment of the motion," the Court determined that treating the Motion to Amend/Reopen as abandoned for want of a brief would be unduly harsh. Filing 663 at 2. Instead, the Court denied the Motion to Amend/Reopen without prejudice to reassertion within seven days of the date of denial in full compliance with all applicable rules. Filing 663 at 2. The Court added, "If Plaintiffs do not reassert their Motion within seven (7) days of the date of this Order, the time for appeal will run from the date of this Order." Filing 663 at 2. Thus, it is clear that the Court did not consider that its denial of the original Motion to Amend/Reopen without prejudice had disposed of the last post-judgment motion starting the running of the time for appeal. *See* Fed. R. App. P. 4(a)(4)(A). Plaintiffs filed

their Motion for Reconsideration, Filing 665, with an accompanying brief on February 20, 2023, at the deadline set by the Court but 41 days after the Judgment.[7]

The Court agrees with both Plaintiffs' and Defendants' position that the deadline to file an appeal would have expired on March 15, 2023, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A) if the time for appeal ran from this Court's February 13, 2023, Order. Filing 675 at 2. Plaintiffs are also correct that Rule 4(a)(5)(A) permits the district court to extend the time to file a notice of appeal "if (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Filing 675 at 1 (citing Fed. R. App. P. 4(a)(5)(A)).

Where Plaintiffs' Motion to Extend was filed on March 27, 2023, within thirty days of March 15, 2023, the Motion to Extend is timely pursuant to Rule 4(a)(5)(A). The Court therefore turns to whether Plaintiffs can show good cause or excusable neglect for their failure to meet the March 15, 2023, deadline if that date was indeed the deadline to appeal. Fed. R. App. P. 4(a)(5)(A). "[Courts] consider four circumstances relevant in determining whether neglect is excusable: 'the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Gould on behalf of St. Louis - Kansas City Carpenters Reg'l Council v. Bond*, 1 F.4th 583, 588 (8th Cir. 2021) (quoting *Lowry*

---

[7] As explained above, the refiled Motion for Reconsideration is properly construed as pursuant to Rule 60(b) even though it expressly relied on Rule 59(e). Thus, the 28-day deadline for filing of a Rule 59(e) motion, which cannot be extended, does not apply to the Motion for Reconsideration. That means that the Motion for Reconsideration is not untimely despite being filed 41 days after the Judgment. On the other hand, Plaintiffs' deadline to appeal was not tolled because a post-judgment motion pursuant to Rule 60 filed more than 28 days after the judgment does not toll the time for appeal under Federal Rule of Appellate Procedure 4(a)(4)(A). As explained in the body of this decision, the timeliness of Plaintiffs' appeal does not turn on the date the Motion for Reconsideration was filed but on the timeliness of their Motion to Extend and whether they can satisfy the other requirements under Federal Rule of Appellate Procedure 4(a)(5)(A).

*v. McDonnell Douglas Corp.*, 211 F.3d 457, 462 (8th Cir.), *cert. denied*, 531 U.S. 929 (2000)). In this case, the length of the delay and its impact on judicial proceedings do not counsel against an extension. The present Motion was filed less than two weeks after the nominal March 15, 2023, deadline expired, and that brief delay has minimal impact on judicial proceedings in either this Court or on appeal. *Id.* (second circumstance). As to the reason for the delay, *id.* (third circumstance), Plaintiffs' reliance on the pronouncements of this Court as tolling the time for appeal was reasonable and in good faith. The Court had stated that it would consider Plaintiff's refiled post-judgment motion if it was reasserted within 7 days of the Court's denial without prejudice of the original motion, and that the time to file a notice of appeal would only run from February 13, 2023, if the post-judgment motion was not refiled by the deadline. Filing 675 at 2. Plaintiffs' belief that the deadline to appeal remained tolled during the pendency of the refiled post-judgment motion was thus reasonable and in good faith. Plaintiffs' delay in filing an appeal because of the Court's statements was also essentially beyond Plaintiffs' control. *Gould,* 1 F.4th at 588.

As to prejudice to Defendants, see *id.* (first circumstance), Plaintiffs argue that there will be none from permitting the brief extension allowed by Rule 4(a)(5)(A). Filing 676 at 4. They suggest, for example, that the Court could have held their original Motion to Amend/Reopen in abeyance and simply ordered more briefing instead of denying the original Motion without prejudice, which would not have cast doubt on whether the time to appeal was tolled. Filing 676 at 4. With the benefit of hindsight, the Court agrees that confusion about the time to appeal could have been avoided had the Court taken that course. More importantly, where it should have been plain that the Court's intent was that the time to appeal would not run before the Court ruled on Plaintiffs' refiled post-judgment motion, Defendants are not prejudiced by clarification of the deadlines at this point. Just as importantly, Defendants cannot plausibly claim prejudice where the

Motion to Extend was filed so soon after the putative March 15, 2023, deadline to appeal and within the time provided by Rule 4(a)(5)(A) and where Defendants were aware that the Court had granted leave to refile the post-judgment motion. It would certainly be unfair for Defendants to lie in the weeds assuming that the February 13, 2023, Order started the time to appeal running, then claim prejudice from a purportedly untimely appeal only after litigating the refiled Motion for Reconsideration.

Thus, the Court concludes that the Motion to Extend should be granted.

Plaintiffs are also correct that Rule 4(a)(5) does not appear to allow the Court to grant an extension of the time to appeal until after the Court ultimately resolves their refiled Motion for Reconsideration no matter how long after Judgment that might be. *See* Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."). Nevertheless, where the Court is granting the Motion to Extend now, the deadline to appeal is now April 28, 2023, or 14 days after the date of this Order, "whichever is later." *Id.*

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1.     Plaintiffs' Motion for Reconsideration and to Amend/Reopen Judgment and for Defendants to Reimburse Plaintiffs the Vacated Sanction (Motion for Reconsideration), Filing 665, is granted to the extent that Judge Strom's award of $61,222.14 to Defendants as a sanction pursuant to Rule 37(c)(1) without legal authority is set aside, and Defendants are required to return that monetary sanction; and

2.      Plaintiffs' Motion to Extend Deadline to File Notice of Appeal (Motion to Extend),

Filing 675, is granted, and the parties shall have to and including April 28, 2023, or 14 days after

the date of this Order, whichever is later, to file any Notice of Appeal.

Dated this 14th day of April, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge